# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| KING LINCOLN BRONZEVILLE NEIGHBORHOOD ASSOCIATION, et al., : : : Plaintiffs, : : v. : : J. KENNETH BLACKWELL, et al., : : Defendants. : | JUDGE ALGENON L. MARBLEY  Case No. C2 06 745 |

## DEFENDANT J. KENNETH BLACKWELL SECRETARY OF THE STATE OF OHIO'S MOTION FOR A MORE DEFINITE STATEMENT

Now comes Defendant, J. Kenneth Blackwell, Secretary of the State of Ohio, by and through counsel, and pursuant to Fed. R. Civ. P. 12(e) hereby moves this Honorable Court to order Plaintiffs to provide a more definite statement. A Memorandum in Support is attached.

Respectfully submitted,

**JIM PETRO    (0022096)**
**ATTORNEY GENERAL OF OHIO**


/S/ Larry H. James
**Larry H. James          (0021773)**
**Christina L. Corl       (0067869)**
Crabbe, Brown & James
500 South Front Street, Suite 1200
Columbus, OH  43215
Tel:    (614) 228-5511
Fax:    (614) 229-4559
e-mail: ljames@cbjlawyers.com
        ccorl@cbjlawyers.com
*Counsel for Defendant J. Kenneth Blackwell*
*Ohio Secretary of State*

294324

-1-

**Richard N. Coglianese**     (0066830)
Deputy Attorney General
Ohio Attorney General
Constitutional Offices Section
30 East Broad Street, 16th & 17th Floors
Columbus, OH  43215
Tel:    (614) 466-2872
Fax:    (614) 728-7592
e-mail: rcoglianese@ag.state.oh.us

**MEMORANDUM IN SUPPORT**

**I.     INTRODUCTION.**

Plaintiffs in this case, several individuals and organizations, filed this action seeking various declarations and injunctions against Defendant Secretary of State Blackwell and 100 "John Does" in regard to the conduct of the 2004 Presidential election.  Plaintiffs bring this action with four (4) separate claims against (presumably) 101 defendants, all of which (presumably) had some role in the conduct of the 2004 Presidential election.

The larger part of Plaintiffs' Complaint consists of conclusory allegations unencumbered by any supporting facts.  The most glaring example is contained in the fourth claim in Plaintiffs' Complaint, specifically that Defendant Secretary Blackwell has participated in an overarching conspiracy to deprive the Plaintiffs of their constitutional rights.  However, Plaintiffs neglect to identify the 100 or so persons with whom they allege the Secretary has conspired.

For the reasons set forth below, Defendant Secretary Blackwell now moves this Court pursuant to Fed. R. Civ. P. 12(e) for a more definite statement.

## II.   LEGAL ANALYSIS.

A Motion for a More Definite Statement may be filed when "a pleading . . . is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e).  The Civil Rules require a plain statement of the claim " . . . that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." **Conley v. Gibson**, 355 U.S. 41, 47; 78 S. Ct. 99 (1957)(citations omitted).  The plaintiffs must provide enough detail in the complaint " . . . respecting all the material elements to sustain a recovery." **Scheid v. Fanny Farmer Candy Shops Inc.**, (6th Cir. 1998) 859 F.2d 434, 436.

In the present case, as stated above, Plaintiffs have brought this cause of action naming Secretary Blackwell as a defendant in both his official and individual (presumably) capacities[1], along with 100 other "John Doe" defendants alleged to have conspired with Secretary Blackwell. Among the other allegations against the Defendants in this case are those contained in Paragraphs 8 and 9 of the Complaint as follows:

> . . . Under the color of State Law, Defendant Blackwell conspired to commit and in fact did, in a selective and discriminatory manner, under (sic) allocate voting resources, purge voter registrations, and implement a provisional ballot system during the 2004 Presidential election, depriving and continuing to deprive Ohioans of their Constitutional right to vote, and denying them equal protection of their right to vote.

*   *   *

---

[1] It certainly is not clear whether Secretary Blackwell has been sued in both his official and individual capacities.  In the caption of the lawsuit, Plaintiffs name Secretary Blackwell in his official capacity only. However, in the body of the Complaint (Paragraph 8) Plaintiffs allege suit against Secretary Blackwell in his individual capacity as well. Obviously this is an important point, specifically in the context of the affirmative defenses of absolute and/or qualified immunity.

>John Does 1-100 are public Election Officials and Private Contractors ("Election Officials") who provided services to Ohio, whose identity is presently unknown to plaintiffs who conspired to commit and in fact did, in a selective and discriminatory manner, purge voter registrations, insufficiently allocate voting resources, administered a system of provisional ballots, and broke the bi-partisan change of custody of ballots, during the 2004 Presidential election and in prior elections.

Plaintiffs' Complaint (attached hereto as Exhibit "A"), ¶¶ 8 and 9.

Plaintiffs' Complaint goes on to allege:

> Voting machines were unevenly distributed, disenfranchising minority voters. Upon information and belief, Defendants selectively and discriminatorily designed and implemented procedures for the allocation of voting machines in a manner to create a shortage in the number of machines for certain urban precincts wherein large numbers of African American voters resided. (Complaint ¶19).

\* \* \*

> Accurate precinct boundaries did not exist on Election Day, disenfranchising minority voters. (Complaint ¶ 20).

\* \* \*

> Malfunctioning voting machines were kept in operation in minority precincts. (Complaint ¶ 21).

\* \* \*

> African-American voters were disproportionately assigned provisional ballots and those ballots were disqualified at higher rates than in nearby white-majority precincts. (Complaint ¶ 22).

\* \* \*

> Provisional ballot rules were enforced in minority districts but not applied to voters in white-majority precincts. (Complaint ¶ 23).

\* \* \*

Voter purges targeted precincts with high concentration (sic) of minority voters. (Complaint ¶ 24).

\* \* \*

Defendant Blackwell selectively and discriminatorily devised a system of provisional voting whereby African Americans voters were disparately impacted and not allowed to have their votes counted. (Complaint ¶ 27).

\* \* \*

Defendants, at all times acting under color of state law, have created and implemented election policies and practices that unfairly and substantially burden certain voters, in particular African American voters, from larger urban areas and young student voters, both from voting and from having their votes, if cast, counted and tabulated as are the votes of other voters. (Complaint ¶ 41).

\* \* \*

Acting under color of state law, Defendants have created and implemented policies and practices that deprive eligible Ohio citizens, including individual plaintiffs, of their liberty interests in voting and do so without due process before or after an election. (Complaint ¶ 44).

\* \* \*

Acting under the color of state law, defendants conspired and agreed to violate plaintiffs' rights secured under the process and the equal protection clauses of the Fourteenth Amendment and under the Thirteenth Amendment of the United States Constitution. (Complaint ¶ 46).

\* \* \*

At all times herein the defendants conspired to act and did act pursuant to that conspiracy to violate the rights of the plaintiffs, secured by the Constitution and laws of the United States, as set forth above. (Complaint ¶ 48).

(See Exhibit "A").

While Plaintiffs have developed an interesting theory, they have not provided enough detail or factual allegations to either allow Secretary Blackwell to respond to the conclusory allegations or to raise appropriate and pertinent affirmative defensives. The most conspicuous omission of detail is the inability on the part of Plaintiffs to identify any of the 100 "John Does" named as defendants in the Complaint. Paragraph 9 of Plaintiffs' Complaint states that the John Does are "Public Election Officials and Private Contractors . . . who provided services to Ohio . . ." Plaintiffs go on to repeatedly allege that Secretary Blackwell engaged in a far-reaching conspiracy with these unknown individuals to deprive Plaintiffs of their constitutional rights. However, without providing even one single name of the alleged conspirators, Secretary Blackwell is hard-pressed to frame an appropriate response. For instance, should Plaintiffs identify one of the John Does as a person with whom Secretary Blackwell is acquainted, Secretary Blackwell could simply deny that any alleged "conspiracy" or stifling of constitutional rights has occurred. However, if Plaintiffs name as a co-conspirator an individual upon whom the Secretary has never laid eyes, the form of the Defendant's denial would be distinctly different.

Simply put, Plaintiffs have alleged the existence of a conspiracy, yet have only identified one participant. It is difficult to envision a conspiracy consisting of only one co-conspirator, but Plaintiffs apparently expect Secretary Blackwell to respond to just such an allegation.

Similarly, Plaintiffs repeatedly allege that Secretary Blackwell, acting in concert with the unknown defendants "implemented procedures," "devised a system," "created and implemented election policies and practices," and "designed and implemented a voter suppression strategy . . ." (See Plaintiffs' Complaint, ¶¶18, 26, 44, and 46). However, Plaintiffs provide no description whatsoever as to what "policies and practices" Plaintiffs refer. For instance, do these alleged

policies take the form of Statutes? If so, a certain response and certain defenses would apply. Do these policies and practices take the form Advisories and/or Directives issued by the Secretary's office? If so, a certain response and certain defenses would apply. Are these alleged policies written or unwritten? What was the Secretary's alleged role in the conspiracy to implement policies and practices? Did the Office of the Secretary draft these policies or did another unidentified conspirator? As the Court can see, the allegations as set forth by Plaintiffs make it very difficult for Secretary Blackwell to formulate appropriate or accurate responses.

Also, Plaintiffs have (apparently) attempted to allege that certain specific activities or occurrences took place at unidentified locations and at unidentified times. For example, Plaintiffs allege that certain discriminatory conduct took place at "certain urban precincts wherein large numbers of African American voters resided," that "accurate precinct boundaries did not exist on Election Day . . .," "malfunctioning voting machines were kept in operation in minority precincts . . .," "African-American voters were disproportionately assigned provisional ballots and those ballots were disqualified at higher rates that in nearby white-majority precincts," "provisional ballot rules were enforced in minority districts but not applied to voters in white-majority precincts," and "voter purges targeted precincts with high concentration of minority voters." (See Plaintiffs' Complaint, ¶¶ 19, 20, 21, 22, 23, and 24). However, Plaintiffs never go on to identify to which "districts" and "precincts" Plaintiffs refer.[2] Without specific information as to where specific acts were alleged to have occurred, it is impossible for Secretary Blackwell to investigate and/or

---

[2] Plaintiffs hint at some "examples" of the alleged districts and precincts where such conduct is claimed to have occurred. ("Cuyahoga County and Lucas County for example")(Plaintiffs' Complaint, ¶ 24). However, it is impossible for Defendant Blackwell to ascertain whether these "examples" are intended to be all inclusive.

formulate an appropriate response.

Wherefore, Defendant J. Kenneth Blackwell, Secretary of the State of Ohio, respectfully requests this Honorable Court to grant his Motion pursuant to Fed. R. Civ. P. 12(e) for a more definite statement. Specifically, the Secretary requests that the Court order Plaintiffs to provide specific information regarding the following:

1. With whom Secretary Blackwell is alleged to have conspired (identification of John Does 1-100);

2. To identify the particular "policies and practices," whether written or unwritten, that Secretary Blackwell and his anonymous co-conspirators were alleged to have promulgated;

3. To identify the specific "precincts" and "districts" to which Plaintiffs refer in the Complaint in regard to the their allegations of specific wrongdoing at these unknown locations; and

4. Clarify whether Plaintiffs intend to name Defendant Blackwell in his individual or official capacity.

Respectfully submitted,

**JIM PETRO   (0022096)**
**ATTORNEY GENERAL OF OHIO**

/S/ Larry H. James
**Larry H. James              (0021773)**
**Christina L. Corl           (0067869)**
Crabbe, Brown & James
500 South Front Street, Suite 1200
Columbus, OH  43215
Tel:   (614) 228-5511
Fax:   (614) 229-4559
e-mail: ljames@cbjlawyers.com
        ccorl@cbjlawyers.com
*Counsel for Defendant J. Kenneth Blackwell*
*Ohio Secretary of State*

           **Richard N. Coglianese (0066830)**
           Deputy Attorney General
           Ohio Attorney General
           Constitutional Offices Section
           30 East Broad Street, 16th & 17th Floors
           Columbus, OH 43215
           Tel:   (614) 466-2872
           Fax:  (614) 728-7592
           e-mail: rcoglianese@ag.state.oh.us

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that a copy of the foregoing was served upon all counsel of record via the Court's electronic filing system on September 21, 2006.

           /S/ Larry H. James
           **Larry H. James**