# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| KING LINCOLN BRONZEVILLE NEIGHBORHOOD ASSOCIATION, et al., | : : : | |
| Plaintiffs, | : | CASE NO. C2:06-0745 |
| v. | : : | JUDGE ALGENON MARBLEY |
| J. KENNETH BLACKWELL, et al., | : : | MAGISTRATE JUDGE KEMP |
| Defendants. | : | |

## MOTION TO INTERVENE BY THE STATE OF OHIO

Ohio Attorney General Jim Petro, on behalf of the State of Ohio, moves to intervene in this case pursuant to Civ. R. 24(a), Civ. R. 24(b), and 28 U.S.C. Section 2403(b), in order to defend the constitutionality of R.C. 3501.01, *et seq.*, Ohio's Voter Identification Statutes ("Voter ID Law"). A Memorandum in Support of this motion is attached. Also attached is a "Proposed Answer" setting forth the claims and defenses of the State of Ohio, as required by Civ. R. 24(c).

Respectfully submitted,

JIM PETRO
OHIO ATTORNEY GENERAL

/s/ Sharon A. Jennings
SHARON A. JENNINGS (0055501)
HOLLY J. HUNT (0075069)
Assistant Attorneys General
Constitutional Offices Section
30 East Broad Street, 17th Floor
Columbus, Ohio 43215-3428
(614) 466-2872
(614) 728-7592 (fax)
*Counsel for Proposed Intervenor*
*State of Ohio*

**MEMORANDUM IN SUPPORT**

I.  **INTRODUCTION**

This action originated as a challenge to certain alleged irregularities in the 2004 presidential election. However, on October 9, 2006, Plaintiffs[1] amended their complaint to include a challenge to Ohio's new Voter ID Law. *See* Amended Complaint, ¶¶ 88-172, 209-222, 237. Accordingly, the Attorney General now seeks to intervene on behalf of the State of Ohio in order to defend the constitutionality of Ohio's Voter ID Law and to present the views of the General Assembly regarding this law. This Court should grant this motion to intervene as the State of Ohio has interests that differ from those of the Secretary of State, given the different roles of the Secretary and the General Assembly regarding the Voter ID Law. The State of Ohio has an interest in defending the constitutionality of the statutes enacted by the General Assembly, while the Secretary's primary interest is in administering these statutes and all others that apply to elections in Ohio. Accordingly, the State of Ohio should be permitted to intervene for the purpose of defending the Voter ID Law.

II.  **STATEMENT OF FACTS**

The Voter ID Law was enacted as part of HB 3, which was signed by the Governor on January 31, 2006. Although portions of the Bill took effect prior to the May 2006 election, the Voter ID Law did not take effect until June 1, 2006.

In their Amended Complaint, Plaintiffs challenge a number of specifically identified statutes regarding voter identification. Amended Complaint, ¶237. Notably, Plaintiffs challenge

---

[1] Plaintiffs are the King Lincoln Bronzeville Neighborhood Association, the Ohio Voter Rights Alliance For Democracy, the League of Young Voters/Columbus, the Rainbow Push Coalition, the Columbus Coalition For The Homeless, Willis Brown, Paul Gregory, Miles Curtiss, Matthew Segal, Harvey Wasserman, and Gloria Kilgore, who sue individually and as class representatives.

each of these statutes as enacted by the General Assembly, and the Amended Complaint includes no allegations challenging any actions that the Secretary has taken to implement these statutes. Nevertheless, the only State Defendant is the Secretary of State, who is named due to his position as the chief elections officer in Ohio.[2] Plaintiffs seek to enjoin the Secretary of State from enforcing the Voter ID Provisions, which they allege violate the following provisions of the U.S. Constitution: the Fourteenth and Twenty-Fourth Amendments, which prohibit poll taxes; the right to privacy guaranteed by the Fourteenth and First Amendments; the right to be free from unreasonable search and seizures guaranteed by the Fourteenth and Fourth Amendments; and the right to vote regardless of gender guaranteed by the Fourteenth and Nineteenth Provisions of the U.S. Constitution.[3] *See* Complaint, ¶¶ 209-222.

To the contrary, these statutes do no more than require voters to provide some form of identification at their polling place (with a long list of suitable alternative forms of identification designed to ensure that no voter is denied the right to vote). If the voter does not have identification available, then he or she may vote provisionally, and provide identification later. Thus, the State of Ohio asserts that these statutes are fully constitutional. This Court should grant this motion to intervene so that the constitutionality of these statutes will receive the most comprehensive briefing possible.

---

[2] The other Defendants are the Ohio Republican Party; Robert T. Bennett, Chair, Cuyahoga County Board of Elections and State Chair, Republican State Central and Executive Committee of Ohio; Matthew M. Damschroder, Director, Franklin County Board of Elections; Samuel Hogsett, Technician for Election Systems & Software; and Daniel Bare, former Director, Clermont County Board of Elections.

[3] The Amended Complaint asserts numerous other causes of action, but these are the only ones that include a reference to the provisions of HB 3.

### III. LAW AND ARGUMENT

This Court should grant this motion to intervene pursuant to Civil Rule 24, either as of right and or as permissive intervention.

#### A. The State of Ohio Has A Right To Intervene In This Action.

The State of Ohio should be granted the right to intervene pursuant to Civil Rule 24(a) because of the statutory right of the State of Ohio to intervene in cases in which the constitutionality of a State statute is at issue. Civil Rule 24(a) provides that, upon timely application, anyone shall be permitted to intervene in an action: (1) when a statute of the United State confers an unconditional right to intervene; or (2) when the person seeking to intervene claims an interest relating to the action and is so situated that the disposition of the action may impair that person's ability to protect that interest, unless existing parties adequately represent the applicant's interest. In this case, Civil Rule 24(a)(1) supports a right to intervene.

The State of Ohio has a right to intervene pursuant to Civil Rule 24(a)(1) because a federal statute, 28 U.S.C. § 2403(b), grants the State of Ohio a right to be heard on the constitutionality of the Voter I.D. Law. That section provides that "in any action, suit, or proceeding in a court of the United States to which a State or any agency, officer, or employee thereof is not a party, wherein the constitutionality of any statute of that State affecting the public interest is drawn in question, the court shall certify such fact to the attorney general of the State, and shall permit the State to intervene for presentation of evidence, if evidence is otherwise admissible in the case, and for argument on the question of constitutionality." While this is not a case in which the duty to certify arises or the statute strictly applies because there is a State officer, the Secretary of State, who is already a party in the case, nevertheless the State of Ohio invokes its independent right to intervene as consistent with the spirit of 28 U.S.C. § 2403(b).

The purpose of the statute is to guarantee that the State of Ohio has an opportunity to be heard when the constitutionality of a statute is at issue, and this case indisputably concerns the constitutionality of a statute very important to the General Assembly.

> **B.     If This Court Does Not Find A Right To Intervene, Then It Should Permit The State Of Ohio To Intervene.**

Furthermore, if this Court finds that the State does not have the right to intervene, then the Court should grant the motion pursuant to Civil Rule 24(b). Civil Rule 24(b)(2) provides that upon timely application anyone may be permitted to intervene in an action "when an applicant's claim or defenses and the main action have a question of law or fact in common." The rule further provides that "[i]n exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Under these standards, the State of Ohio should be permitted to intervene.

First, this application is timely. The Complaint was amended only two weeks ago, and the Defendants' answer date is not until November 1, 2006.

Second, the State of Ohio's defenses share common questions of law and fact with Plaintiffs' claims against the Voter ID Law. Plaintiffs allege that the statutes are unconstitutional; the State of Ohio will present the General Assembly's views and evidence regarding why the statutes are constitutional, and is in a better position to make those arguments than the Secretary of State, because the evidence is within control of the General Assembly and the General Assembly is better situated to address any questions regarding statutory interpretation and legislative intent that may arise.

Finally, granting the State of Ohio the opportunity to intervene at this extremely early juncture will not create any delay, nor will it prejudice any other party's rights, given the fact that intervention is sought solely to present evidence and arguments on the constitutionality of

the Voter ID provisions. Indeed, the intervention of the State of Ohio should be favored, because of the opportunity for the Court to hear the unique viewpoint of the General Assembly regarding the enactment of this statute.

As such, this Court should permit the Attorney General to intervene on behalf of the State of Ohio in order to defend the constitutionality of the Voter ID Law.

## III. CONCLUSION

For these reasons, the State of Ohio asks the Court to grant its motion to intervene in this matter.

Respectfully submitted,

JIM PETRO
OHIO ATTORNEY GENERAL


/s/ Sharon A. Jennings
SHARON A. JENNINGS (0055501)
HOLLY J. HUNT (0075069)
Assistant Attorneys General
Constitutional Offices Section
30 East Broad Street, 17th Floor
Columbus, Ohio 43215
Telephone: 614-466-2872
Fax: 614-728-7592
*Counsel for Proposed Intervenor*
*State of Ohio*

# CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of October, 2006, the foregoing Motion to Intervene was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. I further certify that a copy of the foregoing has been served by facsimile upon all parties for whom counsel has not yet entered an appearance and upon all counsel who have not entered their appearance via the electronic system.

/s/ Sharon A. Jennings
Sharon A. Jennings