## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

King Lincoln Bronzeville Neighborhood
Association, et al.

                         **Case No. C2 06 745**

                Plaintiffs,

v.

                         **Judge Algenon Marbley**

J. Kenneth Blackwell, et al.

                         **Magistrate Judge Kemp**

                Defendants.

### MOTION FOR EXPEDITED HEARING ON PLAINTIFFS' REQUEST FOR A PRELIMINARY INJUNCTION AND
### MOTION TO TREAT CASES AS RELATED OR IN THE ALTERNATIVE TO CONSOLIDATE CASES UNDER FED. R. CIV. P. 42 AND FOR EXPEDITED HEARING

      Plaintiffs respectfully move this court to hold an expedited hearing on plaintiffs' request for a preliminary injunction set forth in its amended complaint.

      Plaintiffs further respectfully move this Court for an order treating this captioned case and *The Northeast Ohio Coalition for the Homeless, et al. v. Blackwell*, Case No. C2 06 896 filed in this Court yesterday as related, i.e., re-assigning the latter case from the presently assigned judge to this one, or, in the alternative, under Fed. R. Civ. P. 42 to consolidate those cases before this Court. Given the imminent arrival of the November 7 election—and more to the point given the fact that early voting in Ohio is already underway, Plaintiffs request an expedited hearing on this issue.

                                         Respectfully Submitted,

                                         By: /S/ Clifford O. Arnebeck, Jr.
                                         Clifford O. Arnebeck, Jr. (0033391)
                                         (*arnebeck@aol.com*)

341 South Third Street, Ste. 10
Columbus, Ohio 43215
Phone: (614) 224-8771
Fax: (614) 224-8082
Trial Attorney for Plaintiffs


_____Henry W. Eckhart (0020202)
*(henryeckhart@aol.com)*
50 W. Broad St., #2117
Columbus, Ohio 43215
Phone: (614) 461-0984
Fax: (614) 221-7401
Co-Counsel


OF COUNSEL:
Robert J. Fitrakis (0076796)
*(truth@freepress.org)*
341 S. Third St., Ste. 10
Columbus, Ohio 43215
Phone: (614) 253-2571
Fax: (614) 224-8082

**MEMORANDUM IN SUPPORT**

**Facts**

Plaintiffs here filed their amended complaint on October 9, 2006. Included at that amended complaint are several pages of allegations concerning the unconstitutionality of Ohio's voter-identification statutes, as recently enacted.[1]

On October 24, 2006, *Northeast Ohio* Plaintiffs filed their case. Virtually the entire complaint (attached as Exhibit 1), which like this one seeks preliminary- and permanent-

---

[1] Am. Comp. at ¶¶ 107-172.

2

injunctive relief centers around the constitutionality of Ohio's voter-identification laws.[2] Just as a few examples, both complaints allege

- Vagueness in the language of the voter-identification statutes,[3]

- That the vagueness in the statutes will vest too much discretion in the hands of election officials,[4]

- The chilling effect that the criminalization of voters' efforts to comply with the problematic statutes will have on the right to vote.[5]

On October 23, 2006, the State of Ohio moved to intervene in this case solely to defend the constitutionality of the voter-identification laws. It remains unclear whether they will take similar action in the *Northeast Ohio* case.

**Argument**

**I. This Court Should Treat the Cases as Related Because They Are in Fact Related and Because the Plaintiffs in *The Northeast Ohio Coalition for the Homeless* ("*Northeast Ohio* Plaintiffs") Designated the Case as Related When Filing.**

---

[2] *The Northeast Ohio Coalition for the Homeless, et al. v. Blackwell*, U.S. Dist. Ct. S.D. Ohio
[3] *Compare* Am. Comp. at ¶ 125 (notice pleading alleging that voter-identification law language provides insufficient notice to electors or poll workers as to what i.d.s may be valid to register to vote) *with Northeast Ohio* Compl. at ¶¶ 10-62 (entire section alleging same thing in more detail: that new voter-identification are confusing, vague, and impossible to apply and giving examples).
[4] *Compare* Am. Comp. at ¶ 126-27 (alleging that voter-identification vests too much discretion in election officials) *with Northeast Ohio* Compl. at ¶¶ 17-62 (entire section alleging that election officials, vested with too much discretion, are applying inconsistent interpretations of the law).
[5] *Compare* Am. Comp. at ¶ 128-33 (alleging intimidating nature of criminal sanctions for violating confusing law) *with Northeast Ohio* Compl. at ¶¶ 87-89 (same).

This Court provides no guidance in its local rules as to how a case is transferred as related. On information and belief, based on the experiences of other members of the local bar, this Court routinely transfers related cases from the second judge that draws a case related to the first judge who drew a similar case if the judges agree that the cases are related. On information and belief, on the rare occasion that there is a dispute, the chief administrative judge of the Court decides the issue.

This case, however, is not a close call as far as "relatedness" goes. One dictionary defines the word "related" as broadly as "[b]eing connected, associated."[6] By that simple definition, or even a more exacting one that looks at the particular facts and claims in that case and this one, these cases are related. Indeed, *Northeast Ohio* Plaintiffs designated their case upon filing as related on their civil-cover sheet.

Yet, inexplicably, the Court failed to transfer the case in keeping with the regular practice in this Court. Plaintiffs respectfully request that the Court treat these cases—however controversial—as it would other cases.

This is not an academic matter for Plaintiffs here. An adverse ruling in *Northeast Ohio* would harm Plaintiffs' position in this case. Furthermore, the State of Ohio may ultimately get two cracks at arguing the same issues before two different judges of this Court simultaneously, while Plaintiffs will only get one opportunity. Finally, Plaintiffs will be prejudiced by the possibility that the matters that they brought to this Court's attention will be disposed of by another judge in this Court without Plaintiffs having the opportunity to be heard.

---

[6] Available at http://www.thefreedictionary.com/related (last accessed on Oct. 24, 2006).

The judge in this case should thus hear both cases.

II. **In the Alternative, This Court Should Consolidate the Cases Under Fed. R. Civ. P. 42.**

Fed. R. Civ. P. 42 provides that when "actions involving a common question of law or fact are pending before the court . . . it may order all the actions consolidated." As explained above, these cases involve common questions of law *and* fact. Thus, this Court may order consolidation. Plaintiffs' counsel here have consulted with counsel for the *Northeast Ohio* plaintiffs, and they state that the do not oppose consolidation, so long as the Court would be willing to bifurcate handling of all parties' claims regarding the voter-identification laws from the rest of the claims.

For the reasons stated above, Plaintiffs here would be prejudiced if the Court does not consider these matters together.

**Conclusion.**

For the foregoing reasons, this Court should enter an order treating this captioned case and *The Northeast Ohio Coalition for the Homeless, et al. v. Blackwell*, Case No. C2 06 896 filed in this Court yesterday as related, i.e., re-assigning the latter case from the presently assigned judge to this one, or, in the alternative, under Fed. R. Civ. P. 42 to consolidate those cases before this Court. Given the imminent arrival of the November 7 election—and more to the point given the fact that early voting in Ohio is already underway, Plaintiffs request an expedited hearing on this issue and for the purpose, among other things, of proceeding with the hearing on Plaintiffs' request for a preliminary injunction as set forth in the amended complaint on the grounds set forth therein and evidence to be adduced at the hearing .

5

Respectfully Submitted,

By: /S/ Clifford O. Arnebeck, Jr.
Clifford O. Arnebeck, Jr. (0033391)
(*arnebeck@aol.com*)
341 South Third Street, Ste. 10
Columbus, Ohio 43215
Phone: (614) 224-8771
Fax: (614) 224-8082
Trial Attorney for Plaintiffs

Henry W. Eckhart (0020202)
*(henryeckhart@aol.com)*
50 W. Broad St., #2117
Columbus, Ohio 43215
Phone: (614) 461-0984
Fax: (614) 221-7401
Co-Counsel

OF COUNSEL:
Robert J. Fitrakis (0076796)
*(truth@freepress.org)*
341 S. Third St., Ste. 10
Columbus, Ohio 43215
Phone: (614) 253-2571
Fax: (614) 224-8082

## CERTIFICATE OF SERVICE

I certify that the above amended complaint was duly served electronically upon Larry H. James, Crabbe, Brown & James, Counsel for Defendant J. Kenneth Blackwell, Ohio Secretary of State, and the other parties in this case by hand delivery or mail, and to counsel in related Case No. C2 06 896, this 25th day of October 2006.

/S/ Clifford O. Arnebeck, Jr.
Clifford O. Arnebeck, Jr.