# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **King Lincoln Bronzeville Neighborhood Association, et al.,** | : Case No. C2-06-745 :<br>: Judge Algenon Marbley :<br>: Magistrate Judge Kemp |
| Plaintiffs, | : |
| vs. | : |
| **J. Kenneth Blackwell, et al., in his official and personal capacity,** | : : : |
| and | |
| **Jennifer Brunner, in her official capacity.** | : |
| Defendants. | |

### PROPOSED RESPONSE TO DEFENDANT J. KENNETH BLACKWELL'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT AS MOOT

The Plaintiffs King Lincoln Bronzeville Neighborhood Association, et al., by and through counsel, respectfully request this Honorable Court to deny Defendant J. Kenneth Blackwell's Motion to Dismiss Plaintiffs' Amended Complaint as Moot. A Memorandum in support is attached hereto and incorporated by reference.

This response is being filed as proposed to preserve the interests of the Plaintiffs against the Defendant Blackwell in his official and personal capacity pending the stay of this proceeding and to afford counsel who filed this Motion to Dismiss an opportunity to withdraw it.

Dated: Columbus, Ohio            Respectfully Submitted,
       February 5, 2007

                                 By:   /S/ Robert J. Fitrakis

1

Robert J. Fitrakis (0076796)

*(truth@freepress.org)*
1000 E. Main Street
Columbus, Ohio 43205
Phone: (614) 224-1082
Fax: (614) 224-8082


Clifford O. Arnebeck, Jr. (0033391)
(*arnebeck@aol.com*)

1000 E, Main Street
Columbus, Ohio 43205
Phone: (614) 224-8771


Henry W. Eckhart (0020202)
*(henryeckhart@aol.com)*

50 W. Broad St., #2117
Columbus, Ohio 43215
Phone: (614) 461-0984
Fax:    (614) 221-7401

## MEMORANDUM IN SUPPORT

This is Defendant J. Kenneth Blackwell's second challenge to the Plaintiffs' action against him in this Court. On August 31, 2006, the Plaintiff filed their initial complaint against the Defendant. In response to the Defendant's Motion for a More Definite Statement, filed on September 21, 2006, the Plaintiffs filed an amended complaint on or about October 9, 2006. This amended complaint is sixty-one pages long and specifically details factual allegations against the Defendant and others that support eighteen claims of constitutional and state law violations. These factual allegations relate to the 2004 Election and the 2005 Election. This first amended complaint brings suit against the Defendant Blackwell and others in both their official and personal capacities. Finally, the first amended complaint is brought as a class action pursuant to Fed. R. Civ. P. 23 and specifically requests, in addition to injunctive relief, declaratory relief and any other relief this Court deem just and proper. The Defendant brought the instant motion to dismiss the complaint for mootness on December 12, 2006.

The Defendant broadly asserts that because he is no longer Secretary of State, the entire complaint is moot. Although not specified in the motion, the Defendant is presumably asserting that the instant case no longer meets the "case or controversy" requirement contained in Article III, § 2 of the United States Constitution and, thus, this Court does not have jurisdiction. In the Sixth Circuit, "the test for mootness is whether the relief sought would, if granted, make a difference to the legal interests of the parties." *McPherson v. Michigan High Sch. Ass'n Inc.,* 119 F.3d 453, 458 (6th Cir. 1997) (en banc) (internal quotation marks and citations omitted). The "heavy burden" of

demonstrating mootness falls on the party asserting it. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs (TOC), Inc.,* 528 U.S. 167, 189, 145 L. Ed. 2d 610, 120 S. Ct. 693 (2000) (holding that although the "case or controversy" requirement underpins both standing and mootness, the two inquires are distinct). *See also Hood v. Keller*, 2005 U.S. Dist. Lexis 21704 (S.D. Ohio 2005) (Marbley, J.).

The Defendant has not only failed to meet the heavy burden of mootness, but can only even raise such an issue by mischaracterizing the entire case. The complaint names the Defendant in both his official and personal capacities. Section 1983 makes state actors, such as the Defendant, liable in their personal capacity for actions taken under color of state law that violate federal statutory or constitutional law. *Monell v. Dep't. of Social Services*, 436 U.S. 658, 690-91, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). The Defendant should be aware of this, since the issue of liability was raised in the Plaintiff's motion for a Temporary Restraining Order, which, contrary to the Defendant's assertions in the pending motion, Defendant's Motion, p. 5, did explicitly assert ongoing voter disenfranchisement during the conduct of the 2006 election. *See* Supplemental Memorandum in Support of Plaintiff's Motion for a Temporary Restraining Order, filed 11/6/06); *see also* Amended Complaint (incorporating the then-upcoming 2006 election in its allegations). In addition, the Defendant's potential liability for damages in his personal capacity is well-established law. As explained by the Supreme Court in *Hafer v. Melo*, 502 U.S. 21, 25, 112 S.Ct. 358, 361-62 (1991):

> In *Kentucky* v. *Graham*, 473 U.S. 159, 87 L. Ed. 2d 114, 105 S. Ct. 3099 (1985), the Court sought to eliminate lingering confusion about the distinction between personal- and official-capacity suits. We emphasized that official-capacity suits "'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Id.*, at 165 (quoting *Monell* v. *New York City Dept. of Social Services*, 436 U.S.

> 658, 690, n. 55, 56 L. Ed. 2d 611, 98 S. Ct. 2018 (1978)). Suits against state officials in their official capacity therefore should be treated as suits against the State. 473 U.S. at 166. Indeed, when officials sued in this capacity in federal court die or leave office, their successors automatically assume their roles in the litigation. See Fed. Rule Civ. Proc. 25(d)(1); Fed. Rule App. Proc. 43(c)(1); this Court's Rule 35.3. Because the real party in interest in an official-capacity suit is the governmental entity and not the named official, "the entity's 'policy or custom' must have played a part in the violation of federal law." *Graham, supra*, at 166 (quoting *Monell, supra*, at 694). For the same reason, the only immunities available to the defendant in an official-capacity action are those that the governmental entity possesses. 473 U.S. at 167.
>
> Personal-capacity suits, on the other hand, seek to impose individual liability upon a government officer for actions taken under color of state law. Thus, "on the merits, to establish *personal* liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right." *Id.*, at 166. While the plaintiff in a personal-capacity suit need not establish a connection to governmental "policy or custom," officials sued in their personal capacities, unlike those sued in their official capacities, may assert personal immunity defenses such as objectively reasonable reliance on existing law. *Id.*, at 166-167.

It is frivolous to assert that since the Defendant is no longer Secretary of State, the complaint is moot and must be dismissed. To the extent the case asserts claims against the Defendant in his official capacity as Secretary of State, his successor automatically assumes his role in the litigation. Thus, the requested permanent injunctive relief against the Defendant Blackwell as Secretary of State is not, contrary to the Defendant's assertions, moot. The Defendant's speculation that "it seems unlikely that Plaintiffs will seek to substitute as defendant the new Ohio Secretary of State, Jennifer Brunner, a democrat." facetiously seeks to frame a complaint that alleges serious and repeated Constitutional violations that abridge the right to vote as one of partisan gamesmanship. A grant of the requested injunctive relief would clearly make a difference to the legal

interests of the parties, and there is no question that the requested injunctive relief, if granted, would now issue against the Defendant's successor.

Furthermore, the Defendant is only even able to raise such a specious argument by a selective and self-serving reading of the allegations that willfully ignores the Plaintiffs' extensive and precise request for declaratory judgment as enumerated in paragraphs 230 to 235 of the amended complaint:

> 230. Declaring on the basis of specific findings of fact based upon the evidence presented that the integrity of the Ohio 2004 general presidential election was compromised by the following:
> A. Vote suppression tactics in the administration of the election that targeted demographic groups such as minorities and college students and voting precincts likely to vote for the Democratic candidate; and
> B. Vote rigging and tampering through the manipulation and electronic counting of paper ballots and by the programming of electronic voting machines.
> 231. Declaring that large numbers of African Americans were deprived of the right to vote and the equal protection of the laws because Defendants, in a selective and discriminatory manner, unfairly allocated voting machines, purged voter registrations, failed to set precinct boundaries in a timely manner, maintained faulty voting machines in precincts containing high numbers of African Americans, and maintained an unfair system of provisional ballots that disproportionately and negatively affected African-American voters.
> 232. Declaring that no audit, recount, or contest procedure as administered by Defendants within the existing Ohio legal system was sufficient to detect, prevent, or correct the compromises to the integrity of the Ohio voting system in the context of the presidential election.
> 233. Declaring that absent a strengthening of the security of Ohio's election system, Plaintiffs have a reasonable basis to believe that the integrity of future Ohio elections will be compromised.
> 234. Declaring that absent a strengthening of the administration of Ohio elections system that will assure backup mechanisms to facilitate prompt access to vote, Plaintiffs have a reasonable basis to believe that targeted vote suppression tactics will continue to be employed.
> 235. Declaring that the targeted vote suppression tactics and vote rigging that were manifest in the 2004 Ohio presidential election undermine the most fundamental constitutional and statutory voting rights

> provided under the Constitutions and statutes of the United States and the State of Ohio.

Plaintiffs' Amended Complaint, pp. 57-58.

A declaratory judgment is prospective relief that seeks to establish the legal relations between the parties. The particular declaratory relief requested would make a difference to the legal interests of the parties and is both necessary and appropriate in this class action civil rights suit. Paragraph 46 of the Amended Complaint requests class certification under Fed. R. Civ. P. 23(b)(2): "the Defendant state actors have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole. " Amended Complaint, p. 17. According to the Advisory Committee's note to Rule 23, Rule 23(b)(2) was created mainly to allow plaintiffs in civil rights cases to adjudicate their claims, where the primary relief sought is to reverse the effects of the class-based discrimination, a purpose well recognized in case law. Notes of Advisory Committee on 1966 Amendments to Rules, Fed. R. Civ. P. 23(b)(2). In the Sixth Circuit, an incidental claim for damages added to the prayer for relief would possibly invalidate any 23(b)(2) class certification. *Reeb v. Ohio Dep't of Rehabilitation and Correction, Belmont Correctional Institute,* 435 F.3d 639 (6th Cir. 2006). Thus, this Court may decide to certify the (b)(2) class for declaratory relief on certain issues via Rule 23(c)(4)(A)[1] while still allowing for individualized determinations of damages to the extent appropriate after liability is established. Notes of Advisory Committee on 1966

---

[1] Rule 23(c)(4)(A) provides: "(4) When appropriate (A) an action may be brought or maintained as a class action with respect to particular issues."

Amendments to Rules, Fed. R. Civ. P. 23(c)(4)(A).  In the alternate or in addition, the Court may order the equitable remedy of disgorgement.  Furthermore, if in the course of the proceedings the plaintiffs prove entitlement to damages, this Court may order such damages pursuant to Fed. R. Civ. P. 54(c).[2]  See, e.g., *Montana v. Crow Tribe of Indians*, 523 U.S. 696; 118 S.Ct. 1650 (1998).  As the 1934 Adoption Notes make clear, final judgment should give "the relief to which a party is entitled, regardless of whether it is legal or equitable or both."  Whether or not such relief should issue is a decision on the merits of the case, not a question of mootness.

The Defendant is clearly not serious about dismissing the entire complaint for mootness.  In its Motion to Dismiss Plaintiff's Amended Complaint as Moot, the Defendant Blackwell asks this Court to dismiss the complaint as to "all issues."  Presumably, the Defendant means "all claims."  However, the Defendant only vaguely gestures towards the Plaintiffs' claims by characterizing them as "a conspiracy is ongoing and capable of repetition in the future."  Defendant's Motion, p. 5.  The amended complaint does not allege that the conspiracy is capable of repetition.  Rather, the complaint alleges an "ongoing conspiracy" and a "recurring pattern."  This is a proper pleading for a class action civil rights lawsuit that seeks, in part, institutional reform.  The Defendant mischaracterizes the allegations to suggest that the exception to the mootness doctrine, that the unlawful activity is "capable of repetition but evading review," is the

---

[2] Fed.R.Civ.P. 54(c), "Demand for Judgment" provides**:**

A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment. Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings.

8

proper defense to its motion to dismiss. But the doctrine of mootness does not apply to an overall case or to a "common nucleus of operative fact." *See, e.g., DaimlerChrylser v. Cuno*, 126 S.Ct. 1854, 2006 Lexis 3956 (2006); s*ee also Broder v. Smith*, 2007 U.S. App. Lexis 2074 (6th Cir. 2007) (mootness of one form of relief does not moot the entire case). The doctrine of mootness applies to specific claims for relief, which the Defendant has in its instant motion mischaracterized, ignored, and misunderstood, thus failing to meet its heavy burden.

In addition, although cast as a motion to dismiss because the relief requested is moot, the Defendant is actually suggesting that the claims against the Defendant, broadly and erroneously construed as simply one of an "ongoing conspiracy," are now moot because the Defendant is no longer Secretary of State and the "allegations of an ongoing conspiracy to disenfranchise minority voters have already been proven to be untrue." Defendant's Motion, p. 6. The motion thus assumes what needs to be proved on the merits of the case. Furthermore, the Defendant has not indicated, and the Plaintiffs should not be forced to guess, whether he is possibly challenging the third claim in the amended complaint, the common law conspiracy claim pursuant to 42 U.S.C. section 1988(a), or possibly challenging the fourth claim in the amended complaint, which allege that the Defendant's actions were taken pursuant to invidious racial animus in violation of the Thirteenth Amendment and the 42 U.S.C. section 1985(3) prohibition on conspiracy.[3] If the Defendant were serious about dismissing the entire complaint, he would have properly pled a motion to dismiss the complaint for lack of subject matter

---

[3] Section 1985(3) prohibits conspiring to prevent "by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States."

9

jurisdiction and briefed the specific claims which no longer admit of any relief now that he is not Secretary of State. Instead, the Defendant relies on only one part of the prayer for relief and fails to explicate how the requested relief would no longer remedy the claimed Constitutional violations. If this Court, *sua sponte*, finds that the lack of Article III, § 2 jurisdiction is colorably raised at this stage of the proceedings, the Plaintiffs respectfully request that this Court direct both parties to fully brief this issue.

Although this is a complex case, the Defendant's motion is frivolous on fairly well-established points of law. In considering its decision on this motion, the Plaintiffs respectfully request this Court to consider the timing of the motion: it was filed on December 12, 2006, shortly over a month following the 2006 election. This Court can take judicial notice that this motion was filed during the transition period of the Secretary of State's Office; as such, it seeks to obstruct the Defendant's successor in determining what posture to take in relation to this litigation. This Court can also take judicial notice that at the time this motion was filed, it was clear that the incoming Attorney General's Office would not continue to employ outside counsel. Finally, the Plaintiffs respectfully request this Court to consider that several of them are indigent, and that defending against a frivolous motion works an especial harm against them.

Wherefore, the Plaintiffs respectfully request that this Honorable Court deny the Defendant Blackwell's Motion to Dismiss the Amended Complaint as Moot.

                Respectfully Submitted,

         By:    /S/ Robert J. Fitrakis
                Robert J. Fitrakis (0076796)

                *(truth@freepress.org)*
                1000 E. Main Street
                Columbus, Ohio 43205
                Phone: (614) 224-1082

Fax: (614) 224-8082

Clifford O. Arnebeck, Jr. (0033391)
(*arnebeck@aol.com*)

1000 E, Main Street
Columbus, Ohio 43205
Phone: (614) 224-8771

Henry W. Eckhart (0020202)
*(henryeckhart@aol.com)*

50 W. Broad St., #2117
Columbus, Ohio 43215
Phone: (614) 461-0984
Fax:   (614) 221-7401

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was filed electronically on the 5th day of November 2006 in accordance with the Court's Electronic Filing Guidelines. Notice of this filing will be sent to counsel of record for Defendant J. Kenneth Blackwell by operation of the Court's Electronic Filing System.

                                        /S/  Robert J. Fitrakis
                                         Robert J. Fitrakis