UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION 2008 JUL -7 P 3: 47

KING LINCOLN, ET AL.                       :
                                           :
                PLAINTIFFS,                :
AND                                        :
                                           :   Civil Action No. C2 06 745
                                           :
THE OHIO ELECTION JUSTICE CAMPAIGN,        :
PADDY SHAFFER, MARLYS BARBEE,              :   JUDGE ALGENON
VIRGINIA BROOKS, MARK BROWN,               :   MARBLEY
BRUCE DUNCANSON, MARIAN LUPO,              :
PETER JONES, AND TIMOTHY KETTLER           :   MAGISTRATE
                                           :   JUDGE KEMP
individually and as CLASS REPRESENTATIVES  :
under Fed.R.Civ.P. 23,                     :
                                           :
v.                                         :
                                           :
JENNIFER BRUNNER, ET AL.                   :
                                           :
                DEFENDANTS.                :
                                           :

## INTERVENOR-PLAINTIFFS OHIO ELECTION JUSTICE CAMPAIGN AND NAMED PLAINTIFFS' SHAFFER, BARBEE, BROOKS, BROWN, DUNCANSON, LUPO, JONES, AND KETTLER VERIFIED MOTION TO INTERVENE

The Ohio Election Justice Campaign (OEJC) and Named Plaintiffs hereby move to intervene in this action.

Proposed Intervenors submit that neither party will be prejudiced by this intervention, as no action has been taken in this case since the fifth stay in this case expired on September 21, 2007, and no discovery schedule has been set nor no status conference held. Further, this Court has not ruled on class certification of the Plaintiff class. Proposed Intervenors submit that the proposed intervention is timely, that they

share common questions of law and fact with the Plaintiffs, and that their substantial legal interests are not adequately protected by the current Plaintiffs. They also submit they are true parties in interest with respect to the issues raised in the complaints filed herein.

Pursuant to Fed. R. Civ. P. 24(a)(2) and 24(b)(2), the Proposed Intervenors hereby move this Court for leave to intervene in this action as of right, as Third-Party Plaintiffs. In the alternative, movants seek permissive intervention. As described below, the Intervenor-Plaintiffs have a substantial interest in the subject matter of this case as a statewide association of qualified electors dedicated to election justice issues; as individual representatives of their counties and groups; as candidates for office in 2004, 2006, and 2008; and as representatives of voters discretely impacted by the issues raised in this case:

1. The organizational plaintiff, the Ohio Election Justice Campaign, is an unincorporated statewide association of qualified electors dedicated to election justice issues.

2. Named plaintiff Paddy Shaffer has resided in Franklin County since before the 2004 presidential election. She is the director of the Ohio Election Justice Campaign and was 2006 congressional candidate, 12th District of Ohio (Franklin, Delaware, and Licking Counties, receiving 13,513 votes). She was regional and county coordinator for the 2004 recount on behalf of the Green Party. She was a witness to violations of election laws in Delaware County, including the involvement of an Elections Systems & Software technician with the tabulators for the recount.

3. Named plaintiff Marlys Barbee, member of the OEJC, has resided in Morgan County since before the 2004 presidential election. She was a candidate for Morgan County

Commissioner in 2006 and chairs the Morgan County Coalition of Concerned Citizens, a group initiated to address apparent violations of election laws by the Morgan County Board of Elections in 2004, including its disqualification of a qualified candidate for sheriff, the qualification of a disqualified candidate for sheriff, and subsequently, permitting an unqualified elector, the county prosecutor, to vote in 2006.

4. Named plaintiff Virginia Brooks, member of the OEJC, has resided in Ashland County since before the 2004 presidential election. She is State Chair of the Reform Party of Ohio, which is affiliated with the New Frontier Coalition, for which she serves as a steering committee member, and which was founded to support any third-party candidate, veterans group, seniors, etc. as long as they stand for the Constitution of the United States of America and agree to return this country to a Constitutional and Representative Government.

5. Named plaintiff Mark Brown, member of the OEJC, has resided in Franklin County since before the 2004 presidential election. He was a 2004 congressional candidate, 15th District of Ohio (Franklin, Union, and Madison Counties).

6. Named plaintiff Bruce Duncanson, member of the OEJC, has resided in Franklin County since before the 2004 presidential election. He is also the founder and director (General) of the Peace Army for Mental Health, which seeks to better mental health and which advocates for the civil and constitutional rights of people with mental disabilities.

7. Named plaintiff Peter Jones has resided in Greene County since before the 2004 presidential election. He was an election recount observer in 2004 for the Democratic Party. He also serves on the Greene County Board of Zoning Commission. During the

2006 election in Ohio, his vote hopped from his candidate of choice to another candidate. He voted at the Greene County Board of Elections.

8. Named plaintiff Marian Lupo, member of the OEJC, has resided in Franklin County since before the 2004 presidential election. She is a member of the Ohio Election Protection Coalition and affiliated with the Ohio Disability Voter Coalition, which represents the interests of voters with varying and various disabilities.

9. Named plaintiff Timothy Kettler, member of the OEJC, has resided in Coshocoton County since before the 2004 election. He is Secretary of the Green Party, 2006 candidate for Secretary of State (receiving 78,075 votes (2.04%)), and currently candidate for Ohio Senate District 20 in the November 2008 election. He was county and regional coordinator for the 2004 recount on behalf of the Green Party and witness to violations of election laws in Coshocton County (Coshocton County Sheriff's Department report #0106002634).

Proposed Intervenor Plaintiffs therefore have uniquely relevant interests in the subject matter of this action, and specific to Named Plaintiffs include rights and interests arising under federal and state statutes protecting the voting rights of people with disabilities, 42 U.S.C. section 1973aa-6j; 42 U.S.C. section 1973ee *et seq.*, 29 U.S.C. section 794; 42 U.S.C. section 12101 *et seq.* (Americans with Disabilities Act of 1990); 42 U.S.C. section 15481; and O.R.C. sections 3501.29, 3503.12, 3505.24, and 2506.19 (accessible voting); and rights and interests as candidates in the fair and honest administration of elections, including 42 U.S.C. 1973 (prohibition against electoral systems that dilute minority voting strength); and rights and interests as representatives of neither major political party; as well as rights arising under state law as candidates,

4

including eligibility to ask for a recount and to contest an election, O.R.C. sections 3515.01 and 3515.09.

The grounds for this Motion are set forth in the Memorandum below.

## MEMORANDUM

### I. Background

On August 31, 2006, Plaintiffs, a collection of civic organizations and individuals, filed a complaint in federal court against Defendants, J. Kenneth Blackwell, the Secretary of State for the State of Ohio, and various unnamed public election officials and private contractors who provided services to the State of Ohio, alleging that Defendants had violated Plaintiffs' civil and constitutional rights during the November 2004 presidential election and requesting declaratory and injunctive relief. An amended complaint was filed October 9, 2006 against Defendants in their official and personal capacities that named several election officials and private contractors and that raised additional and ongoing violations of Plaintiffs' civil and constitutional rights.

### II. Argument

#### A. The Intervenors Satisfy the Requirements for Intervention as of Right as Set Forth In Fed. R. Civ. P. 24(a)(2)

Fed. R. Civ. P. 24(a) provides:

> Upon timely application anyone shall be permitted to intervene in any action: . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. P. 24(a)(2) should be liberally construed to permit intervention. *Grubbs v. Norris*, 870 F.2d 343 (6th Cir. 1989). Each of these requirements for intervention as of right is addressed below.

### 1. The Intervenors Have An Interest in the Subject of the Action

The Intervenors clearly have an interest relating to the "property or transaction which is the subject of the action," i.e., the multiple allegations of violations of civil and constitutional rights by the Defendants arising out of the conduct of Ohio's Secretary of State J. Kenneth Blackwell and other named and unnamed Defendants in connection with the November 2, 2004 presidential and subsequent elections.

The OEJC has both an organizational and a representative interest in participating in the litigation of the issues that are the subject of this action. In addition to representing qualified electors, the Ohio Election Justice Campaign was formed by concerned citizens, many of whom participated in the 2004 election as observers, election protection workers, poll workers, and election investigators as well as organizers and witnesses in Ohio's 2004 presidential vote recount. From an organizational standpoint, the principle function of OEJC is to engage in research, public education, and activities to self-empower voters and to directly promote the integrity and honesty of elections in Ohio; it publishes materials, holds forums, and organizes election protection activities.

Additionally, like any association, the OEJC in one comprised members, many of which become involved in the organization through difficulty in casting a vote, or the failure to have past election justice issues redressed at the county or state level, or due to their involvement as candidates or in non-major party activities. Thus, the organization

6

and the Named Plaintiffs, as described above, have a substantial and direct legal interest in this action. *Gutter v. Bollinger*, 128 F.3d 394, 397-98 (6th Cir. 1999).

### 2. The Intervenors' Interests Will Be Impaired If Not Permitted to Intervene

The Proposed Intervenors represent a diversity of interests not adequately protected by the current Plaintiffs. Their separate causes of action arise out of the same operative set of law and facts in the complaint already filed with this Court. *Meyer Goldberg, Inc. v. Goldberg*, 717 F.2d 290, 293-94 (6th Cir. 1983). Thus, the OEJC's and Named Plaintiffs' interests, as a practical matter, may be impaired or impeded by its inability to protect these interests without participation in the action, particularly given the fact that an adverse ruling by the Court could result *stare decisis* on their causes of action.

The Intervenors' burden for demonstrating the inadequacy of representation is minimal. Indeed, the United States Supreme Court has stated that "the Rule [24] is satisfied if the applicant shows that the representation 'may be' inadequate," so that the applicant's burden on this matter should be "minimal." *Trbovich v. United Mine Workers of America*, 404 U.S. 528, 538 n.10 (1982). This Court and the United States Court of Appeals for the Sixth Circuit have held the same. *U.S. v. Schreiber*, 150 F.R.D. 106, 109(S.D. Ohio 1993) ("the . . . burden of demonstrating inadequacy [of representation] should be treated as minimal."); *Stupak-Thrall v. Gliackman*, 225 F.3d 467, 482 (6th Cir. 2000)(same); *Grutter v. Bollinger, supra* at 399 (6th Cir. 1999)(same).

The issue is not whether current Plaintiffs are represented by competent

7

Counsel. Rather, the issue is whether the interests of the Proposed Intervenors in this case are the same as Plaintiff's interests. They are not.

It remains at best uncertain whether the current Plaintiffs' request for declaratory and injunctive relief will encompass all relevant issues related to the civil and constitutional rights violations arising from the Defendants' conduct. It is much more likely that the current Plaintiffs in this case will only develop the limited issues pertaining to their individual situation and therefore only seek the relief that would provide them with an individual remedy. Intervenors OEJC and Named Plaintiffs bring to the case highly developed fact patterns related to the instant action as well as those related to third-party, rural, and disabled and elderly voters and candidates not represented by current Plaintiffs. Allowing intervention will alleviate the discovery burden on all parties and expedite the resolution of the underlying litigation. Allowing intervention will also sharpen the argument on both sides and provide the Court with a more useful framework of advocacy from which to issue its decision.

### 3. The Intervenors' Application for Intervention is Timely

The motion is timely. No action has been taken in this case since the fifth stay in this case expired on September 21, 2007; no discovery schedule has been set nor no status conference held. Further, this Court has not ruled on class certification of the Plaintiff class. Thus, Proposed Intervenors present no disruption to the case schedule. In addition, Proposed Intervenors have exhausted all other avenues for redress of their claims through county and state administrative and executive channels. The OEJC has, as an organization and through its members, filed complaints with county prosecutors and county boards of elections, met with staff at the Ohio Secretary of State's office, the Ohio

8

Attorney General's office, the Ohio Ethics Commission, and members of the General Assembly on many of operative laws and facts in the pending litigation and raised issues specific to their interests. Accordingly, intervention will not delay the proceedings or prejudice either the Plaintiffs or the Defendants; in fact, many of the issues raised by the Proposed Intervenors are already well-known to Defendants.

### B. In the Alternative, Intervenors Satisfy the Requirements for Permissive Intervention as Set Forth in Civ. R. 24(b)(2)

The decision whether to allow permissive intervention is committed to the sound discretion of the trial court. *Meyer Goldberg, supra* at 294. *See also Stupak-Thrall, supra* at 472 (regarding permissive intervention, "so long as the motion for intervention is timely and there is at least one common question of law or fact, the balancing of undue delay, prejudice to the original parties, and any other relevant factors is reviewed for an abuse of discretion." (citations omitted)). This rule is to be construed liberally, and excludes many of the requirements of intervention as of right. *Id.* For example, the Rule (24)(a)(2) requirement that a proposed intervenor establish inadequate representation by existing parties is not a consideration for purposes of Rule 24(b). The Intervenors clearly have an interest in the outcome of this matter. Since this case is still young and the ultimate issue has yet to be placed before this Court, the proposed intervention cannot and will not prejudice or delay the rights of any of the existing parties.

The Intervenors therefore request that the Court grant permissive intervention under Civil Rule 24(b), should the Court decide not to grant intervention as of right. *U.S. v. Michigan*, 424 F.3d 438, 445 (6th Cir. 2005 (employing balancing test for permissive intervention); *League of Women Voters of Ohio v. Blackwell*, 235 F.R.D. 388; 205 U.S.

9

Dist. Lexis 42195 (N.D. Ohio 2005) (granting permissive intervention). If the Court finds the instant motion untimely, Proposed Intervenors request leave to brief the unusual circumstances present in this case, especially the potential expiration of applicable statute of limitations in the underlying litigation, which would irreparably damage the substantial legal interests of the Proposed Intervenors. *Stupak-Thrall, supra* at 472-73, 475 ("The absolute measure of time between the filing of the complaint and the motion to intervene is one of the least important . . . circumstances" to consider.)

## Conclusion

For the foregoing reasons, Proposed Intervenors OEJC and Named Plaintiffs respectfully request that their motion be GRANTED and that they be permitted to intervene in the instant action.

Dated: July 7, 2008

Respectfully submitted,

*Paddy Shaffer*

Paddy Shaffer, *Pro Se*
2408 Sonnington Drive
Dublin, Ohio 43016
614-266-5283
paddy@columbus.rr.com

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed this 7 day of July, 2008, in Franklin County, Ohio.

*Paddy Shaffer*
Signature

Dated: Dated: July 7, 2008

Respectfully submitted,

*Marlys Barbee*

Marlys Barbee, *Pro Se*
8137 W. Sharps Ridge Road
McConnelsville, OH 43756
740-962-2741
mjbarbee@emypeople.net

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed this 7 day of July, 2008, in Morgan County, Ohio.

*Marlys Barbee*
Signature

Dated: July 7, 2008

Respectfully submitted,

*Virginia Brooks*
Virginia Brooks, *Pro Se*
1196 Twp. Rd. 2116
Ashland, Ohio 44805
419-685-0299
vareforms1@bright.net

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed this 7 day of July, 2008, in Ashland County, Ohio.

*Virginia Brooks*
Signature

JUL-07-2008 11:14 From:THE UPS STORE 4692

Dated: July 1, 2008

Respectfully submitted,

*[signature]*

Marian Lupo, *Pro Se*
310 S. Eureka Avenue
Columbus, Ohio 43204
614-276-0948
marianlupo90@msn.com

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed this ___ day of July, 2008, in _____ County, Ohio.

_____
**Signature**

Dated: July 6, 2008

Respectfully submitted,

*Mark P Brown*

Mark Brown, *Pro Se*
83 Hanford Street
Columbus, Ohio 43206
614-449-1989

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed this 6 day of July, 2008, in Franklin County, Ohio.

*Mark P Brown*
Signature

Dated: July 6, 2008

Respectfully submitted,

*Timothy Kettler* (signature)

Timothy Kettler, *Pro Se*
29674 Township Road 30
Warsaw, Ohio 43844
740-502-6453
tmkettler@aol.com

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed this 6th day of July, 2008, in Coshocton County, Ohio.

*Timothy Kettler* (signature)

Dated: July 6, 2008

Respectfully submitted,

*signature*
Bruce Duncanson, *Pro Se*
947 E. Weber Road
Columbus, Ohio 43211
bruce@redpeacecross.com
614-747-4533

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed this 6 day of July, 2008, in Franklin County, Ohio.

_*signature*_
Signature

17

Dated: July 6, 2008

Respectfully submitted,

Peter Jones, Ph.D., *Pro Se*
4098 Wagner Rd.
Dayton, OH 45440
937-320-9680
peter@poetics.org

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed this 6th day of July, 2008, in Greene County, Ohio.

Signature

18

## Certificate of Service

I hereby certify that on July 7, 2008, the foregoing Motion to Intervene
was filed on paper in person with the clerk of court pursuant to U.S. District Court,
S.D.Ohio local Civil Rule 5.1( c). A true copy of this motion was sent by certified mail,
return receipt requested, to the following counsel of record:

Clifford O. Arnebeck, Jr.
Robert J. Fitrakis
1000 East Main Street, Suite 102
Columbus, Ohio 43215

Henry W. Eckhart
50 West Broad Street, Suite 2117
Columbus, Ohio 43215
Counsel for Plaintiffs

Richard W. Coglianese, Trial Attorney
Damian W. Sikora, Assistant Attorney General
Constitutional Offices Section
30 East Broad Street, 17th Floor
Columbus, Ohio 43215
Counsel for Defendants

Paddy Shaffer

Paddy Shaffer, *Pro Se*
2408 Sonnington Drive
Dublin, Ohio 43016
614-266-5283
paddy@columbus.rr.com