IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KING LINCOLN BRONZEVILLE NEIGHBORHOOD ASSOCIATION, *ET AL.*, | Case No. 2:06-CV-745 |
| Plaintiffs, | Judge Marbley |
| VS. | Magistrate Judge Kemp |
| J. KENNETH BLACKWELL, *ET AL.*, | |
| Defendants. | |

**Memorandum Of Defendant Secretary Of State Jennifer Brunner In Opposition To The Motion To Intervene Of The Ohio Election Justice Campaign, Et Al.**

I.  **INTRODUCTION**

Nearly two years after the initiation of this action, The Ohio Election Justice Campaign (OEJC) and nine individuals ("Proposed Intervenors," collectively) now seek leave from this Court to intervene as plaintiffs.[1] OEJC purports to be an "unincorporated statewide association of qualified electors dedicated to election justice issues." Motion to Intervene, p. 1 (Doc. 36). And the individual proposed intervenors each allege some sort of involvement in the electoral process – either as local candidates, electors, or advocates – that confers upon them the right to intervene in this litigation. Motion to Intervene, pp. 2-4. However, the Motion to Intervene should be

---

[1] Aside from the numerous substantive problems with the Motion to Intervene, the motion should not be entertained because OEJC is not represented by counsel. To the extent that any of the individual proposed intervenors seek to represent OEJC, doing so constitutes the unauthorized practice of law. Therefore, the motion should be denied, or in the alternative, the motion as to OEJC should be stricken.

Furthermore, although the proposed intervenors allege that they have sought class action plaintiff status, a review of the court's docket show that no party has filed a motion for class certification, and no class counsel has been appointed, as required by Fed. R. Civ. P. 23.

1

denied because it is untimely filed. Furthermore, the proposed intervenors are not entitled to intervention as of right under Fed. R. Civ. P. 24(a) because they have failed to show that they possess a substantial interest in the litigation, that the existing plaintiffs cannot adequately represent their interests, and that the interests of the proposed intervenors will be impaired if their Motion is denied. Finally, permissive intervention is not warranted under Fed. R. Civ. P. 24(b) because the intervention of ten new plaintiffs will unduly burden and delay the adjudication of this action. For these reasons and for the reasons set forth below, the Court should deny the proposed intervenors' Motion to Intervene.

## II. LAW AND ARGUMENT

### A. Proposed Intervenors' Motion to Intervene Should Be Denied As Untimely.

An application for intervention, whether permissive or as of right, must be timely. Fed. R. Civ. P. 24(a) and (b); *Stotts v. Memphis Fire Dept.*, 679 F.2d 579, 582 (6th Cir. 1982). Among the factors that a court should consider to determine timeliness are: (1) the purpose for which intervention is sought, (2) the length of time preceding the application for intervention during which the proposed intervenor knew or reasonably should have known of his interest in the case, (3) the prejudice to the original parties due to the proposed intervenor's failure after he knew of or reasonably should have known of his interest in the case promptly to apply for intervention, and (4) the existence of unusual circumstances militating against or in favor of intervention. *Id; Michigan Assn. for Retarded Citizens v. Smith*, 657 F.2d 102, 105 (6th Cir. 1981). See also *United States v. Tennessee*, 260 F.3d 587, 594 (6th Cir. 2001) ("the timeliness prong of Rule 24 requires the movant to file its motion to intervene promptly after discovery of its interest in the litigation"); *United States v. Certain Land Situated in the City of Detroit*, 361 F.3d 305, 311 (6th Cir. 2004) (same). Timeliness is a matter within the sound discretion of the

district court, and will not be disturbed on review in the absence of an abuse of discretion. *Michigan Assn. for Retarded Citizens v. Smith*, 657 F.2d 102, 105 (6th Cir. 1981) (internal citations omitted).

The proposed intervenors should not be allowed to intervene at this stage of the litigation. Plaintiff's complaint was filed on August 31, 2006, followed by an amended complaint on October 9, 2006. Nearly two years later, the proposed intervenors filed their motion to intervene on July 7, 2008. The proposed intervenors have offered no explanation or no unusual circumstances accounting for this two-year delay. By virtue of their general interest in the subject matter of this litigation and the publicity surrounding this lawsuit, the proposed intervenors clearly knew or should have known of their interest in the case from the outset. In fact, on September 1, 2006, The Columbus Dispatch published an article informing the public of the filing of this present action. See *New lawsuit alleged ballot tampering in 2004 election* (Sept. 1, 2006), THE COLUMBUS DISPATCH, attached as Exhibit A. *See also Johnson v. City of Memphis*, 73 Fed. Appx. 123, 132-33, 2003 U.S. App. LEXIS 16096 (6th Cir. 2003) (finding that newspaper articles formed the basis for determining that a proposed intervenor should have known of their interest in the case). The addition of ten new plaintiffs – all appearing pro se -- after dispositive orders have been issued will only cause unreasonable and unnecessary delay. Furthermore, given that the statute of limitations on Section 1983 actions is two years, the proposed intervenors are barred from bringing any constitutional claims arising from the 2004 elections.

For these reasons, the motion to intervene before this Court should be dismissed as untimely.

    **B.**    **The Proposed Intervenors Are Not Entitled To Intervene Of Right Under Fed. R. Civ. P. 24(A).**

In addition to timeliness, in order for a proposed intervenor to be entitled to interevene as of right under Fed. R. Civ. P.24(a), a proposed intervenor must establish: (1) that the intervenor has a substantial legal interest in the subject matter of the case; (2) that its ability to protect that interest may be impaired in the absence of intervention; and (3) that the parties already before the court may not adequately represent its interest. *Northland Family Planning Clinic, Inc. v. Cox*, 487 F.3d 323, 343 (6th Cir. 2007). The failure to satisfy any one of these four requirements bars the movant from intervening as of right. *Johnson*, 73 Fed. Appx. at 131, 2003 U.S. App. LEXIS 16096. The motion of proposed intervenors should be denied because they have failed to meet any one of these requirements.

**1. The proposed intervenors do not have a substantial legal interest in the subject matter of the case.**

The proposed intervenors fail to demonstrate a substantial right or legal interest that warrants intervention. Proposed intervenor OEJC alleges that its interest in this litigation arises from OEJC's organizational activities, including: participation in the 2004 election as observers, poll workers, or elections investigators; and "engaging in research, providing public education and activities to self-empower voters, and organizing election protection activities." Motion to Intervene, p.6. The remaining individuals allege that their interest in this litigation arises from their involvement in the electoral process or "non-major party activities" as voters or candidates. *Id.* However, these interests are no different from the interests and participation of other members of the general public. Following the proposed intervenors' logic would mean that any person who has participated in elections as a voter, poll worker, or candidate in some capacity is entitled to intervene in this lawsuit. While the proposed intervenors may have an ideological interest in the litigation, that is not sufficient to mandate intervention as of right. *See Northland*,

4

487 3d at 345 (public interest group with a mere ideological interest was not entitled to intervene). The motion to intervene should therefore be denied on the basis of proposed intervenors' failure to demonstrate a substantial legal interest in this litigation.

> 2. **The parties already before the court will adequately represent the interests of the proposed intervenors.**

The proposed intervenors also cannot meet their burden of showing that their interests will not be adequately represented by existing parties. *See Meyer Goldberg, Inc. v. Goldberg*, 717 F.2d 290, 293 (6th Cir. 1983) ("In this Circuit, the applicant for intervention bears the burden of demonstrating inadequate representation."). In determining whether representation is adequate, the court may consider whether any collusion is shown between the existing parties, whether the representative party possesses or represents an interest adverse to the proposed intervenor, and whether the representative has failed in the fulfillment of his duty. *Bradley v. Milliken*, 828 F.2d 1186, 1192 (internal citation omitted). The proposed intervenors must "overcome the presumption of adequacy of representation that arises when the proposed intervenor and a party to the suit . . . have the same ultimate objective." *Id.*

The proposed intervenors have made no showing of collusion between the existing plaintiffs and defendants that would thwart the interests of the proposed intervenors. Nor have they demonstrated any difference in objectives between the proposed intervenors and the named plaintiffs. Rather, on the face of their motion, the proposed intevenors share the same objective as the plaintiffs – both ask the Court to review alleged violations of constitutional rights arising out of the 2004 election. Motion to Intervene, p.6. While the proposed intervenors allege that they present "highly developed fact patterns . . . not represented by current Plaintiffs," Motion to Intervene, p.8, the existence of interests that differ in some respects from those of the existing plaintiffs does not confer a right to intervene where the proposed intervenors and the existing

5

plaintiffs share the same ultimate objective. *Bradley*, 828 F.2d at 1193. *See also Northland*, 487 F.3d at 344 (denying motion to intervene despite intervenor's argument that it would have "developed the factual record differently than the [plaintiff]"). Furthermore, to the extent that the motion to intervene arose from mere disagreement with plaintiffs as to how the litigation should be conducted, that also does not rise to the level of a controversy that implicates inadequacy of representation. *Id.* at 1192.

The proposed intervenors therefore have not overcome the presumption that the existing plaintiffs will adequately represent their purported interests in this litigation. Accordingly, the motion to intervene should be denied.

3. **The interests of proposed intervenors will not be impaired by denial of their motion to intervene.**

Finally, the proposed intervenors cannot establish that the denial of their motion to intervene will impair their interests in this litigation. The outcome of the litigation will not infringe on their ability to participate as observers, poll workers, or "elections investigators," or to engage in research, provide public education and activities to self-empower voters, and organize election protection activities. Motion to Intervene, p.6. Furthermore, the proposed intervenors may express their views and concerns by making arguments in support of the plaintiffs as amicus curiae. *See Bradley*, 828 F.2d at 1194 (interests of proposed intevenors can be adequately protected by participation as amicus curiae).

The proposed intervenors cannot establish any of the four requirements for intervention as of right. Therefore, their motion to intervene pursuant to Fed. R. Civ. P. 24(a) should be denied.

II.  **Proposed Intervenors' Motion For Permissive Intervention Under Fed. Civ. Rule P. 24(B) Should Be Denied.**

Additionally, the proposed intervenors' motion for permissive intervention should be denied because of the delay and prejudice to existing parties likely to result from adding ten new plaintiffs – all appearing pro se. Rule 24(b) provides that a party may seek permissive intervention if the motion is timely, and if the movant can establish that its "claim or defense and the main action have a question of law or fact in common." Permissive intervention under Rule 24(b) is within the Court's discretion and a denial will not be reversed on review in the absence of an abuse of that discretion. *Bradley*, 828 F.2d at 1194. In exercising its discretion, the court "shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *Meyer Goldberg*, 717 F.2d at 294.

This case already has multiple plaintiffs. Adding ten new plaintiffs—all appearing pro se—will only result in duplicative legal theories and filings. The addition of these new plaintiffs may also result in increased discovery, especially since the proposed intervenors purport to bring "highly developed fact patterns" that differ from the existing plaintiffs. Furthermore, given that the statute of limitations on Section 1983 actions is two years, any claims of the proposed intervenors arising from the 2004 elections are stale and futile. In light of the quickly-approaching 2008 general elections, allowing the proposed intervenors to intervene now would merely delay and complicate the disposition of an already-protracted lawsuit that needs timely resolution.

Finally, as noted earlier, the Court should not entertain the Motion to Intervene because OEJC is not represented by counsel, and no attorney appears in the signature block of the motion on its behalf. To the extent that any of the individual proposed intervenors seek to represent

OEJC, doing so constitutes the unauthorized practice of law. Therefore, the Motion to Intervene should be denied, or in the alternative, those portions with regard to OEJC should be stricken.

## CONCLUSION

For the reasons stated above, the Court should deny the proposed intervenors' motion to intervene in its entirety.

Respectfully submitted,

NANCY H. ROGERS
Attorney General of Ohio

*/s Pearl M. Chin*
Richard N. Coglianese (0066830)
Damian W. Sikora (0075224)
Pearl M. Chin (0078810)
Assistant Attorneys General
Constitutional Offices Section
30 East Broad Street, 17th Floor
Columbus, Ohio 43215
614-466-2872

## CERTIFICATE OF SERVICE

This is to certify a copy of the foregoing document was served upon all counsel of record by means of the Court's electronic filing system on July 25, 2008. I further certify that a paper copy of the foregoing was sent via regular U.S. mail on July 25, 2008 to the following:

Paddy Shaffer
2408 Sonnington Drive
Dublin, OH 43016

Virginia Brooks
1196 Twp. Road 2116
Ashland, OH 44805

Mark Brown
83 Hanford Street
Columbus, OH 43206

Bruce Duncanson
947 E. Weber Road
Columbus, OH 43211

Marlys Barbee
8137 W. Sharps Ridge Road
McConnelsville, OH 43756

Marian Lupo
310 S. Eureka Avenue
Columbus, OH 43204

Timothy Kettler
29674 Township Road 30
Warsaw, OH 43844

Peter Jones
4098 Wagner Rd.
Dayton, OH 45440

/s Pearl M. Chin
Pearl M. Chin
Assistant Attorney General