King Lincoln Bronzeville Neighborhood Association et al v. J. Kenneth Blackwell et al                                        Doc. 42

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

KING LINCOLN, ET AL.

    PLAINTIFFS,

AND

Civil Action No. C2 06 745

THE OHIO ELECTION JUSTICE CAMPAIGN,
PADDY SHAFFER, MARLYS BARBEE,
VIRGINIA BROOKS, MARK BROWN,
BRUCE DUNCANSON, MARIAN LUPO,
PETER JONES, AND TIMOTHY KETTLER

**JUDGE ALGENON MARBLEY**

**MAGISTRATE JUDGE KEMP**

individually and as CLASS REPRESENTATIVES
under Fed.R.Civ.P. 23,

v.

JENNIFER BRUNNER, ET AL.

    DEFENDANTS.

## INTERVENOR-PLAINTIFFS OHIO ELECTION JUSTICE CAMPAIGN AND NAMED PLAINTIFFS' SHAFFER, BARBEE, BROOKS, BROWN, DUNCANSON, LUPO, JONES, AND KETTLER REPLY TO DEFENDANTS' MEMORANDUM CONTRA TO MOTION FOR CRIMINAL CONTEMPT PURSUANT TO 18 U.S.C. §§ 401-402 AND SPECIAL GRAND JURY PROCEEDINGS PURSUANT TO 18 U.S.C. §§ 3331-3334

The Defendants have misstated the law in the Sixth Circuit on criminal contempt

by relying upon *U.S. v. Rickey Martin*, 251 Fed. Appx. 979, 981 (6th Cir. 2007),[1] which is

---

[1] The Defendants further violate Sixth Circuit Rule 28(g) by citing this case and not serving it on the Intervenor-Plaintiffs. The case itself clearly carries notice of the Defendants' responsibilities if citing this case: "**NOTICE:** NOT RECOMMENDED FOR FULL-TEXT PUBLICATION. SIXTH CIRCUIT RULE 28(g) LIMITS CITATION TO SPECIFIC SITUATIONS. PLEASE SEE RULE 28(g) BEFORE CITING IN A PROCEEDING IN A COURT IN THE SIXTH CIRCUIT. IF CITED, A COPY MUST BE SERVED ON OTHER PARTIES AND THE COURT. THIS NOTICE IS TO BE PROMINENTLY DISPLAYED IF THIS DECISION IS REPRODUCED."

Dockets.Justia.com

a case on summary, in-court criminal contempt proceedings, not criminal contempt proceedings for out-of-court disobedience such as violating a court order. *See, e.g., North American Coal Corp. v. Local Union 2262, UMWA*, 497 F.2d 459 (6th Cir. 1974).

Second, the Defendants have responded to the Intervenor-Plaintiffs' second motion first, before this Court has ruled on the Intervenor-Plaintiffs' earlier motion to intervene, thus rendering their arguments regarding standing premature and possibly even frivolous.[2]

Third, the Intervenor-Plaintiffs have not requested to be appointed prosecutors to enforce this Court's orders, and a good faith reading of the motion does not support the Defendants' imputation of such to the Intervenor-Plaintiffs. They have brought to the Court's attention evidence of violation of its orders that they maintain would warrant the initiation of criminal contempt proceedings, which would then include the appointment of a prosecutor pursuant to Fed.R.Cr.P. 42(a)(2) if this Court so decides to initiate proceedings.

Fourth, there is no doubt that a private party may move the Court to initiate criminal contempt proceedings for violation of a Court order. For example, in the district court proceedings that led to *Young v. United States* ex rel. *Vuitton et Fils S.A.*, 481 U.S. 787, 107 S. Ct. 2124 (1987), the Plaintiffs' counsel not only advised the court by affidavit of violation of the court's injunction, but moved to be appointed private prosecutor

---

[2] On July 7, 2008, the proposed Intervenor-Plaintiffs filed a motion to intervene in the above action and served the parties by certified mail, return-receipt requested. On July 10, 2008, Intervenor-Plaintiffs filed a motion requesting this Court to institute criminal contempt proceedings pursuant to 18 U.S.C. §§ 401 and 402 and to impanel a Special Grand Jury pursuant to 18 U.S.C. §§ 3331-3334 and served the parties by hand delivery to their ordinary place of business. The Defendants filed a Memorandum Contra to the Motion for Criminal Contempt and Special Grand Jury Proceedings on July 18, service to the Intervenor-Plaintiffs by regular mail. They filed their Memorandum in Opposition to the Motion to Intervene on July 25, 2008, service to the Intervenor-Plaintiffs by regular mail.

pursuant to Fed.R.Cr.P. 42, which the lower court granted. *United States* ex rel. *Vuitton Et Fils S.A.*, et al. *v. Karen Bags*, et al., 592 F. Supp. 734 (S.D.N.Y. 1984). The district court's order was reversed on appeal not because one of the process involved, but because "counsel for a party that is the beneficiary of a court order may not be appointed as prosecutor in a contempt action alleging a violation of that order," *Young*, 481 U.S. at 802-809, 107 S. Ct. at 2135-39.[3]

Fifth, the Defendants assert that "once she [the Ohio secretary of State] became aware that not all of the counties had retained all of their ballots, she informed the court." (Defendants' Memo Contra, pp. 5-6). The suggestion that this informal communication is tantamount to a formal submission and request for this Court's consideration of the evidence of disobedience to this Court's orders is, at best, misleading.[4]

The attorneys for the Defendants are under both a duty of candor toward the tribunal and a duty of fairness toward the opposing party.[5] As a government attorney in a

---

[3] The Advisory Committee on the Rules note that "Revised Rule 42(a)(2) now explicitly addresses the appointment of a 'prosecutor' and adopts language to reflect the holding in *Young v. United States* ex rel. *Vuitton*, 481 U.S. 787 (1987). In that case the Supreme Court indicated that ordinarily the court should request that an attorney for the government prosecute the contempt; only if that request is denied, should the court appoint a private prosecutor. The rule envisions that a disinterested counsel should be appointed to prosecute the contempt." Notes of Advisory Committee on Rules, 2002 Amendment.

[4] The Intervenor-Plaintiffs assume this was informal communication, since there is no public record of such communication in the court docket, and the Code of Professional Conduct prohibits an attorney's attempts to directly communicate with the Court. The Ohio Code of Professional Responsibility has the force of law, *Krischbaum v. Dillon*, 567 N.E.2d 1291, 1300 (Ohio 1991); Rule 3.5(3)(i) prohibits communication *ex parte* with a "judicial officer as to the merits of the case during the proceeding unless authorized to do so by law or court order." Ohio Prof. Code Rule 3.5 (2008).

[5] Rule 3.3: CANDOR TOWARD THE TRIBUNAL, provides, in part, "(b) A lawyer who represents a client in an adjudicative proceeding and who knows that a person, including the client, intends to engage, is engaging, or has engaged in criminal or fraudulent conduct related to the proceeding shall take reasonable measures to remedy the situation, including, if necessary, disclosure to the tribunal." In addition, Rule 3.4, FAIRNESS TO OPPOSING PARTY AND COUNSEL, provides that a lawyer shall not (a) "unlawfully obstruct another party's access to evidence; unlawfully alter, destroy, or conceal a document or other material having potential evidentiary value; or counsel or assist another person to do any such act;" and (c) "knowingly disobey an obligation under the rules of a tribunal, except for an open refusal based on a good faith assertion that no valid obligation exists." Ohio Prof. Code Rule 3.3 and 3.4 (2008).

civil action, the Ohio Attorney General is also held to a higher standard than a private attorney, with the responsibility "to seek justice" and to "refrain from instituting or continuing litigation that is obviously unfair." *Freeport-McMoRan Oil & Gas Co. v. FER..*, 962 F.2d 45, 47 (D.C. Circuit 1992) (quoting Model Code of Prof'l Responsibility EC 7-14 (1981)).[6] Given the arguably compromised position of the Ohio Attorney General in reference to the destruction of evidence in violation of this Court's orders, as well as the repeated requests, supported by evidence, by the Intervenor-Plaintiffs to the Ohio Attorney General to take action (Ex. A), the Ohio Attorney General's veiled suggestion (Defendants' Memo Contra, p. 7, n. 3) that it should be the one to certify in writing the need for a Special Grand Jury is once again, at best, misleading in the context of this case.

Further, 18 U.S.C. § 3331(a) provides that "in each district court which is located in a judicial district containing more than four million inhabitants," a special grand jury shall be summoned at least once in each period of eighteen months unless another special grand jury is then serving. 18 U.S.C. § 3331(a). The United State District Court for the Southern District of Ohio is clearly located in such a judicial district. The Court may bring offenses against the criminal law of the United States to the attention of the grand jury, as may "any attorney appearing on behalf of the United States" 18 U.S.C. § 3332(a). The Court may also order an additional special grand jury to be impaneled if the district court determines the volume of business of the special grand jury exceeds its capacity. 18 U.S.C. § 3332(b).

---

[6] On the responsibility of a government attorney, *see, generally*, Berenson, Steven K., *The Duty Defined: Specific Obligations that Follow from Civil Government Lawyers' General Duty to Serve the Public Interest*, 42 Brandeis L.J. 13 (Fall, 2003).

4

Sixth, it is it is well-established that criminal contempt is a crime in the ordinary sense. *International Union, UMWA, et al. v. Bagwell, et al.*, 512 U.S. 821, 825; 114 S. Ct. 2552, 2556 (1993), citing *Bloom v. Illinois*, 391 U.S. 194, 201, 88 S. Ct. 1477, 1488 (1968).[7] That criminal contempt does not require an indictment does not preclude impaneling a Special Grand Jury to investigate and indict for this or conjugate crimes such as obstruction of justice. Rather, such a Special Grand Jury simply affords an additional procedural protection.

Further, 18 U.S.C. § 3331(a) provides that a special grand jury shall be summoned at least once in each period of eighteen months unless another special grand jury is then serving "in each district court which is located in a judicial district containing more than four million inhabitants." 18 U.S.C. § 3331(a). The United State District Court for the Southern District of Ohio is clearly located in such a judicial district. As explained more fully in Intervenor-Plaintiffs' earlier motion, offenses against the criminal law of the United States may be brought to the "attention of the grand jury by the court or by any attorney appearing on behalf of the United States" 18 U.S.C. § 3332(a). If the district court determines the volume of business of the special grand jury exceeds its

---

[7] The Supreme Court in *Bloom* stated: "Criminal contempt is a crime in the ordinary sense; it is a violation of the law, a public wrong which is punishable by fine or imprisonment or both. In the words of Mr. Justice Holmes:
> 'These contempts are infractions of the law, visited with punishment as such. If such acts are not criminal, we are in error as to the most fundamental characteristic of crimes as that word has been understood in English speech.' *Gompers v. United States*, 233 U.S. 604, 610 (1914).

"Criminally contemptuous conduct may violate other provisions of the criminal law; but even when this is not the case convictions for criminal contempt are indistinguishable from ordinary criminal convictions, for their impact on the individual defendant is the same. Indeed, the role of criminal contempt and that of many ordinary criminal laws seem identical -- protection of the institutions of our government and enforcement of their mandates." *Bloom v. Illinois*, 391 U.S. at 201, 88 S. Ct. at 1488 (1968) (footnote omitted).

capacity, the court may order an additional special grand jury to be impaneled. 18 U.S.C. § 3332(b).

Finally, the Defendants continue to act as arbiters of the validity of this Court's orders by suggesting that this Court's order of September 11, 2006, because it was issued after the 22-month retention period for the ballots, is void. (Defendants' Memo Contra, p. 2, n.1). The Defendants did not challenge the validity of the order at the time it was issued,[8] nor have they challenged the order now on any permissible ground, *see e.g.*, In re *Providence Journal Co.*, 820 F.2d 1342, 1347 (1st Cir. 1986) (defendant allowed to raise clear lack of jurisdiction or "transparent invalidity" of court order as defense in criminal contempt proceeding when order imposing prior restraint on freedom of press transparently invalid as unconstitutional prior restraint of speech).[9] This Court's order of September 11th is clear that the ballots could not lawfully have been destroyed prior to court order because they were the subject of pending litigation. *King Lincoln*, et al. v. *Blackwell*, et al., 448 F. Supp. 2d 876, 878-89 (S.D. Ohio 2006). To even suggest that this Court's order of September 11th is now somehow inapplicable after widespread disobedience to this order is, yet again, misleading.

---

[8] As noted by this Court in its September 11th Opinion and Order: "It is beyond peradventure that the 2004 election ballots, which are presently in the custody of Ohio's 88 county boards of elections, are at issue in this case and should be preserved. *Indeed, the parties so agree.*" *King Lincoln*, et. al. v. *Blackwell*, et al., 448 F. Supp. 2d 876, 880 (S.D. Ohio 2006) (emphasis added).

[9] Rule 3.4, FAIRNESS TO OPPOSING PARTY AND COUNSEL, also provides that a lawyer shall not "knowingly disobey an obligation under the rules of a tribunal, except for an open refusal based on a good faith assertion that no valid obligation exists." Ohio Prof. Code Rule 3.4(c) (2008).

6

Dated: July 28 2008

Respectfully submitted,

*Paddy Shaffer*

Paddy Shaffer, *Pro Se*
2408 Sonnington Drive
Dublin, Ohio 43016
614-266-5283
paddy@columbus.rr.com

Respectfully submitted,

*signature*

Marlys Barbee, *Pro Se*
8137 W. Sharps Ridge Road
McConnelsville, OH 43756
740-962-2741
mjbarbee@emypeople.net

Dated: July 28, 2008
_____

Dated: July 29, 2008

Respectfully submitted,

*Virginia Brooks*
Virginia Brooks, *Pro Se*
1196 Twp. Rd. 2116
Ashland, Ohio 44805
419-685-0299
vareforms1@bright.net

Dated: July 27, 2008

Respectfully submitted,

*Mark P Brown*

Mark Brown, *Pro Se*
83 Hanford Street
Columbus, Ohio 43206
614-449-1989

Dated: July 28, 2008

Respectfully submitted,

*Bruce T Duncanson*

Bruce Duncanson, *Pro Se*
947 E. Weber Road
Columbus, Ohio 43211
bruce@redpeacecross.com
614-747-4533

Dated: July 23 2008

Respectfully submitted,

*Marian Lupo*
Marian Lupo, *Pro Se*
310 S. Eureka Avenue
Columbus, Ohio 43204
614-276-0948
marianlupo90@msn.com

Dated: July 28, 2008

Respectfully submitted,

[signature]

Peter Jones, Ph.D., Pro Se
4098 Wagner Rd.
Dayton, OH 45440
937-320-9680
peter@poetics.org

Dated: July 28, 2008

Respectfully submitted

*Timothy J. Kettler*

Timothy Kettler, *Pro Se*
29674 Township Road
Warsaw, Ohio 43844
740-502-6453
tmkettler@aol.com

Ex. A – Affirmation of Paddy Shaffer

I am the Director of the Ohio Election Justice Campaign, and I have personal knowledge of the below:

2. Members of the Ohio Election Justice Campaign, including myself, contacted the Ohio Attorney General's office and gave evidence of election crimes on at least 15 occasions between Spring 2006 and May 28, 2008.

3. On December 17, 2007, sixteen members of the Ohio Election Justice Campaign, including myself, met with three attorneys at the Ohio Attorney General's Office for three hours and raised numerous issues, including the destruction of the ballots.

4. We were promised another meeting and some action on the evidence we presented; neither occurred in spite of follow-up telephone calls and personal visits to the Ohio Attorney General's office by members of the Ohio Election Justice Campaign, including myself.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed this 29 day of July, 2008, in Franklin County, Ohio.

*Paddy Shaffer*
Paddy Shaffer
2408 Sonnington Drive
Dublin, Ohio 43016

## Certificate of Service

I hereby certify that on July 29, 2008, the foregoing Reply to Defendants' Memorandum Contra to Motion for Criminal Contempt Pursuant to 18 U.S.C. §§ 401-402 and Special Grand Jury Proceedings Pursuant to 18 U.S.C. §§ 3331-3334 was filed on paper in person with the clerk of court pursuant to U.S. District Court, S.D.Ohio local Civil Rule 5.1( c). A true copy of this motion was sent by regular U.S. mail to the following counsel of record:

Clifford O. Arnebeck, Jr.
Robert J. Fitrakis
1000 East Main Street, Suite 102
Columbus, Ohio 43215

Henry W. Eckhart
50 West Broad Street, Suite 2117
Columbus, Ohio 43215
Counsel for Plaintiffs

Richard W. Coglianese, Trial Attorney
Damian W. Sikora, Assistant Attorney General
Constitutional Offices Section
30 East Broad Street, 17th Floor
Columbus, Ohio 43215
Counsel for Defendants

*Paddy Shaffer*

Paddy Shaffer, *Pro Se*
2408 Sonnington Drive
Dublin, Ohio 43016
614-266-5283
paddy@columbus.rr.com