# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION

**KING LINCOLN BRONZEVILLE**
**NEIGHBORHOOD ASSOCIATION, ET AL.,**

      **PLAINTIFFS,**

  VS.

**JENNIFER BRUNNER, ET AL.,**

      **DEFENDANTS.**

**CASE NO. 2:06-CV-745**

**JUDGE MARBLEY**

**MAGISTRATE JUDGE KEMP**

## PLAINTIFFS' MOTION TO STRIKE PROPOSED INTERVENORS' MOTION TO INTERVENE AND MOTION TO CONVENE A GRAND JURY

Plaintiffs move that the motions of various proposed individual *pro se* interveners, filed on July 7 and 8, 2008, be stricken, as not filed in accordance with Civil Rule 24(c).

Respectfully submitted,

*/s/ Clifford O. Arnebeck, Jr.*
Clifford O. Arnebeck Jr. (0033391)
Trial Attorney
arnebeck@aol.com
Robert J. Fitrakis (0076796)
truth@freepress.org
1000 East Main Street, Suite 102
Columbus, Ohio 43215
614-224-8771

Henry W. Eckhart (0020202)
henryeckhart@aol.com
50 West Broad Street, Suite 2117
Columbus, Ohio 43215
614-461-0984
Counsel for Plaintiffs

1

# MEMORANDUM IN SUPPORT OF MOTION

## The Motions Filed by Proposed Intervening Plaintiffs Violate the Plain Requirements of Civil Rule 24(C)

Civil Rule 24(c) provides that:

> A person desiring to intervene shall serve a motion to intervene upon the parties as provided in Rule 5. The motion shall state the grounds therefor and shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought.

The rule makes the pleading for which intervention is sought both subordinate to, and contingent upon, the granting of the motion to intervene, inasmuch as nonparties to the case do not ordinarily have the right to file pleadings in that case. Customarily, the subordinate and contingent pleading is filed *instanter*, meaning that it will be deemed to have been served upon the parties in the case on the date that the court grants the requested intervention.

Instead of following the procedure prescribed by Rule 24(c), the proposed intervening plaintiffs filed their motion to intervene on July 7, 2008, and their motion for criminal contempt and to convene a grand jury on July 10, 2008, with the certification of service upon the parties on those respective dates. This created the appearance that the motion filed on July 10, 2008, was properly before the court and parties on that date, when it was not.

## Moving Intervening Plaintiffs' Deviation from Civ. R. 24(C) Accomplished the Purpose for Which Such Deviation Appears to Have Been Intended

On July 11, 2008, the proposed intervening plaintiffs issued a press release (Attachment A hereto, and at http://www.electiondefensealliance.org/OEJC) stating that they, as *pro se*

plaintiffs had filed for contempt and to convene grand jury proceedings in the King Lincoln case in federal court in Columbus, Ohio. The news release created the same incorrect perception that the proposed *pro se* litigants were plaintiffs in the case and had properly filed this pleading.

The unincorporated association to which the proposed intervening plaintiffs state that they belong incorporates their news release of July 11, 2008 into their website and continue to maintain that they, as *pro se* litigants, had filed a motion in the King Lincoln case asking a federal court to convene a federal grand jury for the purpose of investigating Ohio elections officials whom they allege violated a court order in the case. The website contains a solicitation for funds to support the work of the association in this matter.

That was the perception of the Ohio Statehouse Bureau of the Associated Press which wrote a story on this the following week that appeared in the Akron Beacon Journal, Columbus Dispatch, and Ohio News Network, among other media (Attachment B hereto). The AP story specifically mentions the "Ohio Election Justice Campaign" and Paddy Shaffer as its director. A reporter for the Cincinnati Enquirer news report on this matter appeared in the Zanesville and Coshocton newspapers. The Zanesville and Coshocton newspapers specifically mention proposed intervening plaintiff Tim Kettler, as an independent candidate for the Ohio State Senate in that area of the state, as a plaintiff in the King Lincoln action.

The undersigned had announced within the election protection community that plaintiffs were about to resume their civil litigation based upon major developments relevant to the case. Ms. Lupo and Shaffer appear to have timed their motions and kept secret their intentions to file them

for the purpose of upstaging plaintiffs' resumption of activity in the case and to raise contributions based upon creating the appearance of their involvement in the plaintiffs' actions.

**The Proposed Intervening Plaintiffs Are In Fact Being Advised and Represented by Legal Counsel and Are Not Entitled to Leniency with Respect to Their Adherence to the Civil Rules**

The proposed intervening plaintiffs are not entitled to leniency with respect to their deviation from Civil Rule 24(c) by virtue of their alleged *pro se* status, because in fact they are being represented by counsel. One of the *pro se* proposed litigants, Marion Lupo, has a Juris Doctor degree, has previously been admitted to the practice of law in New York and Ohio, has held a judicial clerkships with the federal court in the Northern District of Ohio and the Sixth Circuit. In addition, from the time of the preparation of plaintiffs' amended complaint in this case to the time at which plaintiffs and defendant Ohio Secretary of State Jennifer Brunner entered into a standstill agreement with respect to this litigation, Ms. Lupo was acting in a paralegal capacity for counsel for the plaintiffs, participated in a meeting with the undersigned trial counsel with one of the individual plaintiffs and one of the associations in this case, attended a conference in chambers at which time she was introduced to one of the law clerks for this court, as a former law clerk, and attended the settlement conference between plaintiffs' counsel and the Ohio Attorney General's office, at which the parties to this case entered into a standstill agreement. In addition, Ms. Lupo without authority of plaintiffs' counsel and inconsistently with plaintiffs trial counsel's standstill agreement with the Attorney General's office and advice to the court's law clerk regarding the standstill agreement and the imminent joint filing by the parties of a motion to stay the proceeding, electronically filed in the name of attorney Robert Fitrakis what she

4

denominated as a proposed response to the Secretary of State Kenneth Blackwell's motion to dismiss this case as moot.

Legal representation of the proposed intervening plaintiffs in this matter is apparent from the moving intervening plaintiffs' memorandum in support of motion to intervene at page 10, where they offer to brief the court further on the prejudice to their interests if intervention is not granted by virtue of the applicable statute of limitations to their claims in this case. It is also evident in their presuming to lecture the office of the Ohio Attorney General for not understanding the applicable legal procedure with respect to their two motions at page 2 of their reply to the Secretary of State's memorandum contra their motion to convene a grand jury. The proposed intervenors state as follows:

> Second, the Defendants have responded to the Intervenor– Plaintiffs' second motion first, before this Court has ruled on the Intervenor–Plaintiffs' earlier motion to intervene, thus rendering their arguments regarding standing premature and possibly even frivolous.

The proposed *pro se* plaintiffs, other than Ms. Lupo, are obviously relying upon Ms. Lupo to advise them with respect to legal matters, to prepare legal pleadings and generally to represent them as counsel in all respects except formally and transparently before the court, by signing such pleadings as their attorney.

Subsequent to the termination of her involvement in a paralegal capacity with plaintiffs, Ms. Lupo appears to have functioned as counsel to Paddy Shaffer in regard to the creation of the association Ohio Election Justice Campaign and its activities such as a public demonstration in 2007 to memorialize the "death of democracy," to make public demands for meetings on Ms.

5

Shaffer's terms with the Ohio Secretary of State and Ohio Attorney General to demand their criminal investigation of Ohio election fraud, and to criticize the Ohio Secretary of State's inclusion of various officials from various County boards of elections in the development and review of the Everest report asking with respect to such officials: "Who are these turkeys?" in her press release and news conference.[1]

**In Addition to Failing to Meet the Other Requirements of Intervention by Right or by Permission, the Purposes of the Proposed Intervenors' Are Extraneous To This Case and They Lack of Standing to Be Plaintiffs in This Case**

Filing pleadings in this case as a fund raising device for Ms. Shaffer and her Ohio Election Justice Campaign, and to help proposed plaintiff Tim Kettler promote his third-party candidacy for the Ohio State Senate, and to give proposed plaintiff Lupo a venue to practice law are not proper purposes under the civil rules.

This case does not allege that there is a bipartisan conspiracy against third parties, any conspiracy against third parties or against the disabled. Plaintiffs in this case are African-Americans, young voters and a homeless voter who have been specifically targeted in a conspiracy to suppress voters and/or tamper with their votes by which they have been harmed and remain under continuing threat. The Secretary of State is correct in her memorandum Contra proposed intervener's motion to intervene in this case that the proposed intervening

---

[1] Ohio Secretary of State Jennifer Brunner was awarded the Kennedy Profiles in Courage award for her work in support of election integrity in connection with the Everest report.

plaintiffs have failed to make a showing of standing or of the relevance of their concerns to the subject matter of this litigation.

There is another case filed by the League of Women Voters in federal court in Toledo which alleges that the problems that were so apparent in the 2004 Ohio election are the result of maladministration over the course of years through both Democratic and Republican secretaries of state. There is other litigation filed on behalf of the rights of disabled voters in which counsel has been provided by the ACLU. These cases may be more appropriate venues for this expression of these proposed intervening plaintiffs stated interests and concerns.

The procedural abuse addressed in this motion to strike suggests that granting the proposed intervening plaintiffs motion to intervene in this case would be disruptive to the parties and the progress of their cooperative negotiations and conduct in this suit and to the vital public interest in this matter.

**Conclusion**

Wherefore, Plaintiffs request that their motion to strike the pleadings of the proposed intervening plaintiffs be granted.

>Respectfully submitted,
>
>*/s/Clifford O. Arnebeck, Jr.*
>Clifford O. Arnebeck Jr. (0033391)
>Trial Attorney
>arnebeck@aol.com
>Robert J. Fitrakis (0076796)

truth@freepress.org
1000 East Main Street, Suite 102
Columbus, Ohio 43215
614-224-8771

Henry W. Eckhart (0020202)
henryeckhart@aol.com
50 West Broad Street, Suite 2117
Columbus, Ohio 43215
614-461-0984
Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

This is to certify a copy of the foregoing was served upon counsel of record by means of the Court's electronic filing system and by ordinary mail to the individual movants to intervene as plaintiffs at the addresses set forth in their motion, on this 31st day of July 2008.

*/s/ Clifford O. Arnebeck, Jr.*