FILED
JAMES BONINI
CLERK

2006 AUG 13   A II: 52

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

KING LINCOLN, ET AL.                                    :

                **PLAINTIFFS,**          :

AND                                                            :

                               :          **Civil Action No. C2  06 745**

THE OHIO ELECTION JUSTICE CAMPAIGN,          :
PADDY SHAFFER, MARLYS BARBEE,                    :          **JUDGE ALGENON**
VIRGINIA BROOKS, MARK BROWN,                      :          **MARBLEY**
BRUCE DUNCANSON, MARIAN LUPO,                   :
PETER JONES, AND TIMOTHY KETTLER          :          **MAGISTRATE**
                               :          **JUDGE KEMP**

individually and as CLASS REPRESENTATIVES          :
under Fed.R.Civ.P. 23,                                          :

v.                                                                  :

JENNIFER BRUNNER, ET AL.                            :

                **DEFENDANTS.**          :

                               :

## INTERVENOR-PLAINTIFFS OHIO ELECTION JUSTICE CAMPAIGN AND NAMED PLAINTIFFS' SHAFFER, BARBEE, BROOKS, BROWN, DUNCANSON, LUPO, JONES, AND KETTLER REPLY TO PLAINTIFFS' COUNSELS' MOTION TO STRIKE THEIR MOTION FOR INTERVENTION AND CRIMINAL CONTEMPT/GRAND JURY PROCEEDINGS

Intervenor-Plaintiffs submit that Plaintiffs' counsel have not raised any legal

arguments in the Motion to Strike the Intervenor-Plaintiffs' Motion for Intervention and

Motion for Criminal/Grand Jury Proceedings not already addressed by Proposed

Intervenor-Plaintiffs in their filings before this Court. Their motion, however, asserts

several misrepresentations of fact to this Court, which are addressed in the attached

1

affidavits and exhibits of Proposed Intervenor-Plaintiffs Timothy Kettler, Marian Lupo, and Paddy Shaffer.

Proposed Intervenor-Plaintiffs respectfully request this Court to deny Plaintiffs' counsels' Motion to Strike their Motion for Intervention and Motion for Criminal Contempt/Grand Jury Proceedings.

Dated: August 12, 2008

Respectfully submitted,

*Paddy Shaffer*

Paddy Shaffer, Pro Se
2408 Sonnington Drive
Dublin, Ohio 43016
(614) 266-5283
paddy@columbus.rr.com

Respectfully submitted,

*[signature]*

Marlys Barbee, *Pro Se*
8137 W. Sharps Ridge Road
McConnelsville, OH 43756
740-962-2741
mjbarbee@emypeople.net

Dated: August 11, 2008

Dated: August 12, 2008

Respectfully submitted

*Virginia Brooks*

Virginia Brooks, Pro Se
1196 Twp. Rd. 2116
Ashland, Ohio 44805
419-368-6074
vareforms1@bright.net

Dated: August 10, 2008

Respectfully submitted,

Mark Brown, *Pro Se*
83 Hanford Street
Columbus, Ohio 43206
614-449-1989

Dated: August 11, 2008

Respectfully submitted,

Bruce Duncanson, *Pro Se*
947 E. Weber Road
Columbus, Ohio 43211
bruce@redpeacecross.com
614-747-4533

Dated: August 12, 2008

Respectfully submitted,

*Marian Lupo*

Marian Lupo, *Pro Se*
310 S. Eureka Avenue
Columbus, Ohio 43204
614-276-0948
marianlupo90@msn.com

Dated: August 11, 2008

Respectfully submitted,

Peter Jones, Ph.D., *Pro Se*
4098 Wagner Rd.
Dayton, OH 45440
937-320-9680
peter@poetics.org

Dated August 11, 2008

Respectfully submitted,

Timothy Kettler, *Pro Se*
29674 Township Road 30
Warsaw, Ohio 43844
740-502-6453
tmkettler@aol.com

I Timothy Kettler, do solemnly swear:

1. I reside at 29674 Township Road 30 Warsaw, Coshocton County, Ohio
2. I have served as the secretary of the Green Party of Ohio for approximately the last four years.
3. I voted in the November 2004 General Election.
4. I served as a 2004 Presidential Vote Recount Regional Coordinator, County Coordinator and candidate's witness for David Cobb.
5. I was a co-plaintiff in the lawsuit *Rios, et al. v Blackwell (* USDC Case No.3:04CV7724)
6. I was a candidate for Ohio Secretary of State in the November 2006 General Election.
7. I appeared on the Ohio Ballot in the November 2006 General Election having gathered over 10,000 signatures on the nominating petition.
8. The official results of the 2006 Ohio General Election for Ohio Secretary of State recorded 78,075 votes cast for my candidacy (2.04%)
9. I made statements publicly and privately in conversation and print and electronic media relating to the 2004 Presidential Vote Recount in Coshocton County and the election recount fraud I was a witness to;
   http://www.freepress.org/departments/display/19/2006/2138
   as well as other election issues.
   http://www.freepress.org/departments/display/10/2006/1769
10. I have participated in many public events focused on election issues arising from the November 2004 general election as a speaker, organizer and participant.
11. Approximately February, 2006 at the request of Robert Fitrakis, Co- Counsel for the Plaintiffs in *King Lincoln, et al* I supplied all original documents in my possession related to recount fraud in the Presidential Vote Recount of 2004 in Coshocton County.
12. According to Robert Fitrakis these documents were to be scanned and used in King Lincoln, et al.
13. Approximately June, 2006 I retrieved aforementioned documents from Robert Fitrakis at his law office after they were scanned and on that day had a 20-30 minute conversation with Co-Counsel for the plaintiffs in King Lincoln, et al, Clifford Arnebeck Jr. reviewing the recount fraud I witnessed in Coshocton County. Mr. Arnebeck examined said documents at that time.
14. On August 16, 2006 I submitted a request for investigation of the events surrounding the 2004 Presidential Vote Recount in Coshocton County to the Coshocton County Prosecutor.
15. On August 19, 2006, at the direction of the Coshocton County Prosecutor, I filed a duplicate of the paperwork filed with the Coshocton County Prosecutor as a police report with the Coshocton County Sheriff's Office (complaint#0106002634)
16. On March 26, 2007 I submitted the copies of the police report and all exhibits to Eleanor Speelman of the Ohio Secretary of State's office.
17. On October 4, 2007, after learning that the Secretary of State lost the previously submitted file, I re-submitted copies of the report and exhibits directly to

Secretary of State Jennifer Brunner, David Farrell, Deputy Assistant Secretary
and Director of Elections and the Office of Marc Dann, then Attorney General.

18. I am currently the Green Party candidate for Ohio Senate District 20 in the
November 2008 General Election.

Dated August 7, 2008

*Timothy Kettler*

Timothy Kettler
29674 Township Road 30
Warsaw, Ohio  43844

Sworn and subscribed to me in my presence by Timothy Kettler on this 7th
day of August 2008, in the county of Coshocton , state of Ohio

NOTARIAL SEAL
STATE OF OHIO

JESSICA N. ARNOLD
Notary Public, State of Ohio
My Commission Expires
6/8/09

*Jessie N Arnold*
Notary

I, Marian Lupo, do solemnly swear:

1. I graduated from Brooklyn Law School *summa cum laude*, where I served as editor-in-chief of the law review.

2. I served as a law clerk for the Hon. Jacob Mishler, United States District Court, Eastern District of New York.

3. I served as a law clerk for the Hon. Robert J. Krupansky, United States Court of Appeals for the Sixth Circuit.

4. I taught Advanced Legal Research and Writing and Legal Research and Writing I at Cleveland-Marshall College of Law.

5. I was admitted to the New York State bar by the Appellate Division of the Supreme Court of the State of New York, in and for the Second Judicial Department; my license had been in retirement status for 14 years.

6. I hold an M.A. and a Ph.D. from The Ohio State University; one of my areas of scholarship is Disability Studies.

7. I have also been a member of The Ohio State University's Moritz College of Law Center for Interdisciplinary Law and Policy Studies.

8. I have published extensively in my field, and I have held several positions of leadership within my profession, including service on the national Modern Language Association's Committee on Disability Issues in the Profession.

9. I have presented my research extensively, including a paper on 42 U.S.C § 1982 immunity at Capital University Law School; on Disability Studies at multiple local and national conferences; and on the Ohio Election Protection Coalition at a national conference held in Washington, D.C.

10. I have received numerous awards, fellowships, and grants as a teacher and scholar; most recently, a grant to attend the Ford Foundation international conference on the human rights of people with disabilities in Nairobi, Kenya and to study disability in Kenya.

11. Mr. Clifford Arnebeck contacted me and asked me to help conduct research for the *King-Lincoln* case; my understanding is that he contacted me because several attorneys, including the Center for Constitutional Rights, had withdrawn from the case; I agreed to help because of the above relevant research and experience.

23. I have spoken with Mr. Fitrakis since then only once, not long after the above memorandum, when he called me to tell me that Mr. Arnebeck was threatening to sue me for defamation.

24. I did not found the OEJC, and I do not serve as counsel to Paddy Shaffer.


*Marian Lupo*

Marian Lupo
310 S. Eureka Avenue
Columbus, Ohio 43204

*Witness my hand and official seal.*

*Loretta Deems-Notary*

LORETTA DEEMS
Notary Public
In and for the State of Ohio
My Commission Expires 10-11-09

NOTARIAL SEAL
STATE OF OHIO

To: Cliff Arnebeck (by e-mail)
CC: Henry Eckhart, Robert Fitrakis (by e-mail)
From: Marian Lupo
Re: Service of Summons, *King Lincoln Bronzeville Neighborhood Association v. J. Kenneth Blackwell*, C2 06 745
Date: 2/07/07

Dear Cliff,

I am writing this memo to put in writing the conversations I have had with you regarding service of the summons against the other named defendants in this case and to, once again, explain the consequences and urge you to perfect service of process.

Service of Summons

The federal rules provide 120 days for service of summons. The amended complaint in this case was filed on 10/9/06, a legal holiday, so the 120 days runs from 10/10/06. The date of the event that triggers the summons is not included in the time frame. Therefore, the time period for service runs from 10/11/06. 120 days from 10/11/06 is 2/07/07 (Wednesday). Neither legal holidays nor weekends are excluded from the 120 day period.

If service is not perfected today, then the Court has no personal jurisdiction over the other named defendants. As you know, the Court cannot give itself jurisdiction.

Two major consequences:

1. Dismissal for failure to state a claim: The amended complaint was filed in response to Blackwell's motion for a more definite statement. Because the initial complaint alleged conspiracy, Blackwell made the argument that he could not respond to the complaint because it was too vague and did not name the other co-conspirators. If the amended complaint had not been filed, Blackwell then could have made a motion to dismiss the complaint for failure to state a claim.

   I am not making any judgment about whether he would have been successful or not. Just explaining that the amended complaint was filed to survive such a motion to dismiss and to conform the complaint to the evidence (affidavit filed by Richard Hayes Phillips).

   If the Court has no personal jurisdiction over the other named defendants, then Blackwell is free, once again, to make a motion to dismiss the complaint. In terms of settling this case, lack of personal jurisdiction over the other named defendants places the plaintiffs in this case in a weaker, if not untenable, position.

2. Claims barred by statute of limitations: 42 U.S. section 1983 itself does not provide a statue of limitations. The statute of limitations is each state's residual personal injury statute of limitations. In Ohio, that is two years. The complaint alleges injuries resulting from the 11/2/04 election. The statutue of limitations on such injuries is 11/2/06. Therefore, if the named defendants are not served, there will be a serious probem in bringing any action against them for events that happened on 11/2/04. Damshroeder, in particular, may escape liability.

A stay of the proceedings does not stay the requirement to serve process and, thus, give the Court personal jurisdiction. Neither the Court nor the Secretary of State can stay service of the summons. In addition, a motion to extend the time for service should be made before the time for service expires.

I realize there may be arguments that can be made for not serving the summons, but all of them are weak **from the Court's perspective.** I believe I was asked to conduct the research for this case because of my experience as an U.S. District Court law clerk (E.D.N.Y) and an U.S. Appellate Court law clerk (Sixth Circuit). Based on my experience, the federal courts take personal jurisdiction very seriously, and they are very unlikely to find excusable neglect in this case. Therefore, you are looking at a very real possibility that this case will be dismissed as to the other named defendants for failure to perfect personal jurisdiction; then looking at a very real possibility that Blackwell himself will make a motion to dimiss the complaint as to him for the same reasons raised in the motion for a more definite statement. . And even if Judge Marbley does not dimiss it for these reasons, although I believe the law requires him to do so, I believe the Sixth Circuit will have no problem finding this error alone (failure to perfect personal jurisdiction) reversible error.

Finally, I cannot in good faith conduct further research on this case or this point of law if the other named defendants are not served. It is a matter of due process – fairness – that you give the defendants notice they have been named in a federal law suit. In addition, the AG on this case is well aware of this requirement. When you moved for a TRO, Richard Coglianese personally gave Damshroeder's attorney a copy of the papers. He was angry that he had not been served. He knows they have not been served, and I expect he will raise this issue himself soon. Overall, I believe failure to perfect service of process over the other named defendants in the amended complaint severely, profoundly, and irreversibly compromises this case and the plaintiffs' interests in this case.

I am sending you, along with this memo, the initial names and addresses of the named defendants in the amended complaint. You have had this information since before the amended complaint was filed on October 9, 2006. I urge you to perfect service of process over the other named defendants in this case immediately.

I, Paddy Shaffer, do solemnly swear:

1. I am a graduate of the Columbus College of Art & Design; my artwork has an international audience; I have taught art classes for over twenty years in a wide variety of mediums, specializing in pottery, and I have held leadership positions within my community and field, such president of the Dublin Area Art League, which included activities such as reviewing portfolios and awarding art scholarships to high school students, conducting workshops, writing grants, and hosting community art festivals.

2. I served as Delaware County Recount Coordinator for the recount of the presidential election; training 18 people to be recount observers in 2004, and we observed in a total of three Ohio counties.

3. Since that time, I have dedicated myself to researching the numerous problems of Ohio, New Hampshire, and Pennsylvania elections, 99.99% of it as a volunteer.

4. I founded the Ohio Election Justice Campaign on my own initiative, and I serve as director without compensation.

5. In 2005, I was a poll worker in Franklin County, Ohio; in the 2006 Primary election, I was a candidate for the U.S. House of Representatives in the 12th District of Ohio; I ran for public office to share my personal experience and knowledge of Ohio's election problems and ways to resolve them.

6. I also ran a statewide program called "The Five Candidate Election Observer Project 2006" for the 2006 General Election, and I placed volunteers with legal status to be observers in many Ohio counties; a large amount of new election problem information was collected as a result of this project, and actual voters received assistance from our observer project.

7. Until the late summer of 2007, I provided all my research, including research from the above observer project, entirely for free, to Robert Fitrakis and Clifford Arnebeck; I often spent whole days at a time to prepare this research for them; and I used my own money to pay for gas, some copies, and phone charges incurred in the course of this work.

8. At all times, I conducted my election research independently; I have never agreed, either orally or in writing, to be bound in any capacity with either attorney, nor have they ever approached me in such a capacity for the instant lawsuit.

9. On July 20, 2007, I was contacted by Mr. Lloyd Early, Assistant Executive Director of Certification and Standards, Ohio Peace Officer Training Commission and Director of Special Investigations, Ohio Bureau of Criminal Identification and Investigation, and asked to provide him the evidence I had regarding election fraud, including my personal experiences, with which I complied; his division

20. On August 14th, he informed me by e-mail to refrain from the above meeting because of the lawsuit. Mr. Arnebeck's reason is because of the above free research I gave to Mr. Fitrakis and his newspaper.

21. On August 16th, he informed me not to conduct further research, again, because of the above.

22. On September 6th, he informed me I could not speak with my mentor and close acquaintance Richard Hayes Phillips and also that he had submitted all the evidence regarding the destruction of ballots to this Court.

23. Mr. Richard Hayes Phillips had given me copies of these records, which are also available to the public on the website run by Mr. Fitrakis's newspaper.

24. The attached e-mails are true copies of the e-mails Mr. Arnebeck sent me. I have not attached all of his e-mails or my response to him.

25. During this same time period, Mr. Fitrakis began to tell me he could not be seen talking to me in public, but to continue to send my research to his Free Press e-mail address, which for a while I did.

26. I discovered, through a public records request to the Ohio Attorney General's office, that Mr. Arnebeck had represented himself as my attorney to Associate Attorney General Chelsea Rice.

27. She wrote about this and other things to Damian Sikora, Thomas Winters, Michael W. Deemer, Kent M. Shimeall, Richard N. Coglianese, Jessica Utovich, Lloyd Early, Paul L. Scarsella, and Brian Laliberte on Tuesday, August 28, 2007.

28. Attached is a true copy of the record the Ohio Attorney General's office sent me.

29. On May 5th, 2008, I wrote a letter to the Ohio Attorney General explaining, among other things, that Mr. Arnebeck was not and never had been my attorney.

30. Attached is a true copy of the letter I sent then Ohio Attorney General Marc Dann.

31. I was involved in the planning and the actual events that the election integrity community held on November 2, 2007. Mr. Fitrakis agreed to speak at one of the events that day and also published an article about it.

32. I was one of multiple OEJC members who on November 21, 2007, the day prior to Thanksgiving, held a press conference in Columbus, Ohio. The subject matter was the problems with the voting machines, our recommendation that there be a recall and a refund, and the involvement of lobbyist Aaron Ockerman in giving

the Ohio Secretary of State the names of the 12 election officials to take part in the Project EVEREST testing of the voting machines.

33. As it was on the day prior to Thanksgiving, and I am an artist and sculptor, for a visual aid we had a large sculpture of a golden roasted turkey stuffed with money that I created with fellow OEJC member Victoria Parks. I verbally and visually connected the holiday turkey with ongoing events in Ohio.

34. The OEJC does have a way to accept donations online, but it has only been used twice.

35. In the past twelve months, we have raised approximately $2000 total, most of it donated in amounts under $60 by members of the OEJC, much of it my personal donations.

36. The bulk of what we/I do is all-volunteer. Donations pay for simple things like copies, paper, and ink. I often have in the past and continue to pay for many OEJC expenses with my personal grocery money.

37. I am not at this time a skilled fundraiser.

38. It is my understanding that I could not have Marian Lupo represent herself as my attorney, as an attorney for the OEJC, or as an attorney for this group of OEJC members as she is not a practicing attorney and has never had an Ohio law license. It is further my understanding that she can be a fellow *pro se* litigant like the other seven OEJC members, and that she can do what we all do, share her knowledge with the group to work to improve this nation.

39. I continue to research the many obvious problems with Ohio elections. I work on actively investigating elections from home almost daily. My last day of active duty investigation outside of my home involved working with two other researchers on Friday, August 8, 2008 at the storage site where the Ohio Secretary of State stores the 2004 election records. On August 8th I paid for my own gasoline to get there and packed a peanut butter and jelly sandwich for my lunch.

Dated August 12, 2008

08/12/2008

Munawwer A. Khan
Notary Public
State of Ohio
My Commission Expires 8/9/201.

Paddy Shaffer
2408 Sonnington Drive
Dublin, Ohio 43016

## Paddy Shaffer

**From:** <Arnebeck@aol.com>
**To:** <paddy@columbus.rr.com>
**Sent:** Tuesday, August 14, 2007 3:06 PM
**Subject:** Contacts with Defendants and their counsel in King Lincoln case

Paddy:

Bob, Henry Eckhart and I represent the plaintiffs in the King Lincoln case. That includes Jesse Jackson who was a principal in the Moss v Bush case before the Ohio Supreme Court.

Inasmuch as we are engaged in negotiations with the Ohio Secretary of State and Attorney General's Office in regard to the case pending before the US District Court, and are under the supervision of the US District Court in regard to all aspects of our representation and conduct, we would appreciate your not seeking to further engage those offices in regard to the matters which we are litigating.

Because of your prior association with Bob's campaign and publications in the Free Press, your activities may be perceived by others as being on behalf of Bob, either as counsel in our case or as editor of the Free Press.

Thank you for your consideration.

Cliff

---

Get a sneak peek of the all-new AOL.com.

## Paddy Shaffer

**From:** <Arnebeck@aol.com>
**To:** <paddy@columbus.rr.com>
**Cc:** <truth@freepress.org>
**Sent:** Thursday, August 16, 2007 4:37 PM
**Subject:** Re: Contacts with BOEs and their counsel in regard to evidence King Lincoln case

Paddy:

On motion of the plaintiffs in King Lincoln, with input from special counsel for the SOS, the court issued a protective order to the boards of elections in Ohio. The court described in its opinion in regard to that order its importance and the serious consequences should it be disobeyed. No doubt the court took that additional step because we had advised the court that, in violation of law and SOS directives, some ballots had already been destroyed, and that some boards were expressing a cavalier attitude about the need to respect the letter of counsel in regard to the preservation of evidence.

The responses of the boards, indicating major omissions in the preservation of ballots was promptly reported to the court and to counsel for the plaintiffs, and in confidence to Richard as an expert witness for the plaintiffs in the case.

As we have indicated in our filings with the court, we have been involved in settlement discussions with the AG's office. Those discussions encompass questions of what, how and when these matters will be addressed in the public interest within the framework our legal system.

The matter of destruction of evidence is important to our case. There is a proper way for that to be explored. That process has rules and is under the supervision of the court to prevent abuse. Furthermore, the manner of that exploration can reveal much about the underlying activities that someone has sought to cover-up through the destruction of evidence.

This to request that you not take it upon yourself to confront the BOEs in regard to this matter. Because of your past association with Bob, this may well be perceived by some as an unethical abuse on our part of the civil rules of procedure and legal ethics. Furthermore, such activities may prejudice our ability to properly pursue and obtain the truth in a form that is useable to prove our case in court. Finally, we want the cooperation of people on the boards and want to approach them in a manner most likely to gain that cooperation.

Cliff Arnebeck
Trial Attorney for Plaintiffs in
King Lincoln v. Blackwell

Get a sneak peek of the all-new AOL.com.

8/9/2008

## Paddy Shaffer

| | |
|---|---|
| **From:** | <Arnebeck@aol.com> |
| **To:** | <paddy@columbus.rr.com> |
| **Cc:** | <truth@freepress.org>; <richardhayesphillips@yahoo.com> |
| **Sent:** | Thursday, September 06, 2007 9:17 PM |
| **Subject:** | Richard Phillips's role |

Dear Ms. Shaffer:

Richard felt the need both to complete certain aspects of his investigation and to talk with the new SOS in his role as author of his book on the 2004 election. Consequently, for a time during the agreed stay in our litigation, he acted separately and independently of his role as a witness in our pending federal case.

At this juncture he has completed his book and the stay in our case will soon expire. Richard has resumed his witness role in our case and does not intend to participate in any meeting you may be seeking to arrange with counsel or parties in our suit. In order to avoid prejudice to his important role as a witness in the pending litigation, this is to request that you discontinue making any reference to Richard as having any interest or involvement in the meetings you are seeking to arrange with the defendant or defendant's counsel in our suit.

Cliff Arnebeck, Attorney for Plaintiffs in King Lincoln v Blackwell/Brunner

---

Get a sneak peek of the all-new AOL.com.

From: Chelsea S. Rice
To: Damian Sikora
CC: Thomas Winters; Michael W. Deemer; Kent M. Shimeall; Richard N.
Coglianese; Jessica Utovich; Lloyd Early; Paul L. Scarsella; Brian Laliberte
Sent: Tue Aug 28 11:12:39 2007
Subject: RE: Paddy

Damian,
Yes, both myself and Lloyd Early (former Public Integrity investigator, current HCF
Special Agent in Charge) have had somewhat extensive dealings with Ms. Schaffer.
Initially, we received a hand-written note indicating that "Paddy Schaffer has
information regarding election fraud." Our normal protocol with new public
integrity referrals is to perform a triage - phone call, meeting, etc. - to determine if
there is any merit to the allegations. As such, Lloyd spoke called Ms. Schaffer on
July 23. He ended up speaking to her for over three hours (bless you Lloyd!) and his
summary of that conversation is attached.

After reviewing Lloyd's investigative report and discussing the allegations, we
determined that Ms. Schaffer had not presented anything of substance to support a
criminal investigation. In addition, even if there was some merit to her allegations,
pursuant to ORC 109.54 BCI would not have jurisdiction to open an investigation,
as the request was coming from a private constituent and not local law enforcement.

After Lloyd's initial phone call with Ms. Schafer, she continued to send him a
barrage of emails on a regular basis. He forwarded them to me, but again, there was
nothing of substance to support her allegations, merely a rehashing of previous
discussions and reports. If you would like copies of some/all of these emails, let me
know. Lloyd has kindly saved all of them:)

Finally, after numerous phone messages left for me from Ms. Schaffer where she
stated she "needed to meet with me immediately, and would need at least three
hours," on August 10 I sent her a decline letter. Following this mailing, I have not
received any further phone calls or emails from her, but Cliff Arnebeck has contacted
me multiple times indicating that he was calling both for himself personally and "on
her behalf."

Also, on August 24, I spoke with Kellye Pinkleton at the SOS office. She was
receiving calls from Ms. Schaffer and wanted to discuss our involvement.

As you can see, this individual has a lot of time on her hands. However, at the end
of the day, she has not brought forth any new information regarding the 2004
elections.

Lloyd, if you can add anything to the Paddy Schaffer saga, please feel free.

Hope this helps. Please let me know if I can assist you in any other manner

# *The Ohio Election Justice Campaign*

Ohio Attorney General Marc Dann
30 E. Broad Street, 17th Floor
Columbus, Ohio 43215-3428
(614) 752-6832

May 5, 2008

By email, fax, and by registered mail:

Dear Attorney General Dann,

I am writing as director of a statewide organization that represents thousands of concerned citizens across Ohio. Contrary to representations made about this organization by your former scheduler on September 18, 2007, we are a diverse group representative of the people of Ohio, and our membership includes farmers and retired schoolteachers, artists and lawyers, law enforcement and electricians, college students and election experts -- people from big cities like Cleveland and small towns like McConnellsville.

We respectfully request you and your senior officers to take notice of the following:

1. Our organization has been continually stymied for the past nine months in our efforts to receive public records from county and state agencies, including the current Ohio secretary of state, your office, and many county election boards across Ohio.

2. Our organization has fully cooperated in the investigation conducted by the Director of Special Investigations Lloyd Early, The Ohio Bureau of Criminal Identification and Investigation, only to be told by Chelsea Rice, an associate attorney general, that your offices were powerless to address the issues raised.

3. There are serious errors in the records I have received regarding this investigation, including missing evidence I submitted, numerous apparent misunderstandings of the facts, and one document that appears to be fabricated.

4. Our organization has been consistently directed to the same attorneys who represented the former attorney general and secretary of state in defending against some of the issues we are raising, which raises both ethical and conflict of interest issues.

5. We have been continually told that someone will return our calls and that our messages will be delivered, but they are not. In addition to this lack of basic courtesy, the tone of the records we receive indicates that our group is held in general contempt by some members of your office. A member of the OEJC has in fact, been scolded by a high-ranking member of your office when he called to request the follow-up meeting, detailed below, on behalf of our organization.

6. After over four months of waiting in 2007 to meet with you, 16 members of our organization from around the state had a first meeting with members of your staff on

December 17, 2007. We were promised 1. action; and 2. a follow-up meeting to be scheduled within two weeks. We have received neither, although several members of our organization have followed through with numerous requests in person at your office, by phone, and by e-mail.

7. Please be advised that neither I personally nor the OEJC as an organization have retained Mr. Cliff Arnebeck as our counsel. An August 28, 2007 email from Chelsea Rice to Damian Sikora, copied to Thomas Winters, Michael W. Deemer, Kent M. Shimeall, Richard N. Coglianese, Jessica Utovich, Lloyd Early, Paul Scarsella, and Brian Laliberte, states in part, "Cliff Arnebeck has contacted me multiple times indicating that he was calling both for himself personally" and "on her (Paddy Shaffer) behalf." Although we share common election justice goals with Mr. Arnebeck, the OEJC is a concerned citizen group without the means to retain counsel.

7. In light of the above, we renew our request to meet with you with increased urgency, and we respectfully suggest that the misinformation you have received concerning our group and our evidence may justify you launching an investigation into your own office into what looks like, to those of us on the outside who have gathered evidence, as a cover-up.

Finally, given your May 2, 2008 renewed commitment to the people of the State of Ohio, we believe that you and your offices now recognize that you were misadvised when your professional and administrative staff circulated an e-mail that read, "Kill the meetins with her," referring to the efforts of our organization to meet with you, and we hope that you and your offices are now in a position to fulfill your campaign promises and more specifically, our promised follow-up meeting and action.

Our group is available to meet with you this Friday, May 9[th.]

Sincerely,

The Ohio Election Justice Campaign

Paddy Shaffer
Director, The Ohio Election Justice Campaign
2408 Sonnington Drive
Columbus, Ohio
614-761-0621
paddy@columbus.rr.com

cc: Tom Winters, First Assistant Attorney General
    Ben Espy, Executive Attorney General
    Michael Deemer, Chief Deputy Attorney General
    Chris Geidner, Deputy Solicitor
    Beth Finnerty, Deputy Solicitor
    Victoria Parks, OEJC
    Dan Stanton, OEJC

(This is the cover sheet that went on the faxed letter.)

Date: May 5, 2008
Re: The Ohio Election Justice Campaign
Page 1 of 3

TO: Ohio Attorney General Marc Dann
    30 E. Broad Street, 17th Floor
    Columbus, Ohio 43215-3428
    (614) 752-6832
    (614) 995-0246 fax

FROM: Paddy Shaffer, Director, The Ohio Election Justice Campaign
     2408 Sonnington Drive
     Dublin, Ohio 43016
     (614) 266-5283

## Certificate of Service

I hereby certify that on August 13 2008, the foregoing Reply to Plaintiffs' Counsels' Motion to Strike Proposed Intervenor-Plaintiffs Motion to Intervene and Motion for Criminal Contempt/Grand Jury Proceedings was filed on paper in person with the clerk of court pursuant to U.S. District Court, S.D.Ohio local Civil Rule 5.1(c). A true copy of this reply was sent by regular U.S. mail to the following counsel of record:

Clifford O. Arnebeck, Jr.
Robert J. Fitrakis
1000 East Main Street, Suite 102
Columbus, Ohio 43215

Henry W. Eckhart
50 West Broad Street, Suite 2117
Columbus, Ohio 43215
Counsel for Plaintiffs

Pearl M. Chin, Assistant Attorney General
Richard W. Coglianese, Assistant Attorney General
Damian W. Sikora, Assistant Attorney General
Constitutional Offices Section
30 East Broad Street, 17th Floor
Columbus, Ohio 43215
Counsel for Defendants

Paddy Shaffer, *Pro Se*
2408 Sonnington Drive
Dublin, Ohio 43016
614-266-5283
paddy@columbus.rr.com