UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ORIGINAL

FILED
JAMES BONINI
CLERK
2008 SEP 10 P 1: 23

| | |
|---|---|
| KING LINCOLN, ET AL. | |
| PLAINTIFFS, | |
| AND | Civil Action No. C2 06 745 |
| THE OHIO ELECTION JUSTICE CAMPAIGN, PADDY SHAFFER, MARLYS BARBEE, VIRGINIA BROOKS, MARK BROWN, BRUCE DUNCANSON, MARIAN LUPO, PETER JONES, AND TIMOTHY KETTLER | JUDGE ALGENON MARBLEY |
| individually and as CLASS REPRESENTATIVES under Fed.R.Civ.P. 23, | MAGISTRATE JUDGE KEMP |
| v. | |
| JENNIFER BRUNNER, ET AL. | |
| DEFENDANTS. | |

## INTERVENOR-PLAINTIFFS OHIO ELECTION JUSTICE CAMPAIGN, ET AL. RESPONSE IN OPPOSITION TO PLAINTIFFS' SECOND MOTION FOR AN EXTENSION OF TIME AND REQUEST THAT THE COURT DENY FURTHER MOTIONS FOR EXTENSIONS OF TIME THAT DELAY A DECISION ON THEIR MOTION TO INTERVENE

Plaintiff-Intervenors respectfully request this Court to deny Plaintiffs' counsel's motion for an extension of time to reply to their response to the motion to strike. Further, Plaintiff-Intervenors respectfully submit that the Plaintiffs' Counsel's "Motion for Relief from Stay" and the Defendant's response in opposition are moot as the last court-ordered stay in this case expired over a year ago. Thus, Plaintiff-Intervenors respectfully request that this Court deny further motions for extensions of time that delay a decision on their

Motion to Intervene. The grounds for this Motion are set forth in the Memorandum below.

## MEMORANDUM

### I. Background

Intervenor-Plaintiffs Ohio Election Justice Campaign and Named Plaintiffs ("OEJC Plaintiffs") filed a Motion to Intervene in the instant action on July 7, 2008, service by registered mail, return-receipt requested. On July 25, 2008, the Defendant filed its response in opposition. On August 8, 2008, the OEJC Plaintiffs filed its reply to the opposition response.

On July 31, 2008, the Plaintiffs' counsel filed a motion titled "Plaintiffs' Motion to Strike Proposed Intervenors' Motion to Intervene and Motion to Convene a Grand Jury." The OEJC Plaintiffs filed a response on August 13, 2008, service by regular mail. Plaintiffs' counsel's reply would have been due by or on August 27, 2008.[1] On September 2, 2008, the Plaintiffs' counsel filed a motion for an extension of time to file a reply, requesting until September 5, 2008. This motion was denied on September 4, 2008 without prejudice for failure to consult with parties who interests may be affected by the granting of such relief pursuant to S.D. Ohio Civ.R. 7.3(a). On September 4, 2008, Plaintiffs' counsel contacted the Intervenor-Plaintiffs for their consent, which they denied

---

[1] S.D. Ohio Civ.R. 7.2(a)(2) provides that any memorandum in opposition to a motion "shall be served within twenty-one (21) days from the date of service set forth in the certificate of service attached to the Motion." This rule further provides that reply memoranda "may be served within eleven (11) days after the date of service of the memorandum in opposition." Fed.R.Civ.P 6(a), "Computing Time," excludes the day of the act or event and intermediate weekends or legal holidays when the time period is less than eleven days. Fed.R.Civ.P. 6(a)(1) & (2). Because service was made by regular mail, three days is added to the computation period. Fed.R.Civ.P 6(d).

Although an amended response by the OEJC Plaintiffs was filed August 18, 2008, this was to correct the PDF file submitted to the Clerk's office. Attorneys for both parties were mailed a complete set of papers of the opposition response to the "Motion to Strike" on August 13, 2008.

2

on September 5, 2008. Plaintiffs' counsel then filed a second motion entitled "Plaintiffs' Motion to Extend Time to Reply to Moving Intervenors' Response to Plaintiffs' Motion to Strike." This second motion states that it was served on Thursday, September 4, 2008, and it requests until Monday, September 8, to file a reply.

In separate but parallel filings, on July 17, 2008, Plaintiffs' counsel filed a motion titled "Plaintiffs' Motion for Relief from Stay." On August 11, 2008, the Defendant filed its response in opposition to this motion. On August 22, 2008, Plaintiffs' counsel filed its first motion for an extension of time in which to reply, requesting until August 29, 2008. The Defendant consented to this extension (Plaintiffs' First Motion for an Extension, p. 2), and this Court granted the first extension. On August 29, 2008, the Plaintiffs' counsel filed a second motion for an extension of time, requesting until September 8, 2008. This motion was denied without prejudice on September 4, 2008 for failure to comply with S.D. Ohio Civ.R. 7.3(a). On September 8, 2008, in response to the above motion for an extension of time filed on or about September 4, 2008, which although titled "Plaintiffs' Motion to Extend Time to Reply to Moving Intervenors' Response to Plaintiffs' Motion to Strike," also states the Defendant's counsel "had made clear his willingness to consent to an extension" (Motion to Extend Time served September 4, 2008, p. 2), this Court granted an extension of time until September 10, 2008 for Plaintiffs' counsel to file a reply to Defendant's opposition response. By the terms of the order, the extension was limited to replying to Defendant's opposition response to the "Motion for Relief from Stay."

Finally, according to the docket, two joint motions for a stay were filed and granted until April 9, 2007 and June 8, 2007, respectively. A further joint motion was

made on August 10, 2007. Plaintiffs' counsel's then made two additional motions for an extension of the stay, the last dated August 31, 2007, requesting a stay until a status conference was held with this Court. Neither motion was titled a joint motion, and neither motion indicates whether the Defendant was consulted pursuant to S.D. Ohio Civ.R. 7.3(a). The last stay ordered by this Court, docket entry 34, expired on August 31, 2007. No further filings appear in the docket until almost a year later, July 7, 2008, when the OEJC Plaintiffs filed their Motion to Intervene.[2]

## II. Argument

In their motion, the OEJC Plaintiffs seek to intervene because their substantial legal interests are not protected by the current Plaintiffs. In their reply to the Defendant's opposition response, the OEJC Plaintiffs specifically raise the issue that the lack of progress in this case has denied the OEJC Plaintiffs any opportunity to assert their interests earlier as well as the prejudice they have suffered through the lack of discovery in this case and the destruction of evidence to support their claims (Intervenor-Plaintiffs' Reply to Defendant's Memorandum in Opposition, pp. 4-5). This prejudice is exacerbated by both parties' insistence upon an non-existent stay, and given the timing of the Plaintiffs' counsel's "Motion for Relief from Stay," and Defendant's failure to raise the issue of the non-existence of any stay, such insistence may possibly be considered a deliberately obstructive and dilatory tactic. S.D. Ohio Civ.R. 6.1(b) provides that parties may stipulate to an extension of time to plead to a complaint, amended complaint,

---

[2] The OEJC Plaintiffs were initially under the impression that the fifth stay expired on September 21, 2007. OEJC Motion to Intervene, filed July 7, 2008, page 1. After consulting with the Clerk's office, several other judicial personnel, and reviewing the official docket, they discovered that the last stay expired on August 31, 2007. Because it was almost inconceivable that attorneys for both sides would be mistaken on such a significant issue, Proposed Intervenor-Plaintiffs exerted considerable effort and diligence to determine the stay status. In their papers before this Court, neither attorney for either party has disclosed the existence of a stay order that is somehow not recorded in the docket.

4

counterclaim, or comparable pleading. This rule prohibits stipulated extensions of time to respond to Motions, Court Orders, or other deadlines: "All extensions other than those permitted by this Rule must be upon motion." S.D. Ohio Civ.R. 6.1(b). Thus, the parties could not stipulate to an interminable and private extension of the stay, or what Plaintiffs' counsel terms a "standstill agreement" ("Motion for Relief from Stay," p. 4). Finally, the Proposed Intervenor-Plaintiffs were not consulted regarding an extension of time by Plaintiff's counsel to reply to the Defendant's opposition to lifting of the non-existent stay, although their interests are impacted by further delay on ruling on a motion that is not only moot but also most likely interposed for an improper purpose.

In addition, on the last day of the period on which to file a response in opposition to the Motion to Intervene, July 31, 2008, Plaintiffs' counsel instead filed the "Motion to Strike" to strike from the record both OEJC Plaintiffs' Motion to Intervene and the subsequent filing for Criminal Contempt/Special Grand Jury Proceedings, a tactic possibly designed to restart the clock for this Court's decision on the merits of Proposed Intervenor-Plaintiffs' Motion to Intervene, or which at least has had that effect. Further, rather than address the legal issues raised by Intervenor-Plaintiffs' motions, Plaintiffs' counsel used the "Motion to Strike" primarily as an occasion to raise scurrilous matters unrelated to the merits of either motion and to discredit the OEJC Plaintiffs in the eyes of the Court. Finally, Plaintiffs' counsel habit of delay regarding both the "Motion for Relief from Stay" and the "Motion to Strike" poses a hardship on the *pro se* Proposed Intervenor-Plaintiffs, who receive all filings on paper, and thus receive notice of any filing several days after they are filed, who have never been consulted on any extension of time that impacts their interests, and who were only consulted on the last motion for an

5

extension of time on replying to their opposition response to the "Motion to Strike" because of this Court's order, at which time the Intervenor-Plaintiffs were not aware, and were not informed by Plaintiffs' counsel, that he had filed an earlier motion for an extension of time to reply and that it had been denied.

Fed.R.Civ.P 6(b)(1)(B) provides that "When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." In determining what constitutes excusable neglect, the Supreme Court has stated:

> Because Congress has provided no other guideposts for determining what sorts of neglect will be considered "excusable," we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include, as the Court of Appeals found, the danger of prejudice to the [opponent], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."

*Pioneer Inv. Services Co. v. Brunswick Associates*, 507 U.S. 380, 395 (1993); *Nafziner v. McDermott*, 467 F.3d 514, 52-25 (6th Cir. 2006); *Allen v. Murph*, 194 F.3d 722, 727 (6th Cir. 1999) (Krupansky, J., concurrence).

Proposed Intervenor-Plaintiffs assert that any further delay by Plaintiffs' counsel compounds the prejudice proposed Intervenor-Plaintiffs have already suffered, that the delay works to consume judicial resources unnecessarily and adversely impacts a common sense, orderly adjudication of the case on the merits, that the Plaintiffs' counsel's vacation schedule, the reason initially asserted for the extension of time, is within his control, and finally, that the Plaintiffs' counsel's initial "Motion to Strike" was not made in good faith, nor his request for an extension, but rather primarily to further

6

delay the proceedings and interpose into the record matters unrelated to the merits of the Proposed Intervenor-Plaintiffs' motions.

Finally, although the Proposed Intervenor-Plaintiffs value the due process considerations that weigh in favor of granting every party an opportunity for a full and a fair hearing, they assert that Plaintiffs' counsel is manipulating the legal process to unfairly prejudice the Proposed Intervenor-Plaintiffs.[3] Further, because these actions are chargeable to the Plaintiffs themselves, Plaintiffs' counsel manipulations unnecessarily and severely compromises the Plaintiffs' interests. *Nafziner*, supra at 523-25; *Allen*, supra at 723 and 727-730 (concurrence) (plaintiff's counsel failed to file motion for attorney fees within time period because on fishing trip; did not notify clients of deadlines; clients eventually retained new counsel who filed after period had elapsed; Sixth Circuit affirmed trial court's finding of no excusable neglect under abuse of discretion standard; malpractice suit remedy for clients).[4] Given that Plaintiffs' counsel's actions are chargeable to his clients, the Proposed Intervenor-Plaintiffs respectfully submit that an action for malpractice is a poor substitution for vindication of the Constitutional violations alleged in the complaint, and that a decision on the merits of their Motion to Intervene, without further delay by counsel for either party, which, if favorable, would

---

[3] For example, despite the lack of permission to file the untimely reply to proposed Intervenor-Plaintiffs' response to the "Motion to Strike," Plaintiffs' counsel nonetheless did file such a reply, apparently on September 8, 2008, that again fails to address any of the legal issues raised in either of Intervenor-Plaintiffs' motions; that, as with all Plaintiffs' counsel's filings in opposition to Intervenor-Plaintiffs, cites no case law; and that raises no issue not already addressed by Intervenor-Plaintiffs in their earlier response. Rather, Plaintiffs' counsel uses the untimely and improperly filed reply as simply another occasion to again raise scurrilous matters unrelated to the merits of either motion and to discredit the OEJC Plaintiffs.

[4] In addition, it is not unreasonable for the Defendant, a state official, and the Defendant's attorney, the Ohio Attorney General, given their resources and positions of public trust, to exercise at least minimal diligence to determine if a stay is actually in place and to disclose its terms, if it exists, or if it does not exist, to disclose that non-existence to this Court and to all parties whose interests are impacted by the "Motion for Relief from Stay." The Proposed Intervenor-Plaintiffs raised the issue of the arguably higher duty of a government attorney in their reply to Defendant's opposition response to Criminal Contempt/Special Grand Jury Proceedings (filed July 29, 2008, pp. 3-4).

7

then provide Intervenor-Plaintiffs with standing to request the appointment of diligent class counsel, is both appropriate and in the interests of justice.

## III. Conclusion

For the foregoing reasons, Proposed Intervenor-Plaintiffs OEJC respectfully request that Plaintiffs' counsel motion for an extension of time to reply to their response in opposition to the "Motion to Strike" be DENIED and respectfully request that this Court deny any further extensions of time that delay a decision on their Motion to Intervene.

Dated: September 9, 2008

Respectfully submitted,

*Paddy Shaffer*

Paddy Shaffer, Pro Se
2408 Sonnington Drive
Dublin, Ohio 43016
(614) 266-5283
paddy@columbus.rr.com

Dated: September 8, 2008

Respectfully submitted,

*Marlys Barbee*

Marlys Barbee, *Pro Se*
8137 W. Sharps Ridge Road
McConnelsville, OH 43756
740-962-2741
mjbarbee@emypeople.net

Dated: September 8, 2008

Respectfully submitted,

*Virginia Brooks*
Virginia Brooks, *Pro Se*
1196 Twp. Rd. 2116
Ashland, Ohio 44805
419-368-6074
vareforms1@bright.net

Dated: September 7, 2008

Respectfully submitted,

*Mark P Brown*

Mark Brown, *Pro Se*
83 Hanford Street
Columbus, Ohio 43206
614-449-1989

Dated: September 7, 2008

Respectfully submitted,

*[signature]*

Bruce Duncanson, *Pro Se*
947 E. Weber Road
Columbus, Ohio 43211
bruce@redpeacecross.com
614-747-4533

Dated: September 9, 2008

Respectfully submitted,

Marian Lupo

Marian Lupo, *Pro Se*
310 S. Eureka Avenue
Columbus, Ohio 43204
614-276-0948
marianlupo90@msn.com

Dated: September 5, 2008

Respectfully submitted,

[signature]

Peter Jones, Ph.D., *Pro Se*
4098 Wagner Rd.
Dayton, OH 45440
937-320-9680
peter@poetics.org

Dated: September 8, 2008

Respectfully submitted,

*Timothy Kettler*

Timothy Kettler, *Pro Se*
29674 Township Road 30
Warsaw, Ohio 43844
740-502-6453
tmkettler@aol.com

## Certificate of Service

I hereby certify that on September 10, 2008, the foregoing Response in Opposition to Plaintiff's Second Motion for an Extension of Time and Request that the Court Deny Further Extensions of Time that Delay a Decision on the Motion to Intervene was filed on paper in person with the clerk of court pursuant to U.S. District Court, S.D.Ohio local Civil Rule 5.1( c). A true copy of this motion was sent by regular mail to the following counsel of record:

Clifford O. Arnebeck, Jr.
Robert J. Fitrakis
1000 East Main Street, Suite 102
Columbus, Ohio 43215

Henry W. Eckhart
50 West Broad Street, Suite 2117
Columbus, Ohio 43215
Counsel for Plaintiffs

Richard W. Coglianese, Trial Attorney
Damian W. Sikora, Assistant Attorney General
Constitutional Offices Section
30 East Broad Street, 17th Floor
Columbus, Ohio 43215
Counsel for Defendants

Paddy Shaffer

Paddy Shaffer, *Pro Se*
2408 Sonnington Drive
Dublin, Ohio 43016
614-266-5283
paddy@columbus.rr.com