UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION                2008 SEP 25  P 3: 31

KING LINCOLN, ET AL.                          :
                                              :
                    PLAINTIFFS,               :
AND                                           :
                                              :    Civil Action No. C2 06 745
                                              :
THE OHIO ELECTION JUSTICE CAMPAIGN,           :
PADDY SHAFFER, MARLYS BARBEE,                 :    JUDGE ALGENON
VIRGINIA BROOKS, MARK BROWN,                  :    MARBLEY
BRUCE DUNCANSON, MARIAN LUPO,                 :
PETER JONES, AND TIMOTHY KETTLER              :    MAGISTRATE
                                              :    JUDGE KEMP
individually and as CLASS REPRESENTATIVES     :
under Fed.R.Civ.P. 23,                        :
                                              :
v.                                            :
                                              :
JENNIFER BRUNNER, ET AL.                      :
                                              :
                    DEFENDANTS.               :
                                              :

## INTERVENOR-PLAINTIFFS OHIO ELECTION JUSTICE CAMPAIGN, ET AL. MOTION FOR AN EXPEDITED CONFERENCE FOR APPARENT FRAUD UPON THE COURT

Proposed Intervenor-Plaintiffs ("OEJC Plaintiffs") respectfully move this Court for an expedited conference with this Court and all parties to address the following, which raises issues of apparent fraud upon the Court:

1. The agreement among the Plaintiffs' counsel and Defendant's counsel for the limited lifting of a stay that expired over a year ago.

2. Plaintiffs' counsel's filing of a late reply in contravention of two orders issued by the Magistrate Judge and submission of two declarations in this reply under signature of counsel.

The grounds for this Motion are set forth in the Memorandum below.

## MEMORANDUM

For the sake of clarity and brevity, the facts will be presented in chronological order, and the OEJC Plaintiffs incorporate in this motion by reference the procedural history and legal argument set forth in their Response in Opposition to Plaintiffs' Second Motion for an Extension of Time, which was filed and served on Wednesday, September 10, 2008 (Docket Entry #60).

Since filing this opposition response, the OEJC Plaintiffs received, by regular mail, a copy of the Plaintiffs' counsel reply (Docket Entry #57, filed September 8, 2008) to their response in opposition to the motion entitled, "Plaintiffs' Motion to Strike." (Motion to Strike, Docket Entry #43, filed July 31, 2008; OEJC Plaintiffs' Response, Docket Entry #46, filed August 13, 2008). Because the OEJC Plaintiffs serve, file, and receive all papers by mail pursuant to S.D.Ohio Local Rule 5.1(c), they did not receive service of the late reply until after they had filed their response in opposition to the second request for an extension.

Thus, after the Magistrate Judge twice denied Plaintiffs' counsel request for an extension to reply (Docket Entries #54 and #56), Plaintiffs' counsel filed the reply *anyway*, on the very day of the second order that by its terms, *did not* grant an extension of time to reply to the OEJC Plaintiffs' response, and before the OEJC Plaintiffs even had an opportunity to respond to this second request for an extension of time. Magistrate

2

Kemp's order is limited to an extension of time to reply to the Attorney General's response in opposition to the "Motion for Relief from Stay" (Docket Entry #45, filed 8/11/08), based upon the Attorney General's consent to yet another extension of time. In this untimely reply filed in contravention of two court orders, the Plaintiffs' counsel file two declarations, one bearing his signature (Mr. Arnebeck) and the other the signature of co-counsel (Mr. Fitrakis), averring facts they have reason to know are materially incorrect and that they had a chance to correct following the OEJC Plaintiffs' response, dated August 13, 2006 (Docket Entry #46).

In reference to the above "Motion for Relief from Stay" (Docket Entry #39, filed 7/17/2008), the OEJC Plaintiffs never received service of this motion nor the Defendant's response in opposition. Further, the OEJC Plaintiffs did not receive a copy of Plaintiffs' counsel's motion for an extension of time to reply, and they were not on notice this matter was even before the Magistrate Judge until they received in the mail from Magistrate Kemp the order dated August 27, 2008 (Docket Entry #49), granting an extension of time to Plaintiffs' counsel to file a reply to the Defendant's opposition to the "Motion for Relief from Stay."

The OEJC Plaintiffs then contacted Magistrate Kemp's chambers to determine the status of this stay, which according to their research had expired. Chambers confirmed that the last stay in this case had expired almost a year ago, on August 31, 2007 (Docket Entry #34, August 15, 2008). Nonetheless, on September 19, 2008, Plaintiffs' counsel filed an agreed order between the Plaintiffs' counsel (Mr. Arnebeck) and the Defendant's counsel (Mr. Coglianese) to partially lift the stay for the purposes of taking depositions (Docket Entry #65). The OEJC Plaintiffs received a copy of this order by mail after it

3

was filed. The circumstances surrounding this order give rise to an inference of improper or less than candid conduct on the part of counsel for the Plaintiffs and the Defendant.

In summary, Plaintiffs' counsel (Mr. Arnebeck) filed a motion to lift a long-expired stay, the Defendant's counsel (Mr. Coglianese) opposed this motion, agreeing in his papers that there was a stay in place, Plaintiff's counsel then filed almost innumerable motions for extensions of time to reply to the opposition, which Defendant's counsel agreed upon, and then the Plaintiffs' counsel presented to the Magistrate Judge an agreed upon order to partially lift the stay that had expired over a year ago.[1] Further, in their filings before this Court and the Magistrate Judge, neither attorney acknowledged that the stay had expired, although this fact is clear from the docket. Even if the docket is somehow not clear, the OEJC Plaintiffs, in their filings since July 7, 2007, when they made their Motion to Intervene (Docket Entry #36), have brought this fact to the attention of counsel for both parties and have continued to research this issue because of Plaintiffs' counsels' continuing public representations that the case is stayed. Thus, both parties have had ample opportunity to correct their filings regarding the expired stay. Further, on September 25, 2008, the OEJC Plaintiffs contacted both Plaintiffs' counsel (Mr. Arnebeck) and Defendant's counsel to ask them to withdraw their filings. Plaintiffs' counsel could not give an answer. The Defendant's counsel did not return the phone calls.[2]

Fraud on the court consists of conduct that is directed to the judicial machinery itself and is intentionally false, willfully blind to the truth, or in reckless disregard for the truth. See, e.g., *Demjanjuk v. Petrovsky*, 10 F.3d 338, 348 (6th Cir. 1993). It has been

---

[1] For the sake of brevity, this memorandum will not address the additional extension nor the late reply Plaintiffs' counsel eventually did file on the "Motion for Relief from Stay." (Docket Entries #62, 63, & 64)
[2] The OEJC Plaintiffs attempted to reach both Mr. Coglianese and Ms. Chin.

4

described by the Supreme Court as "a wrong against the institutions set up to protect and safeguard the public, institutions in which fraud cannot complacently be tolerated consistently with the good order of society." *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 246 (1944) (overruled on other grounds, *Standard Oil Co. v. United States*, 429 U.S. 17, 18 (1976)), cited and discussed in *Ciba Specialty Chemicals, Corp. v. Zinkan Enterprises, Inc.*, 2003 U.S.Dist. Lexis 19929; 68 U.S.P.Q.2D (BNA) 1550 (S.D. Ohio 2003) (Sargus, J.); *see also Workman v. Bell*, 484 F.3d 837 (6th Cir. 2007) (discussing elements of fraud upon court). Because counsels' actions are directed at the judicial machinery, and because they demonstrate, at a minimum, a reckless disregard of the truth, the OEJC Plaintiffs request an expedited conference to address these serious issues, which have also severely prejudiced, harassed, and oppressed them.

**Conclusion**

For the foregoing reasons, Proposed Intervenor-Plaintiffs respectfully request an expedited conference to address the above issues for apparent fraud upon the Court.

Dated: September 25, 2008

Respectfully submitted,

*Paddy Shaffer*
Paddy Shaffer, Pro Se
2408 Sonnington Drive
Dublin, Ohio 43016
(614) 266-5283
paddy@columbus.rr.com

Dated: September 24, 2008

Respectfully submitted,

*[signature: Marlys Barbee]*

Marlys Barbee, *Pro Se*
8137 W. Sharps Ridge Road
McConnelsville, OH 43756
740-962-2741
mjbarbee@emypeople.net

Dated: September 25, 2008

Respectfully submitted,

*Virginia Brooks*

Virginia Brooks, *Pro Se*
1196 Twp. Rd. 2116
Ashland, Ohio 44805
419-685-0299
varcforms1@bright.net

Dated: September 25, 2008

Respectfully submitted,

*Mark P Brown*
Mark Brown, *Pro Se*
83 Hanford Street
Columbus, Ohio 43206
614-449-1989

Dated: September 25, 2008

Respectfully submitted,

Bruce Duncanson, *Pro Se*
947 E. Weber Road
Columbus, Ohio 43211
bruce@redpeacecross.com
614-747-4533

Dated: September 25, 2008

Respectfully submitted,

Marian Lupo
Marian Lupo, *Pro Se*
310 S. Eureka Avenue
Columbus, OH 43204
614-276-0948
marianlupo90@msn.com

Dated: September 25, 2008

Respectfully submitted,

Peter Jones, Ph.D., *Pro Se*
4098 Wagner Rd.
Dayton, OH 45440
937-320-9680
peter@poetics.org

Dated: Sept. 25, 2008

Respectfully submitted,

*[signature: Timothy J. Kettler]*

Timothy Kettler, *Pro Se*
29674 Township Road 30
Warsaw, Ohio 43844
740-502-6453
tmkettler@aol.com

Dated: Sept. 25, 2008

## Certificate of Service

I hereby certify that on September 25, 2008, the foregoing Motion for an Expedited Conference for Apparent Fraud Upon the Court was filed on paper in person with the clerk of court pursuant to U.S. District Court, S.D.Ohio local Civil Rule 5.1(c). A true copy of this motion was sent by regular mail to the following counsel of record:

Clifford O. Arnebeck, Jr.
Robert J. Fitrakis
1000 East Main Street, Suite 102
Columbus, Ohio 43215

Subodh Chandra
2275 Chestnut Hills Drive
Cleveland, Ohio 44106-4602

Richard W. Coglianese
Damian W. Sikora
Pearl Chin
Constitutional Offices Section
30 East Broad Street, 17th Floor
Columbus, Ohio 43215
Counsel for Defendants

*Paddy Shaffer*

Paddy Shaffer, *Pro Se*
2408 Sonnington Drive
Dublin, Ohio 43016
614-266-5283
paddy@columbus.rr.com