**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **KING-LINCOLN BRONZEVILLE NEIGHBORHOOD ASSN., ET AL.,** : : : | |
| Plaintiffs, : : | **CASE NO. 2:06-cv-745** |
| v. : : | **JUDGE ALGENON L. MARBLEY** |
| **OHIO SECRETARY OF STATE, JENNIFER BRUNNER, ET AL.,** : : : | **MAG. JUDGE TERRENCE KEMP** |
| Defendants. : | |

## NON-PARTY MICHAEL CONNELL'S MOTION TO QUASH

Now comes Michael Connell ("Mr. Connell"), a non-party to the above captioned action, by and through his counsel, and respectfully moves the Court, pursuant to Rule 45(c)(3)(A) and Rule 45(c)(3)(B) of the Federal Rules of Civil Procedure, for an Order granting his Motion to Quash the Subpoena issued by Plaintiffs King Lincoln Bronzeville Neighborhood Assn., et al. (collectively "Party-Plaintiffs"), for the stated purposes of: 1) commanding Mr. Connell to appear on October 15, 2008 at 9:00 a.m. in Akron, Ohio to have his deposition taken, and 2) commanding Mr. Connell to produce and permit for inspection and copy at his deposition on October 15, 2008 at 9:00 a.m., an "Architecture Map . . . for the Ohio Secretary of State's computer system . . . for use in the 2004 and 2006 general election." See Subpoena in a Civil Case – Northern District of Ohio, issued October 8, 2008, incorporated by reference herein. Mr. Connell moves the Court for this Order because Party-Plaintiffs' subpoena is untimely and does not permit Mr. Connell reasonable time to comply, seeks to require Mr. Connell to disclose confidential or otherwise protected matter, information, and/or materials, and subjects to Mr. Connell to undue burden, in violation of the Federal Rules of Civil Procedure and case law.

The reasons for Mr. Connell's Motion to Quash are more fully set forth below in the accompanying Memorandum in Support.

        Respectfully submitted:

        **BENESCH, FRIEDLANDER, COPLAN & ARONOFF, LLP**

        /s/ James L. Ervin, Jr.
        JAMES L. ERVIN, JR. (#0067016)
        J. ALLEN JONES, II (#0072397)
        41 South High Street, Suite 2600
        Columbus, Ohio 43215
        (614) 223-9325
        E-mail: Jervin@bfca.com
        E-mail: Ajones@bfca.com

        JEREMY GILMAN (#0014144)
        200 Public Square, Suite 2300
        Cleveland, OH 44114-2378
        Telephone: (216) 363-4500
        Facsimile: (216) 363-4588
        E-mail: Jgilman@bfca.com

        *Counsel for Michael Connell*

**MEMORANDUM IN SUPPORT**

I.  **INTRODUCTION & SUMMARY OF CASE**

The present matter arises from an original complaint filed on August 31, 2006 by King Lincoln Bronzeville Neighborhood Association, The Ohio Voter Rights Alliance for Democracy, The League of Young Voters/Columbus, Willis Brown, Paul Gregory, Miles Curtiss, Matthew Segal, and Harvey Wasserman, individually and as representatives of a class of persons similarly situated (collectively the "Original Plaintiffs"), against Ohio Secretary of State J. Kenneth Blackwell, individually and in his official capacity, as well as John Does 1-100 (collectively the "Original Defendants"), alleging civil rights violations under the First, Thirteenth, Fourteenth, and Fifteenth Amendments through the Equal Protection Clause (the "Original Complaint"). *See* Original Complaint, incorporated by reference herein. On October 9, 2006, the Original Plaintiffs filed an Amended Complaint. *See* Doc. 10, incorporated by reference herein. The Amended Complaint added new party plaintiffs, Rainbow Push Coalition, Columbus Coalition for the Homeless, and Gloria Kilgore (collectively the Original Plaintiffs and the added plaintiffs are referred to as the "Party-Plaintiffs"), and added new party-defendants, the Ohio Republican Party, Robert T. Bennett, Matthew W. Damschroeder, Samuel Hogsett, and Daniel Bare (collectively all defendants named in the Amended Complaint are referred to as "Party-Defendants"). See Doc. 10.

The Amended Complaint sought relief in the form of declaratory judgment, preliminary and permanent injunction, and appointment of a special master. Id. The Party-Plaintiffs' claims set forth in the Amended Complaint's are based upon various violations of their civil rights, rights to vote, and disenfranchisement as voters, under both federal and state law. Id.

Between October 9, 2006 and December 11, 2006, the parties engaged in motion practice regarding various issues. *See* Court's Docket, incorporated by reference herein. Further, between December 11, 2006 and the filing of this Motion, the Party-Plaintiffs and Party-Defendants have filed various pleadings. Id. However, the Court has not set forth a case schedule, discovery schedule, trial date, or other dispositive deadlines. Id. Based upon a plain reading of the Court's docket, this matter has been ongoing for two years in various forms of pre-discovery advocacy. And at no time has Michael Connell ("Mr. Connell") been named as a party to the action.

On December 11, 2006, Defendant Blackwell filed a Motion to Dismiss the Amended Complaint as Moot. *See* Doc. 21. On or about January 1, 2007, Jennifer Brunner was sworn in as the new Ohio Secretary of State.[1] On February 5, 2007, a joint motion was filed to stay all proceedings until April 9, 2007. *See* Doc. 26. The February 5, 2007 joint motion to stay all proceedings was granted on February 15, 2007. *See* Doc. 27. On April 3, 2007, the parties filed a second joint motion to stay all proceedings until June 8, 2007. *See* Doc. 29. The second joint motion to stay all proceedings was granted on April 6, 2007. *See* Doc. 31. On June 8, 2007, the parties filed a third motion to stay all proceedings until August 10, 2007. *See* Doc. 32. On August 10, 2007, Party-Plaintiffs filed a separate motion to extend the stay of all proceedings. *See* Doc. 33. On August 15, 2007, the Court granted the Plaintiffs' motion to extend the stay. *See* Doc. 34.

On July 17, 2008, Party-Plaintiffs filed a Motion for Relief from Stay. *See* Doc. 39. In the Party-Plaintiffs' Motion for Relief from Stay (Doc. 39), the Party-Plaintiffs do not mention Non-Party Michael Connell's name, or make any reference to needing or requiring either his

---

[1] Jennifer Brunner was substituted into the Amended Complaint as the newly elected Ohio Secretary of State.

testimony, or his disclosure and/or production of documents, as a basis for its motion. In fact, Mr. Connell is not mentioned anywhere within the Motion for Relief from Stay; Mr. Connell's names is first stated by Party-Plaintiffs in their Reply filed on September 17, 2008 (Doc. 62). On August 11, 2008, Defendant Brunner filed her Memorandum in Opposition. *See* Doc. 48.

After several extensions of time to file their Reply, Party-Plaintiffs' Reply was filed on September 17, 2008. *See* Doc. 62. On September 19, 2008, the Court entered an Order lifting the stay in this matter for the purposes of taking Mr. Connell's deposition. *See* Doc. 65.

On September 22, 2008, party-Plaintiffs issued a Subpoena commanding Mr. Connell "to appear [at] Court Reporters of Akron, Canton and Cleveland . . . [on] September 25, 2008 [at] 9:00 a.m." *See* Subpoena in a Civil Case – Southern District of Ohio, issued September 22, 2008, attached as **Exhibit A** ("First Subpoena"). Additionally, the Subpoena commanded Mr. Connell to "produce and permit inspection and copying of . . . [t]he Architecture Map, as designed, for the Ohio Secretary of State's computer system, including but not limited to its connection to the Smartech server, for use in 2004 and 2006, at your deposition or as soon as possible thereafter, . . . but not later than October 9, 2008 at 5:00 p.m." Id. The First Subpoena was given to Mr. Connell in the late afternoon on September 22, 2008.

Party-Plaintiffs' counsel, counsel for the Ohio Secretary of State, and Mr. Connell's counsel engaged in discussions to address the September 25, 2008 First Subpoena deadlines, and whether an alternative date could be established. A resolution was not reached; however, it was understood among all legal counsel that the September 25, 2008 deposition would not go forward, and the October 9, 2008 disclosure deadline would not be observed. On September 25, 2008, Mr. Connell filed a Motion to Quash the First Subpoena.

After additional discussions between Party-Plaintiffs' counsel, and Mr. Connell's counsel, a new date and time to take Mr. Connell's deposition was not reached. The First Subpoena was subsequently withdrawn by Party-Plaintiffs. *See* Doc. 71, filed October 7, 2008. On October 8, 2008, Party-Plaintiffs issued a second Subpoena out of the United States District Court for the Northern District of Ohio, seeking to compel Mr. Connell's deposition and production of documents on October 15, 2008. *See* Subpoena in a Civil Case – Northern District of Ohio, attached hereto as **Exhibit B**. Mr. Connell was not served with the current Subpoena until Monday, October 13, 2008. *See* Affidavit of Michael Connell at ¶ 3, attached hereto as **Exhibit C**.

## II. LAW & ARGUMENT

### A. STANDARD OF REVIEW

"[T]he right to discovery is not unlimited, and does have 'ultimate and necessary boundaries'." Allen v. Howmedica Leibinger, GmhH, 190 F.R.D. 518 (W.D. Tenn. Nov. 22, 1999), *citing* Hickman v. Taylor, 329 U.S. 495, 497 (1947). And in that regard, "[t]he trial court has the right to control the discovery schedule." Hina v. Anchor Glass Container Corp., 2008 U.S. Dist. LEXIS 41577 (S.D. Ohio May 22, 2008), referencing Kennedy v. Cleveland, 797 F.2d 297, 300-01 (6th Cir. 1986). Moreover, the power to quash a subpoena lies with the issuing court. *See* Fed. R. Civ. P. 45(c)(3)(A). Rule 45(c)(3)(A) of the Federal Rules of Civil Procedure provides that a Court **must** quash a subpoena if: "(i) it fails to allow reasonable time for compliance; . . . or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(i), (iv). Moreover, Rule 45(c)(3)(B)(i) provides that a court may quash a subpoena if the subpoena "requires disclosure of a trade secret or other confidential research, development, or commercial information . . . ." Fed. R. Civ. Pr. 45(c)(3)(B)(i). A subpoena fails to allow reasonable time for

compliance when the subpoena requires compliance less than fourteen (14) days after service of the subpoena. *See* Donahoo v. Ohio Dept. of Youth Services, 211 F.R.D. 303, 306 (N.D. Ohio 2002) (Reasonable time for compliance is fourteen (14) days after service of the subpoena). Thus, a court is required to quash a subpoena that fails to conform with the Rule 45.

**B. PARTY-PLAINTIFFS' SUBPOENA DOES NOT ALLOW FOR REASONABLE TIME FOR COMPLIANCE IN VIOLATION OF FED. R. CIV. P. 45(c)(3)(A)(i) AND MUST BE QUASHED AS A MATTER OF LAW**

Party-Plaintiffs' subpoena does not permit Mr. Connell with reasonable time for compliance in violation of Fed. R. Civ. P. 45(c)(3)(A)(i), and must be quashed as a matter of law. The current subpoena issued to Mr. Connell is dated October 8, 2008, and signed by Party-Plaintiffs' counsel, lead attorney Clifford O. Arnebeck, Jr. *See* Exhibit B. Mr. Connell was not served with the subpoena until Monday, October 13, 2008. *See* Exhibit C at ¶ 3. The subpoena seeks to command Mr. Connell to appear for a deposition on October 15, 2008, which is two days after he received the subpoena. *See* Exhibit B. Furthermore, the subpoena commands Mr. Connell to produce documents, information, and/or materials at the October 15, 2008. Id. Neither the date for the deposition nor the deadline for production of documents provides Mr. Connell with 14 days as required by the Federal Rules. The failure of Party-Plaintiffs to provide Mr. Connell with reasonable time to comply requires that the Court quash the subpoena. *See* Fed. Civ. R. P. 45(c)(3)(A)(i); *see also* Donahoo, *supra*; *see also* Mann v. University of Cincinnati, 824 F.Supp 1190, 1202 (S.D. Ohio 1993)(One week's notice seeking disclosure of medical file was unreasonable and violated rule because there was no urgency justifying such short notice). Therefore, Party-Plaintiffs' subpoena should be quashed as a matter of case.

### C. PARTY-PLAINTIFFS' SUBPOENA IMPOSES AN UNDUE BURDEN UPON MICHAEL CONNELL IN VIOLATION OF FED. R. CIV. P. 45(c)(3)(A)(i) AND MUST BE QUASHED AS A MATTER OF LAW

Party-Plaintiffs' subpoena imposes an undue burden upon Mr. Connell in violation of Fed. R. Civ. P. 45(c)(3)(A)(iv), and must be quashed as a matter of law. Rule 45(c)(3)(A)(iv) states that "a court must quash . . . a subpoena that . . . subjects a person to undue burden." Id. Even if the discovery sought is relevant, which Mr. Connell believes it is not, production of such documents should be denied if it is unduly burdensome. Id., *see also* Allen v. Howmedica Leibinger, Inc., 190 F.R.D. 518, (W.D. Tenn. 1999). Party-Plaintiffs' subpoena, and its Motion for Relief from Stay, provide no definitions, explanations, scope, or context of the information or context sought to be produced by Mr. Connell. The subpoena is very broad and provides no scope as to what is an "Architecture Map," which "Ohio Secretary of State[] computer system," or what is a "Smartech server." *See* Exhibit B. Further, since Mr. Connell is not, and has never been, a party to the action, there is no context as to why or how he is relevant to this matter. And even if a party to the action, without Party-Plaintiffs being more specific and limited in what they are seeking, Mr. Connell cannot respond. Party-Plaintiffs are asking Mr. Connell to guess at what they want. Such conduct is unfair and burdensome upon Mr. Connell. Moreover, even assuming Mr. Connell could guess at what Party-Plaintiffs are seeking, which he cannot, gathering, acquiring, or compiling electronic or hard documentation related to a computer system used by a State agency in 2004 and 2006 is not something that can be easily achieved, and it cannot be accomplished in two days (October 15, 2008). Thus, Party-Plaintiffs' subpoena should be quashed.

Party-Plaintiffs' subpoena seeks documents and information related to a computer system used by the Ohio Secretary of State in 2004 and 2006. *See* Exhibit B. Such information is likely

maintained by the Office of the Ohio Secretary of State as a public record, and is more easily and readily ascertainable through public records request or some more convenient source. Party-Plaintiffs have had, and have, every opportunity to make a public records request, or take alternative steps to acquire the information they seek straight from the source, the Ohio Secretary of State. Party-Plaintiffs' subpoena asking for information that it can acquire more easily through other sources than Mr. Connell, places an undue burden on Mr. Connell. Therefore, Party-Plaintiffs' subpoena must be quashed as a matter of law.

> **D. PARTY-PLAINTIFFS' SUBPOENA SHOULD BE QUASHED BECAUSE IT SEEKS TRADE SECRETS, AND CONFIDENTIAL AND/OR PROPRIETARY INFORMATION**

Party-Plaintiffs' subpoena should be quashed because it seeks confidential, trade secrets, and/or proprietary information. The primary issue in Party-Plaintiffs' Amended Complaint is whether voters were disenfranchised by and because of the alleged conduct of the Party-Defendants in manipulating the voting process in 2004, including, but not limited to, manipulations of electronic computer systems. *See* Doc. 10 - Amended Complaint at ¶¶ 1-9, 47-50, 56, and 57. The Party-Plaintiffs identify Mr. Connell as an individual with an IT background who "handles information technology" for various entities including, but not limited to, the United States Department of Justice, the United States Department of Energy, and the United States Congress House Judiciary Committee. *See* Doc. 62 - Party-Plaintiffs' Reply Brief, pg. 1. Mr. Connell's contractor or business relationship with any of these listed parties, or any party for whom he contracts with to provide services, typically, and in almost all instances, involves contract terms and conditions that include confidentiality agreements, protection of trade secrets, and non-disclosure of proprietary information. *See* Exhibit C at ¶ 8. The broad scope and unlimited nature of the Party-Plaintiffs' subpoena does not take into account such factors, and

seeks to expose such guarded business secrets, processes, and data. *See* Fed. R. Civ. P. 45(2)(B).[2]

Mr. Connell's businesses have created, possess, and implement proprietary information, business plans, business techniques, processes, technical information, electronic information, and client/customer databases that include, but are not limited to, names, addresses, and telephone numbers (collectively the "trade secrets"), that are utilized to further and carry out the businesses' activities. *See* Exhibit C at ¶¶ 5, 7, and 9. Those trade secrets have independent economic value and are a primary factor in the generation of income and profit. Id. at ¶ 11. Further, the trade secrets are not known to the public, or even to non-designated personnel within or working for Mr. Connell's business. Id. at ¶¶ 12. The trade secrets are kept confidential from the public, and are kept confidential using encrypting technology and other electronic safeguards; the trade secrets are maintained and protected by secured systems, passwords, and protections so that their value cannot be obtained by the public or non-designated personnel. Id. at ¶¶ 13. The trade secrets are not readily ascertainable by any proper means such that their economic value can be obtained and used. Id. at ¶ 14. And Mr. Connell takes all reasonable efforts to maintain the secrecy and security of the trade secrets. Id. at ¶ 15.

Mr. Connell's companies, New Media Communications and Govtech Solutions, have been competitive entities in the IT business market for some time. Id. at ¶ 6. Their growth and success has been predicated in significant part on building a strong customer/client base, perfecting unique systems and methodologies related to the services it provides, and having specialized knowledge and expertise in various areas for which its business operates; all of these factors are brought to bear on behalf of its private and public clients. Id. at ¶ 7. The Party-

---

[2] Mr. Connell, by and through his counsel, has served written objections upon Party-Plaintiffs' lead trial counsel, Clifford O. Arnebeck, Jr., objecting to the subpoena's command to produce documents for inspection and/or copying, and command to appear for deposition.

Plaintiffs' subpoena seeks to obtain such information, or at least expose such information in a manner that is extremely burdensome and detrimental to Mr. Connell, and, which if permitted, would provide an unfair competitive and economic advantage to Mr. Connell's competitors; the Court should take notice that Party-Plaintiffs' primary expert, and the affiant that seeks to implicate or link Mr. Connell to the claims, is Stephen Spoonamore, who is in the same filed as Mr. Connell, and may have been a competitor at one time. Id. at ¶ 16; *see also* Party-Plaintiffs Reply Brief, Affidavit of Stephen Spoonamore at ¶¶ 1-5. *See* In re Vitamins Antirust Litig., 267 F. Supp 738 (S.D. Ohio 2003)(When party seeking production agreed that subpoena sough trade secrets, court would quash subpoena when party seeking materials was direct competitor of nonparty . . . .).

The broad nature of the subpoena, lack of definition or scope, and the purpose of the relief from stay (to prove "that this is not just 'conspiracy theory'"), clearly creates an irreversible harm toward Mr. Connell should the trade secrets be disclosed. Furthermore, and as discussed above, without some narrowing and limitation in the scope of the documents to be produced, Mr. Connell is in a precarious position to even make known what specific trade secretes, proprietary information, and confidential information he would have to seek the Court's protection on. Thus, the subpoena seeks to have Mr. Connell expose his trade secrets, business, and livelihood without any protection. *See also* Exhibit C at ¶ 17. Therefore, the subpoena issued by Party-Plaintiffs should be quashed as a matter of law.

### III. <u>CONCLUSION</u>

For the foregoing reasons, Non-Party Michael Connell respectfully requests that the Court grant his Motion, and enter an Order to Quash Plaintiffs King Lincoln Bronzeville Neighborhood Assn., et al.'s civil subpoena.

Respectfully submitted:

**BENESCH, FRIEDLANDER, COPLAN & ARONOFF, LLP**

/s/ James L. Ervin, Jr.
JAMES L. ERVIN, JR. (#0067016)
J. ALLEN JONES, III (#0072397)
41 South High Street, Suite 2600
Columbus, Ohio 43215
(614) 223-9325
E-mail: Jervin@bfca.com
E-mail: Ajones@bfca.com

JEREMY GILMAN (#0014144)
200 Public Square, Suite 2300
Cleveland, OH 44114-2378
Telephone: (216) 363-4500
Facsimile: (216) 363-4588
E-mail: Jgilman@bfca.com

*Counsel for Michael Connell*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was duly via electronic mail through the Court's ECF System to all parties to this action, or via overnight mail to all *pro se* parties, this the 14th day of October, 2008.

/s/ James L. Ervin, Jr.
James L. Ervin, Jr. (#0067016)
J. Allen Jones, III (#0072397)
Jeremy Gilman (#0014144)
*Counsel for Michael* Connell