# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION

**KING LINCOLN BRONZEVILLE**
**NEIGHBORHOOD ASSOCIATION, ET AL.,**

      **PLAINTIFFS,**

  VS.

**JENNIFER BRUNNER, ET AL.,**

      **DEFENDANTS.**

**CASE NO. 2:06-CV-745**

**JUDGE MARBLEY**

**MAGISTRATE JUDGE KEMP**

## PLAINTIFFS' MOTION TO STRIKE MOVING INTERVENORS' MOTION FOR AN EXPEDITED HEARING ON THEIR COMPLAINTS AGAINST PARTIES' COUNSEL

Plaintiffs move that the court strike the scandalous matter in moving intervenors' motion for an expedited hearing on their complaints against counsel for the parties.

    Respectfully submitted,
    */s/Clifford O. Arnebeck, Jr.*
    Clifford O. Arnebeck Jr. (0033391)
    Trial Attorney
    Arnebeck@aol.com
    Robert J. Fitrakis (0076796)
    truth@freepress.org
    1021 East Broad Street
    Columbus, Ohio 43205
    614-224-8771

    Henry W. Eckhart (0020202)
    henryeckhart@aol.com
    50 West Broad Street, Suite 2117
    Columbus, Ohio 43215
    614-461-0984
    Counsel for Plaintiffs

1

## MEMORANDUM IN SUPPORT

## Introduction: conspiracy speculation run amuck

Moving intervenors ("movants") assert there is a conspiracy between counsel for the parties to manipulate the court in regard to this proceeding.  The lawyers for the plaintiff civil rights groups, that sued to preserve the 2004 ballots from destruction and establish judicial oversight in Ohio elections, and the Ohio Attorney General's office are, movants contend, conspiring to mislead the federal court about the status of its own docket, so as to, movants assert, fraudulently block movants' intervention into this case.

Neither plaintiffs nor defendant Ohio Secretary of State Jennifer Brunner raised the stay of this case as a basis for striking or denying movants' motion to intervene.  Movants' offer no suggestion of a logical motive for the scandalous behavior they allege.   Plaintiffs would not have advanced their interests by concocting a phoney stay, that they then had to overcome to conduct urgent discovery.  Furthermore, absent a stay, the Ohio Secretary of State Jennifer Brunner could have moved to delay the pre-election discovery, on the basis that it would distract her office from preparations for the 2008 election.

Inasmuch as movants' attack seeks to scandalize both counsel and the court, it should be immediately stopped by granting plaintiff's motion to strike movants' motion to intervene and motion for an expedited hearing.

## **Moving Intervenors' effort to scandalize the parties' counsel, as officers of the court, and the court**

The premise of the movants' motion to intervene was that the plaintiffs had abandoned, and the court had forgotten, this case. The stay had expired long ago, they argued, yet plaintiffs' had not taken action, and the court had failed to establish a case schedule. Movants also argued that defendant, Ohio Secretary of State Jennifer Brunner and her counsel the Ohio Attorney General's Office, were in a continuing state of denial of their public duty to investigate and prosecute the election thieves on the evidence that movants continuously tried to place before them in a very public way.

It appears the movants did not even trust the court to proceed properly in this matter. By filing their motion to convene a federal grand jury after their motion to intervene, movants could promote themselves all through a national press release as *pro se* law enforcement advocates in a federal court action in which they were the plaintiffs, and thus raise money and create public pressure upon the court to accept their leadership of this case.

Movants are contemptuous of anything or anyone they perceive to be standing in the way of their intervention, such as: 1) a stay in the case, 2) the series of actions by the Secretary of State which she described as having accomplished everything that had been requested of her by the plaintiffs, 3) the ongoing review of volumes of evidence of criminal activity by the special prosecutions section of the Ohio Attorney General's Office, 4) the initiative of the plaintiffs to lift the stay for

3

the limited purpose of further developing the evidence of continuing wrongdoing focused upon the 2008 election, and in aid of the settlement concept of ultimately having the Ohio Attorney General's office lead a criminal investigation and prosecution of wrongdoers, and 5) any activity in the case, however routine, such as extensions of time to plead, that might distract the court from focusing exclusively upon movants' motion to intervene.[1]

So committed are moving intervenors to their view of this matter that they have accused the parties' counsel of a fraud on the court, as if the stay and settlement activities underlying it were nothing but a contrivance to block movants' urgently needed intervention. Ms. Lupo asserted to New York University Professor Mark Crispin Miller that there was no stay, because, as a former law clerk in New York, "she knows the law." Movant Ms. Shaffer suggested to Brad Friedman of Brad Blog that plaintiffs' counsel may have falsely electronically signed the magistrate judge's signature because he was not in town on the day of the entry, and further that she was told by the clerk's office, that only the district judge had authority to act in the matter. This kind of scandalous conduct against the court and its officers should be brought to a stop.

---

[1]Movants implicitly seek reconsideration of at least three procedural rulings by the court, one of which granted an extension of time to respond to movants where plaintiffs' counsel had measured the due date from the date of an amended filing by movants. In the original filing, movant Lupo declared that she had received no payment for her paralegal work for plaintiffs' counsel. Plaintiffs' counsel understood the amended pleading was intended to correct this error, because, among other things, she had received payment for her work. A copy of the canceled check is attached hereto.

**Conclusion: all the motions of the moving intervenors should be stricken**

Movants' effort to hijack control of this case from the parties and the court argues, even more forcefully, for plaintiffs' motion to strike movants' motion to intervene. Movants must not be permitted to distract the parties' and the court's focus upon protection of the integrity of the 2008 election.

Respectfully submitted,

*/s/Clifford O. Arnebeck, Jr.*
Clifford O. Arnebeck Jr. (0033391)
Trial Attorney
Arnebeck@aol.com
Robert J. Fitrakis (0076796)
truth@freepress.org
1021 East Broad Street
Columbus, Ohio 43205
614-224-8771

Henry W. Eckhart (0020202)
henryeckhart@aol.com
50 West Broad Street, Suite 2117
Columbus, Ohio 43215
614-461-0984
Counsel for Plaintiffs

**CERTIFICATE OF SERVICE**

This is to certify a copy of the foregoing was served upon counsel of record by means of the Court's electronic filing system, and upon the movants by regular mail on this 14th day of October 2008.

*/s/ Clifford O. Arnebeck, Jr.*