# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| KING LINCOLN BRONZEVILLE<br>NEIGHBORHOOD ASSOCIATION, et al.,<br><br>      Plaintiffs,<br>v.<br><br>J. KENNETH BLACKWELL, et al.,<br><br>      Defendants. | CASE NO. C2:06-0745<br><br>JUDGE ALGENON MARBLEY<br><br>MAGISTRATE JUDGE KEMP |

## PROPOSED ANSWER OF THE STATE OF OHIO

For its answer to the Amended Complaint filed by Plaintiffs, Proposed Intervenor State of Ohio states as follows:

### FIRST DEFENSE

1. In response to the allegations in paragraph 1 of the Amended Complaint, hereinafter "Complaint," the State of Ohio admits that Plaintiffs have filed an action. The State of Ohio denies the remainder of the allegations set forth in paragraph 1 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

2. The allegations in paragraphs 2, 3, 3A, 3B, 3C, 3D, 3E, 3F, 3G, 3H, 4, 5, 6, and 7 of Plaintiffs' Complaint are all directed to other Defendants. In response, the State of Ohio denies these allegations for lack of knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

3. In response to the allegations in paragraph 8 of the Complaint, the State of Ohio admits that Amended Substitute House Bill 3, hereinafter H.B. 3, was passed by the 126th General Assembly, and was signed by Governor Bob Taft on January 31, 2006. The State of

Ohio further admits that H.B. 3 modifies and adds provisions in Title XXXV of the Ohio Revised Code, and that some provisions became effective on May 2, 2006. The State of Ohio denies the remainder of the allegations set forth in paragraph 8 for lack of knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

4. The State of Ohio denies the allegations in paragraphs 9, 10, 11, 12, and 13 of the Complaint.

5. In response to the allegations in paragraph 14 of the Complaint, the State of Ohio admits that J. Kenneth Blackwell is the Ohio Secretary of State, that he is a current gubernatorial candidate, and that the Ohio Revised Code codifies some of the Secretary of State's duties. The State of Ohio denies the remainder of the allegations set forth in paragraph 14 for lack of knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

6. The State of Ohio denies the allegations in paragraphs 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 28A, 28B, 28C, 28D, 28E, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, and 72 for lack of knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

7. In response to paragraph 73, the State of Ohio denies that HB 3 was enacted for partisan reasons. The State of Ohio denies the remainder of the allegations in this paragraph for lack of knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

8. The State of Ohio denies the allegations in paragraphs 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, and 87 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

9. In response to the allegations in paragraph 88 of the Complaint, the State of Ohio admits that Representative Kevin Dewine introduced H.B. 3 on January 24, 2005. The State of Ohio denies the remaining allegations in paragraph 88 of the Complaint.

10. The allegations in paragraph 89 of the Complaint are not susceptible to an admission or denial inasmuch as Plaintiff paraphrases provisions in H.B. 3 and the Help America Vote Act, hereinafter HAVA, which speaks for itself. Further answering, to the extent the allegations state facts they are denied by the State of Ohio.

11. In response to the allegations in paragraph 90 of the Complaint, the State of Ohio admits that a version of H.B. 3 passed the House of Representatives on May 17, 2005.

12. The State of Ohio denies the allegations in paragraphs 91 and 92 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

13. In response to the allegations in paragraphs 93 and 94 of the Complaint, the State of Ohio admits that many individuals testified regarding H.B. 3. The State of Ohio denies the remainder of the allegations set forth in these paragraphs.

14. The State of Ohio denies the allegations in paragraph 95 of the Complaint.

15. The allegations in paragraphs 96, 97 and 98 of the Complaint are not susceptible to an admission or denial inasmuch as the legislative history of the bill speaks for itself.

16. In response to the allegations in paragraph 99 of the Complaint, the State of Ohio admits that Governor Taft signed H.B. 3 on January 31, 2006.

17. The State of Ohio denies the allegations in paragraph 100 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

18. In response to paragraph 101 of the Complaint, the State of Ohio admits that some provisions of H.B. 3 took effect on May 2, 2006, and that a primary election occurred on May 2, 2006.

19. The allegations in paragraph 102 of the Complaint are not susceptible to an admission or denial inasmuch as Plaintiffs paraphrase a decision issued by the Northern District Court of Ohio in *Project Vote v. Blackwell*, Northern District of Ohio Case No. 1:06 CV 1628, which speaks for itself. Further answering, to the extent the allegations state facts they are denied by the State of Ohio.

20. The allegations in paragraph 103 of the Complaint are not susceptible to an admission or denial inasmuch as Plaintiffs recite and paraphrase portions of R.C. 3599.11(A), which speaks for itself. Further answering, to the extent the allegations state facts they are denied by the State of Ohio.

21. The allegations in paragraph 104 of the Complaint of the Complaint are not susceptible to an admission or denial inasmuch as Plaintiffs recite and paraphrase portions of R.C. 3599.36, which speaks for itself. Further answering, to the extent the allegations state facts they are denied by the State of Ohio.

22. The allegations in paragraph 105 of the Complaint are not susceptible to an admission or denial inasmuch as Plaintiffs recite and paraphrase portions of R.C. 3505.22, which speaks for itself. Further answering, to the extent the allegations state facts they are denied by the State of Ohio.

23. The allegations in paragraph 106 of the Complaint are not susceptible to an admission or denial inasmuch as Plaintiffs recite and paraphrase portions of R.C. 3599.12, which speaks for itself. Further answering, to the extent the allegations state facts they are denied by the State of Ohio.

24. The allegations in paragraph 107 of the Complaint are not susceptible to an admission or denial inasmuch as Plaintiffs recite and paraphrase portions of H.B. 3, which speaks for itself. Further answering, to the extent the allegations state facts they are denied by the State of Ohio.

25. The allegations in paragraph 108 of the Complaint are not susceptible to an admission or denial inasmuch as Plaintiffs opine about the provisions of H.B. 3, which speaks for itself. Further answering, to the extent the allegations state facts they are denied by the State of Ohio.

26. The allegations in paragraph 109 of the Complaint are not susceptible to an admission or denial inasmuch as Plaintiffs recite and paraphrase R.C. 3503.14(5), which speaks for itself. Further answering, to the extent the allegations state facts they are denied by the State of Ohio.

27. The allegations in paragraphs 110 and 111 of the Complaint are not susceptible to an admission or denial inasmuch as Plaintiffs recite, paraphrase and opine about portions of H.B. 3, which speaks for itself. Further answering, to the extent the allegations state facts they are denied by the State of Ohio.

28. The State of Ohio denies the allegations in paragraphs 112, 114, and 116 of the Complaint.

29. The allegations in paragraph 113 of the Complaint are not susceptible to an admission or denial inasmuch as Plaintiffs recite and paraphrase R.C. 3503.16(B)(1)(a), which speaks for itself. Further answering, to the extent the allegations state facts they are denied by the State of Ohio.

30. The allegations in paragraph 115 of the Complaint are not susceptible to an admission or denial inasmuch as Plaintiffs recites, paraphrases and opines about portions of H.B. 3, which speaks for itself. Further answering, to the extent the allegations state facts they are denied by the State of Ohio.

31. The allegations in paragraph 117 of the Complaint are not susceptible to an admission or denial inasmuch as Plaintiffs recite and paraphrase portions of H.B. 3, which speaks for itself. Further answering, to the extent the allegations state facts they are denied by the State of Ohio.

32. The State of Ohio denies the allegations contained in paragraphs 118, 120, 121, 122, 123, 125, 126, and 127 of the Complaint.

33. The State of Ohio denies the allegations set forth in paragraph 119 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

34. The allegations in paragraph 124 of the Complaint are not susceptible to an admission or denial inasmuch as Plaintiffs recite and paraphrase R.C. 3505.18, which speaks for itself. Further answering, to the extent the allegations state facts they are denied by the State of Ohio.

35. The allegations in paragraph 128 of the Complaint are not susceptible to an admission or denial inasmuch as Plaintiffs recite and paraphrase R.C. 3505.182, which speaks

for itself. Further answering, to the extent the allegations state facts they are denied by the State of Ohio.

36. The allegations in paragraphs 129 and 130 of the Complaint are not susceptible to an admission or denial inasmuch as Plaintiffs recite and paraphrase portions of H.B. 3, which speaks for itself. Further answering, to the extent the allegations state facts they are denied by the State of Ohio.

37. The State of Ohio denies the allegations contained in paragraphs 131, 132, 133, 135, and 136 of the Complaint.

38. The allegations in paragraph 134 of the Complaint are not susceptible to an admission or denial inasmuch as Plaintiffs recite and paraphrase portions R.C. 3505.18(B), which speaks for itself. Further answering, to the extent the allegations state facts they are denied by the State of Ohio.

39. The State of Ohio denies the allegations set forth in paragraph 137 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

40. The State of Ohio denies the allegations contained in paragraph 138 of the Complaint.

41. The allegations in paragraph 139 of the Complaint are not susceptible to an admission or denial inasmuch as Plaintiffs recite and paraphrase portions R.C. 3505.183(B)(1), which speaks for itself. Further answering, to the extent the allegations state facts they are denied by the State of Ohio.

42. The State of Ohio denies the allegations contained in paragraphs 140, 141, 142, 143, 144, 145, 146, and 147 of the Complaint.

43. The allegations in paragraph 148 of the Complaint are not susceptible to an admission or denial inasmuch as Plaintiffs recite and paraphrase R.C. 4507.50, which speaks for itself. Further answering, to the extent the allegations state facts they are denied by the State of Ohio.

44. The State of Ohio denies the allegations set forth in paragraphs 149, 150, and 151 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

45. The State of Ohio denies the allegations contained in paragraphs 152, 153, and 154 of the Complaint.

46. The allegations in paragraphs 155 and 156 of the Complaint are not susceptible to an admission or denial inasmuch as Plaintiffs recite and paraphrase portions of H.B. 3, which speaks for itself. Further answering, to the extent the allegations state facts they are denied by the State of Ohio.

47. The allegations in paragraph 157 of the Complaint are not susceptible to an admission or denial inasmuch as Plaintiffs recite and paraphrase portions of H.B. 3, which speaks for itself. Further answering, the State of Ohio denies that Ohio's provisional voting process is "complex" or "quasi-criminal," and to the extent that any of the remaining allegations state facts they are denied by the State of Ohio.

48. The State of Ohio denies the allegations contained in paragraphs 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, and 172 of the Complaint.

49. The allegations contained in paragraphs 173, 174, 175, 176, 177, 178, 179 and 180 of the Complaint state legal conclusions that are not susceptible to admission or denial. To

the extent the allegations state facts they are denied by the State of Ohio for lack of knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

50. In response to paragraph 181 of the Complaint, the State of Ohio hereby incorporates all of its responses to the allegations contained in paragraphs 1 through 180 of the Complaint.

51. The allegations in paragraphs 182, 183, 184, 185, 186, and 187 of Plaintiffs' Complaint are all directed to other Defendants. In response, the State of Ohio denies these allegations for lack of knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

52. In response to paragraph 188 of the Complaint, the State of Ohio hereby incorporates all of its responses to the allegations contained in paragraphs 181 through 187 of the Complaint.

53. The allegations in paragraph 189 of Plaintiffs' Complaint are all directed to other Defendants. In response, the State of Ohio denies these allegations for lack of knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

54. In response to paragraph 190 of the Complaint, the State of Ohio hereby incorporates all of its responses to the allegations contained in paragraph 189 of the Complaint.

55. The allegations in paragraph 191 of Plaintiffs' Complaint are all directed to other Defendants. In response, the State of Ohio denies these allegations for lack of knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

56. In response to paragraph 192 of the Complaint, the State of Ohio hereby incorporates all of its responses to the allegations contained in paragraph 191 of the Complaint.

57. The allegations in paragraphs 193 and 194 of Plaintiffs' Complaint are all directed to other Defendants. In response, the State of Ohio denies these allegations for lack of knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

58. In response to paragraph 195 of the Complaint, the State of Ohio hereby incorporates all of its responses to the allegations contained in paragraphs 193 and 194 of the Complaint.

59. The allegations in paragraph 196 of Plaintiffs' Complaint are all directed to other Defendants. In response, the State of Ohio denies these allegations for lack of knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

60. In response to paragraph 197 of the Complaint, the State of Ohio hereby incorporates all of its responses to the allegations contained in paragraph 196 of the Complaint.

61. The allegations in paragraph 198 of Plaintiffs' Complaint are all directed to other Defendants. In response, the State of Ohio denies these allegations for lack of knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

62. In response to paragraph 199 of the Complaint, the State of Ohio hereby incorporates all of its responses to the allegations contained in paragraph 198 of the Complaint.

63. The allegations in paragraph 200 of Plaintiffs' Complaint are all directed to other Defendants. In response, the State of Ohio denies these allegations for lack of knowledge or

information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

64. In response to paragraph 201 of the Complaint, the State of Ohio hereby incorporates all of its responses to the allegations contained in paragraph 200 of the Complaint.

65. The allegations in paragraph 202 of Plaintiffs' Complaint are all directed to other Defendants. In response, the State of Ohio denies these allegations for lack of knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

66. In response to paragraph 203 of the Complaint, the State of Ohio hereby incorporates all of its responses to the allegations contained in paragraph 202 of the Complaint.

67. The allegations in paragraph 204 of Plaintiffs' Complaint are all directed to other Defendants. In response, the State of Ohio denies these allegations for lack of knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

68. In response to paragraph 205 of the Complaint, the State of Ohio hereby incorporates all of its responses to the allegations contained in paragraph 204 of the Complaint.

69. The allegations in paragraph 206 of Plaintiffs' Complaint are all directed to other Defendants. In response, the State of Ohio denies these allegations for lack of knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

70. In response to paragraph 207 of the Complaint, the State of Ohio hereby incorporates all of its responses to the allegations contained in paragraph 206 of the Complaint.

71. The allegations in paragraph 208 of Plaintiffs' Complaint are all directed to other Defendants. In response, the State of Ohio denies these allegations for lack of knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

72. In response to paragraph 209 of the Complaint, the State of Ohio hereby incorporates all of its responses to the allegations contained in paragraph 208 of the Complaint.

73. The allegations in paragraph 210 of Plaintiffs' Complaint are all directed to other Defendants. In response, the State of Ohio denies these allegations for lack of knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

74. In response to paragraph 211 of the Complaint, the State of Ohio hereby incorporates all of its responses to the allegations contained in paragraph 210 of the Complaint.

75. The allegations in paragraphs 212 and 213 of Plaintiffs' Complaint are all directed to other Defendants. In response, the State of Ohio denies these allegations for lack of knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

76. In response to paragraph 214 of the Complaint, the State of Ohio hereby incorporates all of its responses to the allegations contained in paragraphs 212 and 213 of the Complaint.

77. The allegations in paragraph 215 of Plaintiffs' Complaint are all directed to other Defendants. In response, the State of Ohio denies these allegations for lack of knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

78. The State of Ohio denies the allegations contained in paragraph 216 of the Complaint.

79. In response to paragraph 217 of the Complaint, the State of Ohio hereby incorporates all of its responses to the allegations contained in paragraphs 215 and 216 of the Complaint.

80. The allegations in paragraph 218 of Plaintiffs' Complaint are all directed to other Defendants. In response, the State of Ohio denies these allegations for lack of knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

81. The State of Ohio denies the allegations contained in paragraph 219 of the Complaint.

82. In response to paragraph 220 of the Complaint, the State of Ohio hereby incorporates all of its responses to the allegations contained in paragraphs 218 and 219 of the Complaint.

83. The allegations in paragraph 221 of Plaintiffs' Complaint are all directed to other Defendants. In response, the State of Ohio denies these allegations for lack of knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

84. The State of Ohio denies the allegations contained in paragraph 222 of the Complaint.

85. In response to paragraph 223 of the Complaint, the State of Ohio hereby incorporates all of its responses to the allegations contained in paragraphs 221 and 222 of the Complaint.

86. The allegations in paragraph 224 of Plaintiffs' Complaint are all directed to other Defendants. In response, the State of Ohio denies these allegations for lack of knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

87. The allegations in paragraph 225 of the Complaint are not susceptible to an admission or denial inasmuch as Plaintiffs recite and paraphrase portions HAVA, which speaks for itself. The State of Ohio admits that funds have been allocated to the State of Ohio pursuant to HAVA. Further answering, to the extent the remaining allegations state facts they are denied by the State of Ohio.

88. In response to paragraph 226 of the Complaint, the State of Ohio hereby incorporates all of its responses to the allegations contained in paragraphs 224 and 225 of the Complaint.

89. The allegations in paragraphs 227, 228, and 229 of Plaintiffs' Complaint are all directed to other Defendants. In response, the State of Ohio denies these allegations for lack of knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

90. In response to paragraphs 230, 230A, 230B, 231, 232, 233, 234, 235, 236, 236A, 236B, 236C, 236D, 236E, 237, 238, 239, and 240 of the Complaint, which are contained in Plaintiffs' prayer for relief, the State of Ohio denies any allegations contained in the these paragraphs.

91. The State of Ohio denies each allegation of the Complaint not otherwise expressly admitted.

## SECOND DEFENSE

92. H.B. 3 is constitutional.

## THIRD DEFENSE

93. Plaintiffs lack standing.

## FOURTH DEFENSE

94. Plaintiffs' claims are barred by laches.

## FIFTH DEFENSE

95. Plaintiffs' claims are barred by the Eleventh Amendment.

## SIXTH DEFENSE

96. The Complaint otherwise fails to state a claim upon which relief may be granted.

## SEVENTH DEFENSE

97. This Court lacks subject matter jurisdiction.

## EIGHTH DEFENSE

98. Plaintiffs have an adequate remedy at law.

## NINTH DEFENSE

99. Plaintiffs have failed to join parties in accordance with Rule 19 and Rule 19.1 of the Federal Rules of Civil Procedure.

## TENTH DEFENSE

100. Plaintiffs are estopped from raising the claims set forth in the Complaint.

## ELEVENTH DEFENSE

101. Plaintiffs have failed to do equity, thus barring them from equitable relief.

**TWELFTH DEFENSE**

104. The State of Ohio reserves the right to assert all other defenses available to it, including affirmative defenses, as they are discovered.

**WHEREFORE**, having fully answered the Amended Complaint, the Proposed Intervenor respectfully requests that this Court dismiss the claims and allegations asserted against H.B. 3 and any of its provisions, and enter judgment in favor of the constitutionality of H.B. 3, including costs and attorneys fees for defending this action.

Respectfully submitted,

JIM PETRO
OHIO ATTORNEY GENERAL


/s/ Sharon A. Jennings_____
SHARON A. JENNINGS (0055501)
Senior Deputy Attorney General
HOLLY J. HUNT (0075069)
Assistant Attorney General
Constitutional Offices Section
30 East Broad Street, 17th Floor
Columbus, Ohio 43215
Telephone: 614-466-2872
Fax: 614-728-7592
*Counsel for Proposed Intervenor*
*State of Ohio*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of October, 2006, the foregoing Proposed Answer was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. I further certify that a copy of the foregoing has been served by facsimile upon all parties for whom counsel has not yet entered an appearance and upon all counsel who have not entered their appearance via the electronic system.

          /s/ Sharon A. Jennings
          Sharon A. Jennings
          Senior Deputy Attorney General