Dockets.Justia.com



## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

KING LINCOLN, ET AL.                          :

                          PLAINTIFFS,          :

AND

                                               :        **Civil Action No. C2  06 745**

THE OHIO ELECTION JUSTICE CAMPAIGN,   :
PADDY SHAFFER, MARILYS BARBEE,                          **JUDGE ALGENON**
VIRGINIA BROOKS, MARK BROWN,                   :        **MARBLEY**
BRUCE DUNCANSON, MARIAN LUPO,
PETER JONES, TIMOTHY KETTLER,                  :        **MAGISTRATE**
                                                        **JUDGE KEMP**
individually and as CLASS REPRESENTATIVES  :
under Fed.R.Civ.P. 23,

                                               :

v.                                             :

J. KENNETH BLACKWELL, ET AL.,                  :

                          DEFENDANTS,          :

AND                                            :

                                               :

THE STATE OF OHIO,                             :

                          INTERVENOR-DEFENDANT.

### INTERVENORS-PLAINTIFFS OHIO ELECTION JUSTICE CAMPAIGN AND NAMED PLAINTIFFS' SHAFFER, BARBEE, BROOKS, BROWN, DUNCANSON, LUPO, JONES, AND KETTLER MOTION FOR RECONSIDERATION

### ORAL ARGUMENT REQUESTED PURSUANT TO S.D. Ohio Civ. R. 7.1(b)(2)

The above-named Proposed Intervenors respectfully request this Court to

reconsider its Opinion and Order filed March 5, 2009 denying their Motion for

Intervention and striking from the record their Motion for Criminal Contempt/Special

Grand Jury Proceedings and Motion for an Expedited Conference for Apparent Fraud upon the Court. The grounds for reconsideration are based on errors in the Opinion and Order and newly discovered evidence, which are more fully set forth in the Memorandum below. The newly discovered evidence is attached to this motion and incorporated by reference below. Because of the complexity of the factual and procedural issues, which are briefed below, as well as the public importance of this case, including its class action ramifications, the Proposed Intervenors respectfully request oral argument pursuant to S.D. Ohio Civ. R. 7.1(b)(2).

**MEMORANDUM**

### 1. The Motion to Intervene and the Motion for Criminal Contempt/Special Grand Jury Proceedings Were Not Filed on the Same Day

Page one of the Opinion and Order states "On the same day [as filing of the motion to intervene], the Proposed Intervenors sought to initiate criminal contempt proceedings against various county boards of election and to impanel a special grand jury." (Opinion and Order, March 5, 2009, p.1) [hereinafter "Opinion and Order"]. The Motion to Intervene was filed on July 7, 2008. The Motion for Criminal Contempt/Special Grand Jury Proceedings was filed on July 10, 2008. Further, the Proposed Intervenors did not seek to initiate the above criminal actions themselves, but to bring to the Court's attention evidence that would support such action by this Court. *See* Intervenor-Plaintiffs' Reply to Defendants' Memo Contra the Motion for Criminal Contempt/Grand Jury Proceedings, filed July 29, 2008, p. 2.

The statute of limitations for criminal contempt is one year. Motion for Criminal Contempt/Special Grand Jury Proceedings, July 10, 2008, p. 19 n. 7. The three-day

2

period between the filing of each motion was due to the possible lapse of the one-year statute of limitations, not to jump the gun on this Court's ruling on intervention. Bringing this information forward to the attention of the Court prior to the expiration of the statute of limitations, as well as bringing to the Court's attention evidence showing the destruction of the ballots was, in many cases, not accidental, was Proposed Intervenors' obligation as possible fiduciaries for the yet uncertified class. Further, in filing the evidence showing that the ballots had been destroyed, the Proposed Intervenors only did what both Defendant Brunner and Plaintiffs' Counsel announced that they had done, but did not. Proposed Intervenors' Motion for Criminal Contempt/Special Grand Jury Proceedings, July 10, 2008, pp. 7-8 & Ex. K., p. 4; *Democracy Deadlocked*, documentary filmed late 2008, statement of Clifford Arnebeck, oneifbylandbuckscounty.com/twoifbyseadetail.php?p=twoifbysea&pd=80.

Conflating the two motions, whether they were filed immediately or within three days, ignores the substantial interests Proposed Intervenors present in both their motion and the proposed complaint, an important factor in the *Stupak-Thrall v. Glickman,* 266 F.3d 467, 472 (6th Cir. 2000) test of timeliness. The Proposed Intervenors request that the Court correct the record and also reconsider its findings in light of this fact. In particular, the Proposed Intervenors request that this Court consider the substantial interests raised in their proposed complaint, which were not reviewed in this Court's Opinion and Order. Further, this factual error informs the Court's determination of the purpose for which the Proposed Intervenors sought intervention, prong two of the *Thrall-Glickman* test discussed immediately below.

**2. The Press Release Submitted by Plaintiffs' Counsel Does Not Evince the Proposed Intervenors' Purpose in Bringing the Motion to Intervene**

3

As an unincorporated association dedicated to election justice issues, the OEJC periodically informs the public of its activities that would be of public interest; such is its First Amendment right and is not in conflict with the rules for publicity for pending litigation. To characterize Proposed Intervenors' purpose for intervention, based upon the filing dates and the press release submitted by Plaintiffs' Counsel, as "a singular motive to publicly discredit the results of the 2004 Presidential election in Ohio and to punish those they deem responsible," Opinion and Order p. 5, elevates the press release over the verified filings presented to this Court. Given that the Plaintiffs' amended complaint requests a finding that "the integrity of the Ohio 2004 presidential election was compromised," Amended Complaint filed October 9, 2006, p. 57, the Proposed Intervenors are unable to determine how the remedy requested by Plaintiffs, a remedy that the Proposed Intervenors also seek, discredits their substantial interests in this case. Finally, the press release submitted by Plaintiffs' Counsel was taken out of context, since it was only one in a series of nine.

Because the purpose for which intervention is sought is one element of the timeliness consideration, *Stupak-Thrall v. Glickman*, 266 F.3d 467, 472 (6th Cir. 2000), the Proposed Intervenors suggest that this error in the Opinion and Order works especially to their detriment. Given that this finding may be read to overlap with prong two of the Fed. R. Civ P. 24(a) determination itself (that a substantial legal interest is involved), reliance upon a press release rather than a review of the Proposed Intervenors verified motion and proposed complaint results in a miscarriage of justice.

**3. The Newspaper Article Submitted by Defendants' Counsel Does Not Demonstrate that Proposed Intervenors Knew or Reasonable Should Have Known of Their Interest in this Case**

This Court states, "The would-be intervenors have been aware of this lawsuit from the outset." Opinion and Order, p. 5. Give the affidavits submitted by Proposed Intervenors Mr. Kettler, Ms. Lupo, and Ms. Shaffer, it is clear that they were aware of this lawsuit, but not that their legal interests were implicated, which is what prong three of the *Stupak-Thrall* timeliness test, *supra* at 472, requires ("the length of time preceding the application during which the Proposed Intervenors knew or reasonable should have known of their interest in the case"). Proposed Intervenors' Reply to Plaintiffs' Counsels' Motion to Strike Motion to Intervene and Motion for Criminal Contempt/Special Grand Jury Proceedings, filed /13/08, Attached Affidavits. It is unclear if this Court is imputing the awareness of three to the five remaining members, but certainly it is clear that at least three of the remaining Proposed Intervenors had no awareness of this lawsuit, much less knew of their interests in the case, based upon the newspaper article submitted by the Defendant, which only circulated within Central Ohio. Defendant Brunner's Response in Opposition to Motion to Intervene, filed 7/25/08, Ex. A.

**4. The Proposed Intervenors Have Not Claimed a Lack of Knowledge Based on a July 2008 Discovery that the Ballots Had Been Destroyed**

This Court states: "Nevertheless, they claim a lack of knowledge that their interests might be affected by this litigation until July 2008, when they allegedly discovered that some of the ballots ordered preserved by this Court had been destroyed." Opinion and Order, p. 6. The Proposed Intervenors agree that it would be difficult to

understand "how this destruction of ballots would cause the interests of the Proposed Intervenors to diverge from those of the plaintiffs." Opinion and Order, p. 6. But the Proposed Intervenors have not made such a claim in their Motion to Intervene or Proposed Complaint. Rather, they claim they discovered, in July 2008, that the *evidence showing that ballots had been destroyed had not been submitted to the Court*. Proposed Intervenors Reply to Defendant Brunner's Response in Opposition to Motion to Intervene, filed August 8, 2008, pp.5-6 & Ex. B. The failure to submit this evidence *does not* evidence a divergence of interests, since as demonstrated in the Motion to Intervene and Proposed Complaint, the interests *substantively* diverge, although the discovery of this failure could legitimately be read as supporting the timeliness of the Motion to Intervene. Thus, the finding that the "proposed intervenors were less than diligent in protecting their interests," Opinion and Order, p.6, is based on a claim that the Proposed Intervenors never made, and to the extent this finding renders the Motion to Intervene untimely, the Proposed Intervenors respectfully request reconsideration.

This is not to say that as Proposed Intervenors do not assert an interest in preventing any continuing destruction of evidence in the instant case, *see* Proposed Intervenors Motion for Criminal Contempt/Special Grand Jury Proceedings, filed July 10, 2008, p. 8 & Exs. L & MM; Affidavit of Paddy Shaffer and Attachments in Proposed Intervenors' Reply to Plaintiffs' Counsels' Motion to Strike, filed 8/13/08, nor that the failure to submit the evidence of the destroyed ballots could not be considered as factors demonstrating impairment of their interests and inadequate representation pursuant to Fed. R. Civ. P. 24(a).

**5. The Plaintiffs did not brief or participate in a hearing on injunctive relief to prohibit enforcement of Ohio's voter ID statute.**

**6. The Plaintiffs did not consolidate this case with another seeking similar relief.**

**7. The stay was not lifted on April 3, 2008 so that an agreed order could be entered requiring transfer of the ballots from the county boards of election to the custody of the Secretary of State.**

The above errors go to the procedural history of the case to support a determination that, contrary to Proposed Intervenors' assertion, this case is in an advanced stage. Opinion and Order, p. 4. On October 25, 2006, the Plaintiffs requested an expedited hearing on injunctive relief and moved to treat *Northeast Ohio Coalition for the Homeless, et al. v. Blackwell*, 2:06-cv-896 as related or to consolidate. However, the request, briefing, and hearing for injunctive relief was pursued in *Northeast Ohio Coalition for the Homeless, et al.,* which was not consolidated with the present case. Rather, an order was entered on October 26, 2006 transferring *Northeast Ohio* from Judge Frost to Judge Marbley as a case related to the instant case.

Further, the stay was lifted for the transfer of the ballots not on April 3, 2008, but a full year earlier, April 3, 2007. Joint Motion Regarding Disposition of All Ballots from 2004 Presidential Election, filed 4/3/07. Thus, rather than four months expiring since this agreed upon order and the motion to intervene (April to July 2008), sixteen months had expired since this agreed upon order and the motion to intervene (April 2007 to July 2008). The Proposed Intervenors agree that if all the above had occurred on the dates articulated in the Opinion and Order, the question of the stage of the proceedings might present a closer question. However, they did not, and thus, at the time of moving to

7

intervene, no action had been taken in this case since the last stay in this case expired on August 31, 2007 (docket entry 34), supporting their assertion they would present no disruption to the case schedule.

Finally, the deposition of Michael Connell on November 3, 2008 was taken four months after the Motion to Intervene; no status conference was held, although papers submitted by Plaintiffs' Counsel entitled "status report" were filed, again, after the Motion to Intervene. No other discovery has been had; no discovery schedule or case management plan is yet in place setting the deadline for joinder of parties or motion for certification of the class – either of which would provided Proposed Intervenors with an opportunity to intervene and protect their interests. Not only is this case not in an advanced status, but also the advancement or non-advancement of the case is not articulated as a timeliness consideration in *Stupak-Thrall*.

## 8. The Question of the Stay Remains Unresolved to the Extreme Prejudice of the Proposed Intervenors

This Court's Opinion and Order states, "More recently, the Magistrate Judge entered an agreed order lifting the stay to permit the Plaintiffs to take the deposition of Michael Connell and any other witnesses whose testimony, in the parties' judgment, would be warranted in light of Mr. Connell's testimony." Opinion and Order, pp. 4-5. The non-existence of the stay in this case has been fully briefed by the Proposed Intervenors in their Response in Opposition to Plaintiffs' Second Motion for an Extension of Time, filed September 9, 2008. It was briefed again, because it formed, in part, the basis for their Motion for an Expedited Conference for Apparent Fraud upon the Court, filed on September 25, 2008. The Court declined to set such a conference, which would

have resolved this issue and also clarified the submission of affidavits sworn to by Plaintiffs' Counsel.

For the purposes of this Motion for Reconsideration, failing to resolve the issue of the stay leads to a legal contradiction in this Court's Opinion and Order and a denial of basic due process guarantees to the Proposed Intervenors. If there is in fact a stay, which was lifted for a limited discovery purpose on September 19, 2008, then the Proposed Intervenors' motion would be premature because a stay operates to halt all litigation. In the alternative, the Proposed Intervenors would have made a motion for the limited lifting of the stay to plead their Motion for Intervention if they had found a stay in the docket. However, to state that the stay was lifted, implying that a stay must have been in place when the Motion to Intervene was filed, and then to find the Proposed Intervenors are untimely, when such a stay operates to halt all litigation, is a manifest denial of due process. In essence, *it denies any opportunity to intervene at any time to protect their interests* because a stay has been in place since almost the inception of this lawsuit and yet the Court finds the Motion to Intervene is made "at this late date." Opinion and Order, p. 5. Thus, to characterize the Proposed Intervenors' Motion for an Expedited Conference for Apparent Fraud upon the Court as indicating "a desire not simply to protect their legitimate electoral interests, but to pursue objectives which, although contemplated by plaintiffs' complaint, have become secondary to the goal of enhancing the reforms undertaken by defendant Brunner," Opinion and Order, p. 5, dismisses the significant due process interests at stake in resolving the issue of the stay.

Given these significant due process issues at stake, and the posture of the instant suit as a class action, the Proposed Intervenors respectfully request that this Court

9

reconsider this finding or at least clarify its Opinion and Order. If there is a stay, then the Motion to Intervene could have been much more simply disposed of and without as much prejudice to the Proposed Intervenors in a future motion to intervene. Rather than being too late, the Proposed Intervenors would have been too early.

**9. The instant suit is a 42 U.S.C. section 1983 action against Defendant Blackwell, named defendants, and unnamed Jane/John Does in their personal and official capacities.**

As a section 1983 action against state actors in their official and personal capacities, the Defendants may be personally liable for actions taken under color of state law. *See, e.g., Monnell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978). Defendant Brunner was substituted in her official capacity. Thus, "the enormous change in the Ohio electoral landscape" following the election of Democratic candidate Brunner, Opinion and Order, p. 3, the Proposed Intervenors' awareness of her election ("certainly aware of the changes in the political landscape resulting from the 2006 Ohio general election," Opinion and Order, p. 5), and the "broad and significant election reforms" Defendant Brunner has instituted, Opinion and Order, p. 6, do not affect the underlying causes of action in the Plaintiffs' amended complaint nor the Proposed Intervenors' proposed complaint for violations of Constitutional rights and federal statutes. Nor is the election of Defendant Brunner, who has publicly announced she will not be seeking the Ohio Secretary of State office in 2010, a key fact militating against a finding that the Proposed Intervenors' Constitutional rights were violated by Defendant Blackwell and the other named and unnamed defendants.

**10. The record does not support a finding that this case might not be dismissed for want of prosecution.**

10

The law surrounding dismissal for want of prosecution has been briefed in Proposed Intervenors' Reply to Defendant Secretary of State's Brunner Memorandum in Opposition to Their Motion to Intervene, filed August 8, 2008, pp. 4-5. The docket reveals Plaintiffs' Counsel extensive requests for an extension of time and a missed deadline after several extensions. Proposed Intervenors respectfully request the Court reconsider the probabilities that this case will suffer from lack of prosecution if Proposed Intervenors are prohibited from entering the case and moving for class certification.

**11. The parties have not cooperated in a continued investigation into the events surrounding the 2004 Presidential election in Ohio (Opinion and Order, p. 6).**

The parties have not cooperated into a continued investigation into the events surrounding the 2004 Presidential election, and thus, the intervention by Proposed Intervenors would not upset the delicate balance between the parties to the prejudice of the Plaintiffs. The Chief of Special Prosecutions, State of Ohio, has stated that no investigation is currently pending. (Exhibit A, Affirmation of Paddy Shaffer). Further, no prior investigation has been commenced under Defendant Brunner since she has been in office. The Lucas County investigation was conducted while Defendant Blackwell was in office; the Cuyahoga County investigation was conducted at the behest of the Cuyahoga County Board of Commissioners prior to Defendant Brunner's election. Finally, although the Director, now Deputy Director, of the Franklin County Board of Elections, Matthew Damschroder, in named in the second amended complaint, and facts alleged would support some investigation, no investigation of the Franklin County Board of Elections has commenced. The counsel representing this named defendant, Patrick J.

Piccininni, currently an Assistant Franklin County Prosecutor, is a former law associate of Defendant Brunner. (Ex. B, Letterhead of Brunner Firm, 2000).

## 12. The Proposed Intervenors would not create a more acrimonious atmosphere and lead to further extraneous litigation (Opinion and Order, p. 6)

The Proposed Intervenors sincerely regret the scurrilous material submitted by Plaintiffs' Counsel to discredit them, including the use of matters that have no bearing on the legal merits of the Proposed Intervenors' motions; they further sincerely regret the lack of basic courtesy extended to them in matters as simple as copying them on papers on motions before the Court. But this acrimonious atmosphere has not been of their creation, save for their assertion of their substantial legal interests in their Motion to Intervene and Motion for Apparent Fraud, the latter of which, as explained above, has significant due process implications for them as well as carrying grave implications for the proceedings before this Court.

Further, an attempt made by a neutral third-party to mediate on behalf of the Proposed Intervenors and gain the consent of Clifford Arnebeck for intervention was rebuffed, giving the third party the general impression that Mr. Arnebeck believed involvement in this case may result in death. Further, Clifford Arnebeck has made public representations that he sought a protective order for a witness that he deposed, and that he believes this man is now dead because he was to be called as a witness in this case (Exhibit C, Article in Cleveland Freetimes published February 7, 2009; www.freetimes.com; comments bolded). As Exhibit C demonstrates, the wife of this witness was hounded by journalists associated with Clifford Arnebeck and Robert

12

Fitrakis. The belief that individuals involved in this case will result in death is also reflected by Robert Fitrakis's statement that Defendant Hogsett was dismissed from the case not allegedly upon the behest of an attorney for ES&S, but because the "Republican Mafia" would murder him. (Ex. D, Affirmation of Bruce Duncanson).

The fear demonstrated by Plaintiffs' Counsel suggests that the Proposed Intervenors' interests will neither be protected nor adequately represented. This fear has led to an unwarranted preoccupation with the members of the OEJC, one of which has been under investigation by Clifford Arnebeck since 2007, an investigation that is now intruding into her daughter's life. (Exhibit A, Affirmation of Paddy Shaffer). Finally, Plaintiffs' Counsel has not informed at least one of the Named Plaintiffs that they would object to the Motion to Intervene or move to strike the Motion for Criminal Contempt/Special Grand Jury Proceedings and its accompanying evidence showing the 2004 ballots were destroyed. (Ex. D, Affirmation of Miles Curtiss, Named Plaintiff). Given that apparently neither Clifford Arnebeck nor Robert Fitrakis are communicating key decisions made in the Plaintiffs' names, the Proposed Intervenor Plaintiffs are at a loss at how to protect their interests and ensure adequate representation absent intervention. They also submit that this newly discovered evidence presents unusual circumstances militating in favor of intervention.

Given the delay between the filing of the Opinion and Order (March 5, 2009) and the pro se litigants receipt of this Court's decision in the mail (March 20, 2009), the Proposed Intervenors respectfully request an opportunity to present additional newly discovered evidence during oral argument.

## CONCLUSION

For the foregoing reasons, Proposed Intervenor-Plaintiff The Ohio Election Justice Campaign and Named Plaintiffs respectfully request that their Motion for Reconsideration be GRANTED, that the Opinion and Order issued March 5, 2009 be corrected to reflect the record, that their Motion to Intervene be GRANTED, and that their Motions for Criminal Contempt/Special Grand Jury Proceedings and for an Expedited Conference for Apparent Fraud Upon the Court not be stricken from the record.

Dated: March 24, 2009

Respectfully submitted

Paddy Shaffer

**Paddy Shaffer,** *Pro Se*
2408 Sonnington Drive
**Dublin, Ohio 43016**
614-266-5283
paddy@columbus.rr.com

Dated: March 24, 2009

Respectfully submitted.

Marlys J. Barbee, Pro Se
8137 W. Sharps Ridge Road
McConnelsville, OH 43756
740-962-2741
mjbarbee@emypeople.net

Dated: March 🖎, 2009

Respectfully submitted,

*Virginia Brooks*

Virginia Brooks, *Pro Se*
1196 Twp. Rd. 2116
Ashland, Ohio 44805
419-685-0299
vareforms1@bright.net

Dated: March 24, 2009

Respectfully submitted,

*Mark P Brown*

Mark Brown, *Pro Se*
83 Hanford Street
Columbus, Ohio 43206
614-449-1989

Dated: March 24, 2009

Respectfully submitted,

Bruce Duncanson, *Pro Se*
947 E. Weber Road
Columbus, Ohio 43211
bruce@redpeacecross.com
614-747-4533

Dated: March 24, 2009

Respectfully submitted,

Marian Lupo

Marian Lupo, *Pro Se*
310 S. Eureka Avenue
Columbus, Ohio 43204
marianlupo90@msn.com
614-276-0948

Dated: March 23 2009

Respectfully submitted,

Peter Jones, Ph.D., *Pro Se*
4098 Wagner Rd.
Dayton, OH 45440
937-320-9680
peter@poetics.org

Dated March 24, 2009

Respectfully submitted

Timothy Kettler, *Pro Se*
29674 Township Road 30
Warsaw, Ohio 43844
740-502-6453
tmkettler@aol.com

## Certificate of Service

I hereby certify that on March 24, 2009, the foregoing Motion for Reconsideration was filed on paper in person with the clerk of court pursuant to U.S. District Court, S.D.Ohio local Civil Rule 5.1( c). A true copy of this motion was sent by regular mail to the following counsel of record:

Clifford O. Arnebeck, Jr.
Robert J. Fitrakis
1000 East Main Street, Suite 102
Columbus, Ohio 43215

Henry W. Eckhart
50 West Broad Street, Suite 2117
Columbus, Ohio 43215
Counsel for Plaintiffs

Richard W. Coglianese, Trial Attorney
Damian W. Sikora, Assistant Attorney General
Constitutional Offices Section
30 East Broad Street, 17th Floor
Columbus, Ohio 43215
Counsel for Defendants

Sharon A. Jennings
Senior Deputy Attorney General
30 East Broad Street, 17th Floor
Columbus, Ohio 43215
Counsel for Intervenor-Defendant State of Ohio

s/ Paddy Shaffer

Paddy Shaffer
2408 Sonnington Drive
Dublin, Ohio 43016
(614) 266-5283

30