IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION

**KING LINCOLN BRONZEVILLE**
**NEIGHBORHOOD ASSOCIATION, ET AL.,**

      **PLAINTIFFS,**

  VS.

**JENNIFER BRUNNER,**
**OHIO SECRETARY OF STATE, ET AL.,**

      **DEFENDANTS.**

**CASE NO. 2:06-CV-745**

**JUDGE MARBLEY**

**MAGISTRATE JUDGE KEMP**

### PLAINTIFFS' MEMORANDUM CONTRA MOVING INTERVENOR PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE COURT'S DENIAL OF THEIR MOTION FOR LEAVE TO INTERVENE

Moving intervenor plaintiffs ("movants") filed, on March 24, 2009, a motion for reconsideration of the court's March 5, 2009, denial of their motion for leave to intervene. A motion for reconsideration is treated as a Rule 59(e) motion to alter or amend, to be filed not later than ten days after judgement is rendered. *Moody v. Pepsi-Cola Metropolitan Bottling Co.*, 915 F.2d 201, 206 (6th Cir.1990). Such motions are discouraged out of respect for the economy of judicial resources. Such motions are not properly used to reargue the matter, or even introduce new evidence that could, with due diligence, have been offered within the original argument of the matter. *McConocha v. Blue Cross and Blue Shield Mut. of Ohio*, 930 F.Supp. 1182, 1184.

Movants' motion is untimely and fails to present any evidence in support. Rumors, speculation, commentary and complaints do not constitute evidence, inasmuch as they are not grounded upon

1

facts within the personal knowledge of a declarant. Because of their defamatory nature, however, plaintiffs' counsel has attached a declaration hereto denying Ms. Shaffer's hearsay report from an unidentified source that he asked anyone to investigate Ms. Shaffer.

It is difficult to discern the relevance of any of the material submitted to movants' motion to intervene. Plaintiff Miles Curtiss has provided a declaration that the answers on the document submitted in his name were written by Mr. Duncanson, whom he believed was interviewing him for a piece to appear on YouTube. Curtiss states that he felt he had been used, when he saw that this paper had been submitted as a declaration in federal court. From an article written and published by movant Duncanson in OpEd News, the movants' opposition to the plaintiffs' handling of their case appears to be, not for its lack of progress, but rather for its progress toward holding the principal perpetrator of the alleged conspiracy, i.e., Karl Rove, accountable.[1]

Movants' filing of a motion to convene a grand jury, as if they were the plaintiffs in this case, and broadside national news release regarding that filing, suggests that their motion to intervene in this case was intended to set up their public relations campaign to appear as plaintiffs in this

---

[1] Moving intervenor plaintiff Duncanson @ http://www.opednews.com/populum/print_friendly.php?p=12871, states: "Bob Fitrakis and Cliff Arnabeck (of "The Columbus FreePress and Ohio Honest? Elections) are posing as election reformers as they go after Karl Rove, only to let 58 Ohio counties off the hook for destroying ballots. Is it better to go after a slippery puppet master OR the 58 puppets without high powered lawyers."

Karl Rove was candidly described by G.W. Bush as the architect of his 2004 "reelection." When Rev. Jesse Jackson of plaintiff Rainbow PUSH asked Bush, before the 2004 election, to "Let my people vote," Bush told Jackson to "call Karl Rove." American Blackout.

2

federal case, when they were not plaintiffs.  It does not appear to be grounded procedurally or substantively on the basis of the legal requirements, including standing and timeliness, for such intervention.[2]

As the court recognized in its decision, the plaintiffs in this case are seeking accountability for the theft of the 2004 Presidential election, but more importantly, the termination of the <u>ongoing</u> civil rights conspiracy against them, of which that theft was but a part.  The filing and ballot protection aspects of this case were broadly disseminated.  Anyone who missed that news probably did not have much interest in its subject matter.[3]

The moving intervenors' motion for reconsideration should be denied.

                                              Respectfully submitted,
                                             */s/Clifford O. Arnebeck, Jr.*
                                             Clifford O. Arnebeck Jr. (0033391)
                                             Trial Attorney
                                             Arnebeck@aol.com
                                             Robert J. Fitrakis (0076796)
                                             truth@freepress.org
                                             1021 East Broad Street
                                             Columbus, Ohio 43205
                                             614-224-8771

---

[2] Movants' filed their motion for leave to intervene on July 7, 2008, without any prior discussion with plaintiffs' counsel after plaintiffs' counsel had announced within the election reform community that an effort to reopen the case was in progress.  See Arnebeck Declaration, paragraph 8.

[3] New York Times, August 31, 2006; Associated Press national desk and National Public Radio on September 1, 2006; Associated Press national desk, September 7, 2006.

Henry W. Eckhart (0020202)
henryeckhart@aol.com
50 West Broad Street, Suite 2117
Columbus, Ohio 43215
614-461-0984
Counsel for Plaintiffs

**CERTIFICATE OF SERVICE**

This is to certify a copy of the foregoing was served upon counsel of record by means of the Court's electronic filing system, and by ordinary mail upon the moving intervenor plaintiffs on this 24th day of April 2009.

/s/Clifford O. Arnebeck, Jr.