

2009 MAY -8 ⊃ 3: 53

SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

Dockets.Justia.com

KING LINCOLN, ET AL.                              :

             PLAINTIFFS,              :

AND

                                   :     **Civil Action No. C2  06 745**

THE OHIO ELECTION JUSTICE CAMPAIGN,    :
PADDY SHAFFER, MARILYS BARBEE,              **JUDGE ALGENON**
VIRGINIA BROOKS, MARK BROWN,              :    **MARBLEY**
BRUCE DUNCANSON, MARIAN LUPO,
PETER JONES, TIMOTHY KETTLER,              :    **MAGISTRATE**
                                 **JUDGE KEMP**

individually and as CLASS REPRESENTATIVES :
under Fed.R.Civ.P. 23,

                                   :

v.                                               :

JENNIFER BRUNNER, ET AL.,                        :

             DEFENDANTS,              :

AND                                              :

THE STATE OF OHIO,                               :

             INTERVENOR-DEFENDANT.

---

## REPLY IN SUPPORT OF PROPOSED INTERVENOR PLAINTIFFS' MOTION FOR RECONSIDERATION

### PROPOSED INTERVENORS RENEW THEIR REQUEST FOR ORAL ARGUMENT PURSUANT TO S.D. OHIO CIV. R. 7.1(B)(2)

Proposed Intervenor Plaintiffs respectfully request this Court to grant their Motion for

Reconsideration from its order dated March 5, 2009 denying their Motion to Intervene

and striking their Motions for Criminal Contempt/Special Grand Jury Proceedings and an

Expedited Hearing for Apparent Fraud upon the Court. Proposed Intervenors also renew their request for oral argument pursuant to S. D. Ohio Civ. R. 7.1(b)(2) because of the complexity of the factual and procedural issues of this case, its public importance, its class action ramifications, and the serious and extensive newly discovered evidence presented with the initial Motion for Reconsideration and this Reply. A brief memorandum in support follows.

**REPLY MEMORANDUM IN SUPPORT OF PROPOSED INTERVENOR PLAINTIFFS' MOTION FOR RECONSIDERATION OF ORDER ENTERED MARCH 5, 2009 DENYING THEIR MOTION FOR INTERVENTION AND STRIKING THEIR MOTIONS FOR CRIMINAL CONTEMPT/SPECIAL GRAND JURY PROCEEDINGS AND FOR AN EXPEDITED CONFERENCE FOR APPARENT FRAUD UPON THE COURT**

## I. BRIEF PROCEDURAL HISTORY

On March 5, 2009, this Court entered its Opinion and Order denying the Proposed Intervenor Plaintiffs' Fed.R.Civ.P 24(a) and (b) Motion to Intervene (docket entry #36 and #46-47, Ex. A, Proposed Complaint) and striking both their Motion for Criminal Contempt/Special Grand Jury Proceedings and their Motion for an Expedited Conference for Apparent Fraud upon this Court (docket entries #37 and #70). The Proposed Intervenors, who proceed *pro se*, are required to file on paper with this Court and to accept service by paper. Notice of this Court's March 5, 2009 Opinion and Order was not sent to the *pro se* litigants until after the litigants, learning of the order through a website, contacted the Clerk's office to receive service of the order (*see* letter dated March 20, 2009 by Proposed Intervenor Marlys Barbee). On March 20, 2009, the *pro se* Plaintiffs received notice of this Court's Opinion and Order. On March 24, 2009, Proposed Intervenor Plaintiffs' filed their Motion for Reconsideration, raising twelve errors of law and fact in the Opinion and Order, which they submit warrant reconsideration. Further, the Proposed Plaintiffs submitted newly discovered evidence demonstrating that their substantial legal interests in the instant case will neither be protected nor adequately pursued. On April 24, 2009, Plaintiffs' attorney Clifford O. Arnebeck, Jr. filed a Memorandum Contra Moving Intervenor Plaintiffs' Motion for Reconsideration of the

Court's Denial of Their Leave to Intervene following the granting of an extension of time to respond.

## II. MEMORANDUM OF LAW AND FACTS

### A. Timeliness of Motion for Reconsideration

Contrary to Arnebeck's assertion, the Motion for Reconsideration was timely filed. A Motion for Reconsideration must be filed within ten days of the date of the order appealed from, Fed.R.Civ.P. 59(e); Fed. R. App. P. 4(A)(iv). When the time period is less than eleven days, Fed.R.Civ.P 6(a)(2) provides for the exclusion of intermediate weekends and legal holidays. Fed.R.Civ.P. 6(d) provides for an additional time of three days when service is made, as it was in the *pro se* proposed plaintiffs' case, by paper. Fed.R.Civ.P. 5(b)(2)(C). Given that service is complete upon mailing, Fed.R.Civ.P 5(b)(2)(C), and notice of this Court's Order was mailed on or about March 19, 2009, the *pro se* plaintiffs arguable had more time to file their Motion for Reconsideration. However, their Motion for Reconsideration was timely filed under even under the strictest interpretation of the time requirement.

### B. Merits of Motion for Reconsideration and Additional Newly Discovered Evidence

A Motion for Reconsideration is the appropriate vehicle for requesting this Court to reconsider its denial of the Motion to Intervene and decision striking the Proposed Intervenors' subsequent motions. *Boggess, et al. v. Price, et al.,* 2005 U.S. App. LEXIS 11281; 2005 FED App. 0497N (6th Cir. 2005). Further, since the Motion for Reconsideration was filed within ten days of this Court's order, it is properly considered a motion to amend or alter the judgment under Fed. R. Civ. P. 59(e). *Inge v. Rock Fin. Corp.,* 281 F.3d 613, 617 (6th Cir. 2002). Pursuant to the requirements of Fed. R. Civ. P.

59(e), the Proposed Plaintiffs have presented newly discovered evidence supporting their Motions to Intervene, Criminal Contempt, and an Expedited Conference. In their Motion for Reconsideration, the Proposed Intervenors submitted twelve points of what they assert are clear errors of law and fact in this Court's Opinion and Order and unsupported by the prevailing law in the Sixth Circuit on Fed.R.Civ.P. 24(a) and (b) Motions to Intervene. Further, given the extraordinarily serious and extensive nature of the newly discovered evidence presented in the initial Motion for Reconsideration and this Reply, Proposed Intervenors submit that the injustice of denying and striking their Motions is manifest.

The Proposed Intervenors introduced newly discovered evidence demonstrating that at least one of the Named Plaintiffs (Miles Curtiss) had no knowledge of this Court's Order dated March 5, 2009 and had not been previously consulted nor notified by his attorneys that they were both moving to object to the Proposed Intervenors' Motion for Intervention as well as moving to strike the Motion for Criminal Contempt/Grand Jury Proceedings. (Ex. D to Motion for Reconsideration filed 3/24/09) At least one other Named Plaintiff has verified that they had no knowledge of this Court's Order dated March 5, 2009, nor was consulted or notified regarding the attorneys' actions taken in that Plaintiff's name in objecting to the Motion to Intervene or moving to strike the Motion for Criminal Contempt/Grand Jury Proceedings. (Ex. A, Affirmation of Marian Lupo). The attorneys' reckless disregard of the interests of their clients is evidenced by the affirmation they submit by Mr. Curtiss, which was obtained through less than candid representations (see Ex. A). As demonstrated by the attached video interview filmed contemporaneously with the affirmation signed by Mr. Curtiss (Ex. B, CD copy of interview) and transcript of a portion of that interview (Ex. C), Mr. Curtiss wondered

5

about his attorneys' motives ("I don't think it's totally insane that maybe Cliff is just trying to make Jennifer Brunner happy."). He clearly had not been notified or consulted regarding their actions, (Ex. C Bruce: "Ah Mr. Arnebeck and Mr. Fitrakis objected in your name to this motion, are you aware of that?" Miles: "No actually I wasn't aware of that.") Further, as demonstrated by the video interview and transcript of a portion of that interview, Mr. Curtiss was read and agreed to each of the answers in his affirmation.[1] As also demonstrated by Ex. A and Ex. B, Arnebeck's clients are under the impression, which he does nothing to disabuse them of, that it is their duty to understand this complicated case on their own and that they are at fault for not knowing what is being done in their names and, supposedly, in their best interests by Arnebeck and Fitrakis.

As demonstrated by the attached affirmation of Bruce Duncanson (Ex. D), at least some of the membership of the associational Named Plaintiff, the King Lincoln Neighborhood Association, are apparently not even aware they are involved in this lawsuit, and Arnebeck has done nothing to keep them apprised of what actions he has taken in their names or of this Court's Order of March 5, 2009. As the attached e-mail circulated to several of the Plaintiffs in this case by Arnebeck demonstrates (Ex. E, e-mail dated April 29, 2009), Arnebeck notified these Plaintiffs of the filings against the Proposed Intervenors' over six months after these filings, and even then, misrepresents the facts of this case to the Plaintiffs and mischaracterizes the Proposed Intervenor

---

[1] Counsels' sponsoring of misleading affirmations, which was also raised in the previous motion for an expedited conference for apparent fraud upon the court (based upon arguably perjured affirmations previously submitted to this Court), is a serious charge, but support has been submitted to this Court and an expedited conference requested to address these issues. *H. K. Porter Co. v. The Goodyear Tire & Rubber Company*, 536 F.2d 1115 (6th Cir. 1976): "Since attorneys are officers of the court, their conduct, if dishonest, would constitute fraud on the court." *Id.* at 1119.

Plaintiffs and their legal interests. See, for example, Attached Affirmation of Paddy Shaffer, Ex. I, on how she was contacted by an investigator for the Attorney General's office, Lloyd Early, rather than she contacting him; see this affirmation also for Paul Scarsella's repeated statements that no investigation by the Attorney General's office is pending, contradicting the implications of Arnebeck's representations to the Plaintiffs in this e-mail as well as Paragraph 6 of his declaration filed April 24, 2009.

As demonstrated by this e-mail dated April 29, 2009, Arnebeck had not, previous to this e-mail communication, even apprised these Plaintiffs of the legal actions in this case taken in their names or what he terms "settlement explorations." Two of the Plaintiffs, Harvey Wasserman and the League of Young Voters, are not even copied on this e-mail and may have no knowledge of Arnebeck's actions.[2] Arnebeck's affirmation bears out his misguided belief that an announcement at a dinner or a press conference is equivalent to consulting with and receiving the approval of his clients for legal actions he takes as their attorney and on their behalf (Declaration of Arnebeck, dated April 24, 2009, paras. 8 & 9). Given the potential for legal liability being named in a lawsuit presents, as well as the gravity of the Constitutional interests at stake in this election lawsuit, the failure to even communicate, much less consult with the Plaintiffs currently named in the lawsuit, is a manipulation of the Plaintiffs and the judicial system resulting in an egregious miscarriage of justice for the Plaintiffs and the Proposed Intervenor Plaintiffs – doubly egregious when one considers that the Plaintiffs in this putative class action serve as fiduciaries for every person in Ohio who was disenfranchised by the 2004 election..

---

[2] The e-mail addresses have been redacted to preserve the privacy of these Plaintiffs. Not every Plaintiff named in this lawsuit is copied on this e-mail. Named Plaintiff Harvey Wasserman and the League of Young Voters are two conspicuous absences. (Ex. A).

7

See, for example, the taped interview on *Democracy Deadlocked* submitted as newly discovered evidence with the previous motion, also submitted here as a separate link (Ex. F). In *Democracy Deadlocked*, a documentary produced by a former journalist with *60 Minutes* and released in November, 2008, after the filings were completed in this case, Arnebeck and Fitrakis claim they are settling this case with Defendant Brunner. One of the Named Plaintiffs in this case, Willis Brown, is interviewed as well. Not only does he have no knowledge that Arnebeck and Fitrakis are settling his case, he clearly has not given them authorization to do so, stating, "We are not settling." The newly discovered evidence in this case also demonstrates that Arnebeck has engaged in such conduct before in settling a case against a client's wishes and taking the settlement proceeds as attorney fees as well as failing to timely inform the client about the status of the case or actions the client needed to take (Ex. A).

As demonstrated by the affirmation of Joan Quinn, an inactive member of the California bar who served for 22 years as a Staff Attorney for California Superior Courts in San Diego and Sacramento (resume attached to Ex. G, Affirmation of Joan Quinn), and who has personal knowledge of Arnebeck and Fitrakis's handling of a previous election suit filed in state court, *Moss v. Bush*, the plaintiffs in that case were also not informed of the actions taken in their name (Ex. G). Further, she was "extremely concerned regarding what appeared to me, and other attorneys with whom I consulted, to be very low caliber legal work" in the handling of this case. In addition, as demonstrated by the affirmation of Karen Mitchell-Archipley (Ex. H), who both raised funds and gave her own money to Arnebeck for legal expenses in the above suit, *Moss v. Bush*, Arnebeck failed to respond to repeated requests for an accounting of how he spent the $25,000 in

funds that were raised. See Ex. H and attached e-mails.

Arnebeck has a further demonstrated practice of threatening individuals who question him about this case (Ex. A) as well as harassing individuals, including a former client (Ex. A). See, for example, the attached affirmation A, where Arnebeck recently procured the otherwise unavailable cell phone number of Proposed Intervenor Ms. Lupo's immediate family member and used it to call this family member for no legitimate reason. Arnebeck asked Hickman to begin an investigation into this Proposed Intervenor in early 2007, the probable source of this unwarranted contact. On April 15, 2009, Arnebeck also sent an individual to attend a public speech given by Proposed Intervenor Ms. Shaffer, surreptitiously waited for this individual in the building in which the speech was given, and then conversed with this individual, who exited the room as soon as Ms. Shaffer was finished (Ex. I). Given that her speech was public, there was no need for Arnebeck to go to such great lengths to spy on Ms. Shaffer.

Most seriously, Arnebeck and Fitrakis engaged in a concerted fundraising campaign in conjunction with an organization called "Velvet Revolution" that raised the public visibility of an individual, Michael Connell, whom they claim was a key witness in this case and whom they now claim has been possibly murdered by Karl Rove in a plane accident (Ex. C filed with Motion for Reconsideration on 3/24/09 and Ex. J, attached). In essence, they broadcast the name of an individual who owns his own IT business over the Internet and in as many public venues as possible. They then harassed this individual for a deposition by repeatedly filing subpoenas without the requisite notice (see Motions to Quash by Objector Michael Connell filed on 9/25/08, 10/14/08 & Notice of Filing 10/17/08). After Arnebeck forced Mr. Connell to attend a deposition on short notice, a

deposition that has never been transcribed, Mr. Connell died shortly afterwards in a plane accident.

Arnebeck made repeated public assertions before the plane accident that Mr. Connell's life was in danger (Ex. J). He also made repeated public assertions that he had sought "protection" for Mr. Connell by writing a letter to the U.S. Attorney (Ex. J). However, *he made no motion before this Court for a protective order for this witness.* Nor did Arnebeck or Fitrakis do anything that might protect the privacy of this individual and his family; rather, they circulated his name in connection with Karl Rove's name as publicly as possible for their fundraising purposes and termed this individual "Rove's IT guru." This man, who was not a public figure, is not a named Defendant, and was not even accused of any wrongdoing – just doing his paid work – is now dead. His death became another fundraising event, as even the video of his plane crash was broadcast as part of a Christmas Day Greetings on a website colluding with Arnebeck and Fitrakis to raise funds (Ex. J) If the arguably nearly criminal malpractice of Arnebeck was not so serious, his assertion that he sought to bring this human being into the federal court system *by deposition to protect him* would be quaint (Arnebeck Declaration filed April 24, 2009, para. 10).

Finally, since the pleadings closed for the Proposed Intervenors' motions, and as recently as *this April 2009*, election records from the 2004 election, which are protected by this Court's Orders dated September 7, 2006 and September 11, 2006 (docket entries #6 and #7), and necessary for the Plaintiffs to prevail in this case, have been destroyed by county election officials. This destruction is in clear violation of this Court's order. The ongoing destruction of evidence in this case severely prejudices both the Plaintiffs and

the Proposed Intervenor Plaintiffs' legal interests. The following county boards of elections have recently destroyed 2004 election records: Defiance, Delaware, Fairfield, Franklin, Fulton, Geauga, Hardin, Huron, Madison, and Ottawa. (See Ex. K and accompanying RC-3 forms, which are legal forms documenting the destruction). This newly discovered evidence supports the Proposed Intervenors' legal arguments in their Motion to Intervene and their Motion for Criminal Contempt/Special Grand Jury Proceedings.

The Proposed Intervenor Plaintiffs recognize that "a motion to alter or reconsider a judgment is an extraordinary remedy and should be granted sparingly because of the interest in finality and conservation of scarce judicial resources." *United States v. Limited, Inc.*, 179 F.R.D. 541, 547 (S.D. Ohio 1998). Nonetheless, they submit that they have demonstrated with the evidence they have introduced in both this Reply and their initial Motion for Reconsideration, evidence which was not available to them earlier and which bears upon the unusual circumstances prong of the timeliness test, as well as the points of law and fact they raise regarding this Court's Opinion and Order of March 5, 2009, that Proposed Intervenors' substantial legal interests in this case (see Proposed Complaint attached as Ex. A to Proposed Intervenors' Reply to Defendant Brunner's Opposition to Motion to Intervene, filed August 8, 2008, Docket Entries #46-47) are not only not represented, but also have been irreparably harmed and are in clear danger of continued irreparable harm absent their intervention in this case.

## III. CONCLUSION

For the foregoing reasons, Proposed Intervenor-Plaintiff The Ohio Election Justice Campaign and Named Proposed Intervenor Plaintiffs respectfully request that

11

their Motion for Reconsideration be GRANTED, that their Motion to Intervene be GRANTED, and that their Motions for Criminal Contempt/Special Grand Jury Proceedings and for an Expedited Conference for Apparent Fraud Upon the Court not be stricken from the record.

The attached exhibit _E_ is a true copy.

I affirm, under penalty of perjury, that the foregoing is true and accurate to the best of my knowledge.

Signature: *Marian Lupo*
Date: *8 May 09*

Affirmation of Paddy Shaffer

The attached exhibits **I, J & K** are a true copy.

I affirm, under penalty of perjury, that the foregoing is true and accurate to the best of my knowledge.

Signature: *Paddy Shaffer*
Date: 5/8/09

Dated: May 8, 2009

Respectfully submitted,

Paddy Shaffer

Paddy Shaffer, Pro Se
2408 Sonnington Drive
Dublin, Ohio 43016
(614) 266-5283
paddy@columbus.rr.com

Dated:  May  8 , 2009

Respectfully submitted,

*Marlys Barbee*

Marlys Barbee, *Pro Se*
8137 W. Sharps Ridge Road
McConnelsville, OH 43756
740-962-2741
mjbarbee@emypeople.net

Dated: May __3__, 2009

Respectfully submitted

*Virginia Brooks*

Virginia Brooks, Pro Se
1196 Twp. Rd. 2116
Ashland, Ohio 44805
419-368-6074
vareforms1@bright.net

Respectfully submitted,
Mark Brown, *Pro Se*
83 Hanford Street
Columbus, Ohio 43206
614-449-1989

Mark P Brown
Mark P. Brown
May 5, 2009

Dated: May 3, 2009

Respectfully submitted,

Bruce Duncanson, *Pro Se*
947 E. Weber Road
Columbus, Ohio 43211
bruce@redpeacecross.com
614-747-4533

Dated: May 8 , 2009

Respectfully submitted,

Marian Lupo

Marian Lupo, *Pro Se*
310 S. Eureka Avenue
Columbus, Ohio 43204
614-276-0948

Dated: May  8 , 2009

Respectfully submitted,

Peter Jones, Ph.D., *Pro Se*
4098 Wagner Rd.
Dayton, OH 45440
937-320-9680
peter@poetics.org

Dated May __8__, 2009

Respectfully submitted,

Timothy Kettler, *Pro Se*
29674 Township Road 30
Warsaw, Ohio 43844
740-502-6453
tmkettler@aol.com

## Certificate of Service

I hereby certify that on May 8, 2009, the foregoing Reply in Support of Proposed Intervenors Motion for Reconsideration and attached exhibits was filed on paper in person with the clerk of court pursuant to U.S. District Court, S.D.Ohio local Civil Rule 5.1( c). A true copy of this motion was sent by regular mail to the following counsel of record:

Clifford O. Arnebeck, Jr.
Robert J. Fitrakis
1000 East Main Street, Suite 102
Columbus, Ohio 43215

Henry W. Eckhart
50 West Broad Street, Suite 2117
Columbus, Ohio 43215
Counsel for Plaintiffs

Richard W. Coglianese, Trial Attorney
Damian W. Sikora, Assistant Attorney General
Constitutional Offices Section
30 East Broad Street, 17th Floor
Columbus, Ohio 43215
Counsel for Defendants

Sharon A. Jennings
Senior Deputy Attorney General
30 East Broad Street, 17th Floor
Columbus, Ohio 43215
Counsel for Intervenor-Defendant State of Ohio

James L. Ervin, Jr.
Benesch, Friedlander, Coplan & Aronoff, LLP
41 S. High Street, Suite 2600
Columbus, Ohio 43215
Counsel for Michael Connell

s/ Paddy Shaffer

*Paddy Shaffer*
