IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION

KING LINCOLN BRONZEVILLE
NEIGHBORHOOD ASSOCIATION, ET AL.,

      PLAINTIFFS,

VS.

JENNIFER BRUNNER,
OHIO SECRETARY OF STATE, ET AL.,

      DEFENDANTS.

CASE NO. 2:06-CV-745

JUDGE MARBLEY

MAGISTRATE JUDGE KEMP

### PLAINTIFFS' SURREPLY, INSTANTER

Movants for reconsideration of the court's denial of their motion to intervene as plaintiffs ("movants") assert that they have even more new evidence justifying the court's reconsideration. Timeliness, for such a motion is a function of whether it reasonably could have been presented within the original pleading cycle, as well as its timing after the court's order.

Movants surmise @ p. 5 that plaintiffs' counsel did not inform the plaintiffs of the court's March 5, 2009, decision denying movants' motion to intervene. In fact, plaintiffs' trial attorney Emailed the court's decision to the plaintiffs on March 6, 2009. Arnebeck Declaration Paragraph 26.

Movants suggest @ p. 8 that, based upon an interview in the fall of 2008 with plaintiff Willis Brown, there may be a conflict between plaintiffs' counsel and plaintiffs in regard to the exploration by counsel for the parties of a settlement. There is no such conflict. At the time of

1

Willis Brown's interview the parties were conducting litigation. Arnebeck Declaration Paragraph 27.

Movants share @ p. 8 the opinion of an inactive member of the California criminal bar, that plaintiffs' counsel Arnebeck and Fitrakis did not competently handle the Ohio Supreme Court case of *Moss v. Bush*. Movants' also report the opinion of another individual from California, that there was not an accounting for funds contributed for the litigation. The litigation team in *Moss v. Bush* consisted of civil lawyers admitted to practice in Ohio, and a Washington, D.C. patent litigator who was admitted *pro hac vice*. The members of the Ohio litigation team were experienced in the areas relevant to the roles they played in the litigation. Arnebeck Declaration paragraphs 1-15. All charitable contributions and expenditures in connection with the litigation were reported in accordance with the laws applicable to charitable organizations. Arnebeck Declaration paragraph 25.

The subject matter of both the affirmation of Joan Quinn, Exhibit G, concerning plaintiffs' counsels' handling of the *Moss v. Bush* complaint, and the affirmation of Karen Archiplay concerning accounting for funds in support of that litigation, are far outside the time constraint for evidence in connection with a Rule 59(e) motion to alter or amend. *McConocha v. Blue Cross and Blue Shield Mut. of Ohio*, 930 F.Supp. 1182, 1184.

Movants suggest @ p. 9 that plaintiffs' trial counsel may have been investigating one or more movants and harassing various people. Plaintiffs' trial counsel has not been investigating any of the movants or harassing anyone. Arnebeck Declaration paragraphs 28-32.

Movants opine that plaintiffs' counsel Arnebeck and Fitrakis have been engaged in concerted fund-raising with Velvet Revolution, and that plaintiffs' counsel did not take necessary steps, such as obtaining a protective order from the court, to protect Connell from harm. Plaintiffs' counsel have not engaged in fund-raising in concert with Velvet Revolution. Arnebeck Declaration paragraph 36. Velvet Revolution received the anonymous tips from within the McCain campaign that stated Karl Rove had threatened Mike Connell, and that Connell was in danger from Rove. Kimberlin Declaration paragraphs 8 and 10. Plaintiffs' counsel, defendant Secretary of State and two federal courts took all steps within their power to obtain protection for Michael Connell. Arnebeck Declaration paragraphs 34, 35 and 37-39.

Movants report that various Ohio Boards of Elections have continued to destroy election records from the 2004 election in violation of this court's protective order. There is, and has been, nothing to prevent any citizen from requesting copies of any voting records, or from informing the parties in this case of any imminent proposed destruction of records, that that citizen believed were important to the proof of issues in this case.

Exhibit A, the affirmation of Ms. Lupo, for the most part consists of hearsay from unidentified sources (paragraphs 3-16 and 20). In addition, it includes hearsay attributed to a plaintiff (paragraphs 1, 2) who has submitted a sworn declaration in this matter.

The court's decision denying the movants' motion to intervene was correct. The additional evidence submitted in the Northern District of Ohio Court by the plaintiffs in their pursuit of the deposition of Michael Connell: (a) the architecture maps for the computer system in the Secretary of States Office in the 2004 and 2006 elections, Exhibits 2 and 3 hereto; (b) the additional declaration of Stephen Spoonamore explaining the relationship of that architecture to classic computer fraud schemes, Exhibit 3; (c) the declaration of Brett Kimberlin reporting the anonymous informant from within the 2008 McCain Presidential campaign of the ongoing fraudulent manipulation of elections, Exhibit 5, and (d) the availability of new witnesses with inside knowledge, Exhibit 1, Arnebeck Declaration paragraph 40, demonstrate that the plaintiffs and their counsel are on the right track.

Respectfully submitted,

/s/Clifford O. Arnebeck, Jr.

Clifford O. Arnebeck, Jr.
Trial Attorney
614-224-8771
Arnebeck@aol.com
Robert J. Fitrakis (0076796)
614-374-2380
truth@freepress.org
1021 East Broad Street
Columbus, Ohio 43205

Henry W. Eckhart (0020202)
henryeckhart@aol.com
50 West Broad Street, Suite 2117
Columbus, Ohio 43215
614-461-0984
Counsel for Plaintiffs

**CERTIFICATE OF SERVICE**

This is to certify a copy of the foregoing was delivered to counsel of record by means of the Court's electronic filing system, and by ordinary mail upon the movants on this 22st day of May 2009, and will be deemed to have been served, *instanter*, upon the court's granting of the plaintiffs' motion for leave to file a surreply in this matter.

*/s/Clifford O. Arnebeck, Jr.*