IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

King Lincoln Bronzeville        :
Neighborhood Association,
et al.,                         :

         Plaintiffs,            :

    v.                          :    Case No.  2:06-cv-0745

Kenneth Blackwell, et al.,      :    JUDGE MARBLEY

         Defendants.            :

OPINION AND ORDER

    On March 5, 2009, the Court issued an Opinion and Order denying the motion of Ohio Election Justice Campaign, Paddy Shaffer, Marlys Barbee, Virginia Brooks, Mark Brown, Bruce Duncanson, Peter Jones, Marian Lupo, and Timothy Kettler to intervene as a third-party plaintiffs in this action pursuant to Fed. R. Civ. P. 24(a)(2) and (b)(1)(B).  The Court further ordered that the proposed intervenors' motions to initiate criminal contempt proceedings and for an expedited conference be stricken.  On March 24, 2009, the proposed intervenors filed a motion for reconsideration of these rulings and requested oral argument pursuant to S.D. Ohio Civ. R. 7.1(b)(2).  King Lincoln Bronzeville Neighborhood Association, Ohio Voter Rights Alliance for Democracy, League of Young Voters/Columbus, Rainbow Push Coalition, Columbus Coalition for the Homeless, Willis Brown, Paul Gregory, Miles Curtis, Mathew Segal, Harvey Wasserman, and Gloria Kilgore, the plaintiffs in this action, opposed the motion for reconsideration.  For the following reasons, the motion for reconsideration and the request for oral argument will be denied.

I.

    The motion for reconsideration does not cite to any Federal

Rule of Civil Procedure as authority. However, as the United States Supreme Court observed in Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 12 (1983), "every order short of a final decree is subject to reopening at the discretion of the district judge." The Court of Appeals for the Sixth Circuit has made similar observations. See Dunn v. Savage (In re Saffady), 524 F.3d 799 (6th Cir. 2008). "District courts have inherent power to reconsider interlocutory orders and may reopen any part of a case before entry of a final judgment. Id. at 803 (internal citations and quotation marks omitted). A district court may modify, or even rescind, such interlocutory orders. Mallory v. Eyrich, 922 F.2d 1273, 1282 (6th Cir. 1991)(citing Simmons Co. v. Grier Brothers Co., 258 U.S. 82, 88 (1922)).

Although Fed.R.Civ.P. 59(e) does not supply the power nor the standard for deciding whether to reconsider an interlocutory order, courts have generally applied criteria that respect the need to grant some measure of finality even to interlocutory orders and which discourage the filing of endless motions for reconsideration. Thus, as the court observed in Rottmund v. Continental Assur. Co., 813 F.Supp. 1104, 1107 (E.D. Pa. 1992), "[a] federal district court has inherent power over interlocutory orders and may modify, vacate, or set aside these orders 'when it is consonant with justice to do so.' United States v. Jerry, 487 F.2d 600, 605 (3d Cir. 1973). Because of the interest in finality, however, courts should grant motions for reconsideration sparingly." Therefore, the Court will consider the motion for reconsideration to determine whether it is "consonant with justice" to grant the requested relief. Furthermore, the Court will grant relief only if the prior decision appears clearly to be legally or factually erroneous.

II.

Before addressing the merits of the proposed intervenors'

motion for reconsideration, the Court will first consider the plaintiff's assertion that such motion was untimely under Fed.R.Civ.P. 59(e). This provision mandates that "[a] motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment." Because this period is less than 11 days, intermediate Saturdays, Sundays, and legal holidays do not count in computing the time. Fed.R.Civ.P. 6(a)(2). Pursuant to Fed,R,Civ,P. 6(b)(2), the Court has no authority to extend this deadline, even if, as apparently occurred here, the party does not receive notice of the order. See Badru v. United States, 215 F.R.D. 8, 10 (D.D.C. 2003); see also Garrett v. United States, 195 F.3d 1032, 1033-34 (8th Cir. 1999)(time for filing Rule 59(e) motion runs from date of judgment, not date of losing party's receipt of judgment). Furthermore, contrary to the proposed intervenors' assumption, the rule which provides an extra three days after service of a notice or other paper by mail is inapplicable to motions filed under Fed.R.Civ.P. 59(e). See FHC Equities, L.L.C. v. MBL Life Assur. Corp., 188 F.3d 678, 681-82 (6th Cir. 1999).

 In this case, the 10-day period, excluding intervening Saturdays and Sundays (there were no holidays), would have run on March 19, 2009. The proposed intervenors did not file their motion for reconsideration until March 24, 2009. Therefore, if the motion is construed as a motion to alter or amend judgment under Fed.R.Civ.P. 59(e), it was untimely. The Sixth Circuit, however, has held that when there is no final judgment, the strictures of Rule 59(e) do not apply, and a district court is free to reconsider or reverse its decisions at any time prior to the entry of final judgment. Russell v. GTE Government Systems Corp., 141 Fed.App'x 429, 434 (6th Cir. 2005). The fact that the order denying intervention as of right was immediately appealable, see Purnell v. City of Akron, 925 F.2d 941, 944 (6th

Cir. 1991), does not deprive the Court of its jurisdiction to reconsider this interlocutory order. See Water Conversion, Inc. v. Sims, 868 F.Supp. 643, 648 (D.N.J. 1994)(court could reconsider denial of cross-motion for summary judgment on qualified immunity even though time for filing interlocutory appeal under collateral order doctrine had expired). On the other hand, the proposed intervenors may have waived their right to take an immediate interlocutory appeal from the order denying their motion to intervene as of right by not timely filing a notice of appeal and by not filing their motion for reconsideration within the 10-day period prescribed by Fed.R.Civ.P. 59(e). See Kennedy v. City of Cleveland, 797 F.2d 297, 301 (6th Cir. 1986)(once an order is determined to be appealable there is no good reason not to impose same temporal limitations generally applicable to perfection of appeals).

III.

The proposed intervenors base their motion for reconsideration on certain perceived errors contained in the March 5, 2009 opinion and order, as well as what they deem to be newly discovered evidence. The errors include a statement by the Court that the motion to intervene and the motion to initiate criminal contempt proceedings were filed on the same day when, in fact, the criminal contempt motion was filed three days later. It is unclear how correcting this misstatement would enhance the proposed intervenors' position. The fact remains that they quickly followed up their motion to intervene with a motion to initiate criminal contempt proceedings and to impanel a grand jury despite their lack of standing to request such relief.

The proposed intervenors also point out the lifting of the stay for the purpose of transferring ballots from the county election boards to the Ohio Secretary of State occurred on April 7, 2007, whereas the opinion and order said April 7, 2008. Once

4

again, the proposed intervenors fail to show how this error had any effect on the Court's decision to deny their motion to intervene. Instead, they offer a convoluted argument that the Court's failure to resolve the issue of whether a stay actually existed resulted in extreme prejudice to them. In their view, there was no stay; however, if, in fact, a stay was in place, then their motion to intervene was not untimely, as the Court found, but was premature. This argument stems from the proposed intervenors' understanding that a stay entails a halt to all proceedings, even presumably a motion to intervene. Yet, the premise of their intervention motion was the alleged lack of progress in this case. If so, there was nothing to prevent them from seeking to intervene at an earlier stage of the proceedings and to ask, as part of their relief, that any stay be lifted.

Much of the "newly discovered" evidence consists of attacks on plaintiffs' counsel for his purported failure to keep the plaintiffs apprised of developments in this case, including the decision to oppose the motion to intervene, as well as his allegedly deficient performance in an earlier action filed in federal district court. The proposed intervenors do not explain why this evidence could not with due diligence have been discovered earlier. They apparently believe, however, that by showing that the interests of the existing plaintiffs are not being adequately represented, they are also demonstrating that their own interests are similarly not adequately represented. The Court will not countenance these personal attacks. The fact remains that the proposed intervenors are pro se and unlikely to adequately represent their own interests, much less the interests of the existing plaintiffs.

The other newly discovered evidence consists of certificates of records disposal filed by 10 of the 88 county boards of election in Ohio during 2009. The proposed intervenors believe

that these certificates show that records from the 2004 election continue to be destroyed in alleged violation of this Court's order to preserve the Presidential ballots. It does not appear, however, that any actual ballots are being destroyed. Rather, the certificates of disposal reference such records as absentee ballot applications, changes of address, absentee applications, provisional ID envelopes, ballot stubs, primary voter challenge forms, poll lists, and walk-in voter applications. Furthermore, when one of the proposed intervenors sought to verify that the Geauga County Board of Elections had actually destroyed the 2004 ballot stubs, as the forms seemed to indicate to her, she found that such records, in fact, continued to exist. Accordingly, none of the so-called "newly-discovered" evidence convinces this Court that its decision to deny intervention was erroneous.

The proposed intervenors' remaining arguments are essentially a rehash of those previously raised in their motion to intervene. That is not the function of a motion for reconsideration. See McConocha v. Blue Cross and Blue Shield Mut. of Ohio, 930 F.Supp. 1182, 1184 (N.D.Ohio 1996). If a party disagrees with the Court's decision on a legal issue, its "'proper recourse' is not by way of a motion for reconsideration 'but appeal to the Sixth Circuit.'" Id., quoting Dana Corp. v. United States, 764 F.Supp. 482, 489 (N.D.Ohio 1991). In this case, the proposed intervenors could have taken an interlocutory appeal of the denial of their motion to intervene as of right, but did not. The present motion should not serve as a substitute for that appeal.

IV.

Based on the foregoing reasons, the Court concludes that modifying, vacating, or setting aside its March 5, 2009 order denying intervention would not be consonant with justice. Accordingly, the proposed intervenors' motion for

reconsideration (#81) is denied.

                                        Algenon L. Marbley
                                        United States District Judge