IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KING LINCOLN BRONZEVILLE NEIGHBORHOOD ASSOCIATION, et al., | : : : : | |
| Plaintiffs, | : : | Case No. 2:06-CV-00745 |
| v. | : : | JUDGE ALGENON L. MARBLEY |
| JON HUSTED, | : : : | Magistrate Judge Terence P. Kemp |
| Defendant. | : | |

**OPINION AND ORDER**

This matter is before the Court on "Plaintiffs' Motion to Amend the Court's Opinion and Order of February 7, 2012." (Doc. 124.) For the reasons stated below, the Motion to Amend is **DENIED**.

**I. BACKGROUND**

Plaintiffs are a number of organizations and individuals who filed a lawsuit in 2006 against the former Ohio Secretary of the State ("OSOS"), J. Kenneth Blackwell, and John Does Nos. 1–100 (collectively referred to as "Defendants"), alleging that they conspired to and did, in fact, deprive Plaintiffs of their right to vote. Specifically, Plaintiffs alleged that Defendants did so by permitting the following activities during the 2004 presidential election in Ohio: fraudulent votes to be cast for presidential candidate George W. Bush; double-counting of absentee ballots; suppression and/or spoilage of votes in geographic areas tending to vote for presidential candidate John Kerry and inflation of votes in geographic areas tending to vote for Bush; and failure to follow Ohio law related to the proper recounting of votes.

In a Plenary Opinion and Order, this Court dismissed the case, without prejudice,

reasoning that it lacked subject matter jurisdiction under the Eleventh Amendment. This Court made two additional finding in that Plenary Opinion and Order related to Plaintiffs' request to depose local Chambers of Commerce members and to have the OSOS continue storing ballots from the 2004 presidential election in Ohio.[1] First, Plaintiffs failed to set forth any satisfactory factual or legal bases for deposing local Chamber of Commerce members. Even if Plaintiffs could prove that local Chamber of Commerce members were illegally coordinating campaign contributions to further an election fraud conspiracy in Ohio, as Plaintiffs contended, that claim was unrelated to the allegations in Plaintiffs' Amended Complaint. Second, Plaintiffs did not present sufficient evidence of voting irregularities in the counties whose ballots were being stored by the OSOS to justify continued storage. Moreover, the type of relief that Plaintiffs sought was retroactive in nature and barred by the Eleventh Amendment.

In their Motion to Amend, Plaintiffs ask this Court to reconsider its Plenary Opinion and Order under Federal Rule of Civil Procedure ("FRCP") 59(e) because Plaintiffs recently corresponded with the Federal Bureau of Investigation ("FBI") and United States Department of Justice ("DOJ") about opening a criminal investigation into organized hacking of American elections. Plaintiffs explain that they are advising the FBI and DOJ "of the question of the need to continue to store" the 2004 ballots and other documentation related to those ballots "for the purpose of further criminal investigation and/or prosecution of federal crimes." (Doc. 124.)

In response, the OSOS filed a "Motion for a Status Conference and Memorandum in Opposition to Plaintiffs' Motion to Alter or Amend." (Doc. 125.) The OSOS notes that Plaintiffs fail to raise any error they believe the Court made in arriving to its decision; rather, Plaintiffs only claim is that the Plenary Opinion and Order should be amended because of their

---

[1] Shortly after Plaintiffs filed their Amended Complaint on October 9, 2006, this Court entered an order, on September 7, 2006, directing that the Board of Elections for each of Ohio's 88 counties to preserve ballots from the 2004 presidential election. (Doc. 6.)

alleged conversations with the FBI and DOJ. The OSOS states that it has not received a subpoena from either of these law enforcement entities concerning the 2004 ballots. The OSOS has, nevertheless, not disposed of the ballots out of "an abundance of caution," but that it wishes to do so because the cost of storing the ballots is $980.00 per month.

Because this Court finds the reasoning in Plaintiffs' Motion to Amend unpersuasive for reasons explained further below, it is unnecessary for the Court to hold a status conference at this time, and the OSOS may proceed with disposal of the 2004 ballots.

## II. LAW AND ANALYSIS

FRCP 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." A motion for reconsideration made pursuant to FRCP 59(e) may be granted: (1) to correct a clear error of law; (2) to account for newly discovered evidence or an intervening change in the controlling law; or (3) to otherwise prevent manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). Evidence that is "newly discovered" must have been previously unavailable, *id.*, and a motion to reconsider may not be used to "raise new legal arguments that could have been raised before a judgment was issued," *Roger Miller Music, Inc. v. Sony/ATV Publ'g*, 477 F.3d 383, 395 (6th Cir. 2007) (citations omitted).

Plaintiffs do not point to any clear error of law in this Court's Plenary Opinion and Order, nor do they discuss newly discovered evidence or highlight an intervening change in the controlling law. The question becomes, then, whether this Court should grant Plaintiffs' Motion to Amend to prevent manifest injustice.

Plaintiffs have given this Court no reason to believe that manifest injustice will result from denying the Motion to Amend. Plaintiffs have simply informed this Court that they have

3

corresponded with the FBI and DOJ in an attempt to have the law enforcement entities *consider* conducting a criminal investigation related to organized hacking of American elections. Plaintiffs state that they plan on presenting "the question of the need to continue to store" the 2004 ballots and ballot-related materials to these two law enforcement agencies. The OSOS represents that it has not received a subpoena from either of these law enforcement entities concerning the ballots at issue in this case. Therefore, there is nothing on the record that indicates that the FBI or DOJ has an interest in preserving the 2004 ballots.

This Court will also note that Plaintiffs made similar arguments in their briefs filed in response to this Court's May 25, 2011 Order, asking the parties to brief issues related to the Eleventh Amendment, deposing the local Chamber of Commerce members, and 2004 ballots. (Doc. 118 at 18) ("In conjunction with proceeding with this case plaintiffs are in the process of setting up a briefing with the US Department of Justice concerning the witnesses and evidence of the civil rights and RICO violations gathered by the plaintiffs in connection with this case."); (*Id.* 118 at 22) ("Plaintiffs intend to submit the considerable RICO evidence to the FBI, Department of Justice and state special prosecutors."). A motion for reconsideration is not "properly grounded on a request that a court rethink a decision already made." *Beamer v. Bd. of Crawford Twp. Trustees*, No. 2:09-cv-213, 2010 WL 1253908, at *2 (S.D. Ohio Mar. 24, 2010) (citing *Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993)).

Plaintiffs have not offered any persuasive reasons why, under the law of this Circuit, this Court should grant their Motion to Amend.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Amend is **DENIED**.  The Ohio Secretary of State may proceed with disposal of the ballots from the 2004 presidential election in Ohio.

**IT IS SO ORDERED.**

<u> s/Algenon L. Marbley</u>
**ALGENON L. MARBLEY**
**United States District Court Judge**

**DATE: May 2, 2012**